**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR PIERCE COUNTY**

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>**DEMAND FOR JURY TRIAL**<br><br>[CLERK'S ACTION REQUIED] |

**COMES NOW** Plaintiffs, by through their attorneys Darrell L. Cochran, Andrew S. Ulmer, and Alexander G. Dietz of Pfau, Cochran, Vertetis & Amala, PLLC, and Joseph J.M. Lombino and Joseph M. Lombino of Lombino Martino, P.S., for causes of action against Defendants, and allege the following.

## I.    INTRODUCTION

1.1    <u>Nature of Case.</u>    This is a negligence, premises liability, and product defect action against Defendants Fred Meyer Stores, Inc. ("Fred Meyer"), The Kroger Co. ("Kroger"), and Gatekeeper Systems, Inc. ("Gatekeeper") for their failure to provide a safe

COMPLAINT FOR DAMAGES

1 of 10

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

retail store and retail equipment to Jean Lubken, who was a patron of the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

1.2     Defendants Fred Meyer and Kroger at all times relevant to this complaint were corporations engaged, among other things, in the business of operating a store located at 4505 S. 19th Street, Tacoma, Washington, 98405. Defendant Gatekeeper at all times relevant to this complaint was a corporation engaged, among other things, in the business of manufacturing an anti-theft wheel installed in shopping carts which causes the shopping cart to suddenly and abruptly lock up.

1.3     In connection with its business, Defendants Fred Meyer and Kroger supplied a shopping cart for use by customers in the above-mentioned store containing the anti-theft wheel manufactured by Defendant Gatekeeper.

1.4     On December 23, 2023, Plaintiff Jean Lubken patroned the Fred Meyer store in Tacoma, Washington, and used a shopping cart containing the anti-theft wheel manufactured by Defendant Gatekeeper. While pushing the shopping cart inside the store in aisle 86, suddenly and without warning, the anti-theft wheel locked up causing Jean Lubken to be catapulted and landing hard on the floor of the aisle.

1.5     The anti-theft device installed on the shopping cart was an unsafe hazard for customers like Jean Lubken. The ordinary user of the shopping cart would not anticipate the anti-theft wheel to suddenly and without warning lock in place while shopping in the middle of the store, away from store exits. This device, which serves the sole purpose of saving retailers like Fred Meyer and Kroger money by preventing the theft of a shopping cart, created an unsafe tripping hazard for patrons of the store. Defendants put their financial interests ahead of the risks that this device poses to ordinary users of the shopping carts. On information and belief, the device did not operate correctly by braking within the store aisle due to the failure of Defendants Fred Meyer and Kroger to safely install, maintain, inspect, and operate the device.

COMPLAINT FOR DAMAGES

2 of 10

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

On information and belief, the device was unsafe as manufactured, unsafe as designed, and unsafe because Defendants failed to supply adequate warnings for the product.

1.6    As a proximate cause of Defendants' acts and omissions, Plaintiff Jean Lubken suffered personal injuries.  Jean Lubken and William Lubken also suffered damage to the marital community and consortium damages.

## II.    PARTIES

2.1    At all times relevant hereto, Jean Lubken and William Lubken, husband and wife, were and have been residents of the State of Washington, residing in Tacoma, Washington, Pierce County.

2.2    At all times relevant hereto, Defendant Fred Meyer Stores, Inc. (hereinafter "Fred Meyer") is and has been an Ohio for-profit corporation with its principal place of business located in Ohio that operated the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

2.3    At all times relevant hereto, Defendant The Kroger Co. (hereinafter "Kroger") is and has been an Ohio for-profit corporation with its principal place of business located in Ohio that owns Fred Meyer Stores, Inc., which operated the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

2.4    At all times relevant hereto, Gatekeeper Systems, Inc. (hereinafter "Gatekeeper") is and has been a California for-profit company with its principal place of business located in California.  Gatekeeper manufactured and sold the anti-theft wheel that was used by Defendants Fred Meyer and Kroger in its store and which was used by Plaintiff Jean Lubken on December 23, 2023.  Gatekeeper conducted business in the state of Washington at all relevant times hereto.

## III.    JURISDICTION

3.1    Under article IV, section 6 of the Washington State Constitution, the Superior Court, Pierce County, has universal original jurisdiction over this lawsuit.

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

3.2 Jurisdiction is also proper under RCW 2.08.010.

3.3 Jurisdiction is also proper because the incident that forms the basis of this lawsuit occurred in Pierce County, Washington.

## IV. VENUE

4.1 Venue lies within Pierce County, Washington under RCW 4.12.020, which is the location of where the cause of action arose.

## V. FACTS

5.1 Defendants Fred Meyer and Kroger at all times relevant to this complaint were corporations engaged, among other things, in the business of operating a store located at 4505 S. 19th Street, Tacoma, Washington, 98405. Defendant Gatekeeper at all times relevant to this complaint was a corporation engaged, among other things, in the business of manufacturing an anti-theft wheel installed in shopping carts which causes the shopping cart to suddenly and abruptly lock up.

5.2 In connection with its business, Defendants Fred Meyer and Kroger supplied a shopping cart for use by customers in the above-mentioned store containing the anti-theft wheel manufactured by Defendant Gatekeeper.

5.3 On December 23, 2023, Plaintiff Jean Lubken patroned the Fred Meyer store in Tacoma, Washington, and used a shopping cart containing the anti-theft wheel manufactured by Defendant Gatekeeper. While pushing the shopping cart inside the store in aisle 86, suddenly and without warning, the anti-theft wheel locked up causing Jean Lubken to be thrown forward and land forcibly on the floor of the aisle.

5.4 The anti-theft device installed on the shopping cart was an unsafe hazard for customers like Jean Lubken. The ordinary user of the shopping cart would not anticipate the anti-theft wheel to suddenly and without warning lock in place while shopping in the middle of the store, away from store exits. This device, which serves the sole purpose of saving retailers like Fred Meyer and Kroger money by preventing the theft of a shopping cart, created an unsafe

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

tripping hazard for patrons of the store. Defendants put their financial interests ahead of the risks that this device poses to ordinary users of the shopping carts. On information and belief, the device did not operate correctly by braking within the store aisle due to the failure of Defendants to safely install, maintain, inspect, and operate the device. On information and belief, the device was unsafe as manufactured, unsafe as designed, and unsafe because Defendants failed to supply adequate warnings for the product.

5.5     As a proximate cause of Defendants' acts and omissions, Plaintiff Jean Lubken suffered personal injuries. Jean Lubken and William Lubken also suffered damage to the marital community and consortium damages.

5.6     Plaintiffs also incorporate the additional facts, allegations of fault and theories of liability uncovered in discovery.

## VI.     CAUSES OF ACTION

**A. Washington Common Law – Negligence, Gross Negligence, and Premises Liability**
**(As to Defendants)**

6.1     Plaintiffs re-alleges and incorporate herein the paragraphs set forth above and below.

6.2     Plaintiffs bring this claim for negligence, gross negligence, and premises liability against Defendants based on the safety failures and breakdowns that led to Jean Lubken's severe and preventable injuries.

6.3     Defendants owed a duty of care to Jean Lubken, its business invitee and customer, to provide a safe facility and equipment for retail use; provide instruction and supervision; ensure that proper safety precautions are taken prior to her fall; and provide proper inspection of the equipment. Defendants breached those duties owed to Jean Lubken by providing unsafe equipment which created an unreasonably hazardous condition within the retail store thereby causing Mrs. Lubken to sustain injuries.

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

6.4    Defendants Kroger and Fred Meyer, as the owners and operators of the retail store where Mrs. Lubken fell, owed her a duty to maintain a safe and usable premises. Defendants knew or should have known that the anti-theft device was dangerous in that it would unexpectedly lock, thereby creating an unreasonable risk of harm to invitees by serving as a sudden tripping hazard. Defendants knew or should have known that invitees like Mrs. Lubken would not discover or realize the dangers on the premises given that the device locks without warning or notice. Defendants breached their duty by having invitees use retail equipment – the shopping cart – which posed as an unexpected tripping hazard at the premises which caused Mrs. Lubken's injuries.

6.5    As a result of Defendants' negligence, gross negligence, and other acts and omissions, Plaintiffs has suffered significant damages, including medical expenses, general damages, and other damages in an amount to be proven at trial.

**B. Products Liability – RCW 7.72.030**
**(As to Defendant Gatekeeper)**

7.1    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

7.2    Defendant Gatekeeper designed, assembled, and thereby manufactured and distributed a defective product, the anti-lock device installed on the shopping cart used by Mrs. Lubken.

7.3    The anti-lock device was not reasonably safe as designed or manufactured or was not reasonably safe because adequate warnings or instructions were not provided.

7.4    The anti-lock device was defectively designed and unreasonably dangerous because, at the time of manufacture, the likelihood that the anti-lock device would cause Jean Lubken's harm or similar harms, and the seriousness of those harms, outweighed the burden on Gatekeeper to design a product that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the product's usefulness. Upon information and

COMPLAINT FOR DAMAGES

6 of 10

**PFAU COCHRAN**
**VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

belief, if Gatekeeper had used a higher quality product, such as the ones sold by competitors, Jean Lubken would never have been injured.

7.5 Given its defects, the anti-lock device was not reasonably safe because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. An ordinary consumer would not contemplate that the anti-lock device would suddenly lock in the middle of the retail store thereby creating a tripping hazard, even while not at the store exits.

7.6 Alternatively, Gatekeeper failed to exercise reasonable care in the manufacture and design of the anti-lock device.

7.7 Alternatively, Gatekeeper breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding the anti-lock device.

7.8 As a direct and proximate result of Gatekeeper's wrongful acts, Plaintiffs were injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at trial. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

**C. Products Liability – RCW 7.72.040**
**(As to Defendants Kroger and Fred Meyer)**

8.1 Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

8.2 Defendants Kroger and Fred Meyer quality as product sellers under the applicable statute as they are engaged in the business of leasing or bailing equipment used for business purposes within its retail store, including their shopping carts containing the anti-theft device.

8.3 The severe injuries Jean Lubken suffered were proximately caused by Defendants' negligence in maintaining, inspecting, repairing, and providing safe products, including but not limited to functional and safe shopping carts containing anti-theft devices.

COMPLAINT FOR DAMAGES

7 of 10

Patrons like Jean Lubken look to the entity leasing or bailing products, like Defendants, to inspect, maintain, select, and provide safe products for their customers, which Defendants failed to do.

8.4    Alternatively, the severe injuries Jean Lubken suffered were proximately caused by Defendants' breach of express warranties.

8.5    Alternatively, the severe injuries Jean Lubken suffered were proximately caused by Defendants' intentional misrepresentation of facts about the products it provided to Jean Lubken.

8.6    Alternatively, the severe injuries Jean Lubken suffered were proximately caused by Defendants' intentional concealment of information about the product it provided to her. Defendants failed to warn Jean Lubken that the shopping cart with the anti-theft device would suddenly and unexpectedly lock in place, thereby causing her fall.

8.7    As a direct and proximate result of Defendants' wrongful acts, Plaintiffs were severely injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at rail. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

**D. Washington Common Law – Loss of Consortium**
   **(As to All Defendants)**

9.1    Plaintiffs re-allege and incorporate herein the paragraphs set forth above and below.

9.2    As a direct and proximate cause of Defendants' negligence and tortious misconduct, Jean and William Lubken have suffered a continuing injury to the marital relationship, including the loss of emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from Mrs. Lubken.

COMPLAINT FOR DAMAGES

8 of 10

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## VII.    RESERVATION OF RIGHTS

10.1    Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VIII.    JURY DEMAND

11.1    Under the Washington State Civil Rules, Plaintiffs demand that this action be tried before a jury.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment against the Defendants for the following:

12.1    For special damages for medical treatment expenses, the expenses of medication, and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

12.2    For all general damages for pain and suffering, including physical and emotional, and loss of consortium, resulting from the acts complained of herein;

12.3    For such reasonable costs, attorney fees, prejudgment interest, treble damages, and exemplary damages allowed under law;

12.4    For injunctive relief under chapter 19.86 RCW; and

12.5    For such other and further relief as this Honorable Court determines just in the premises.

COMPLAINT FOR DAMAGES

9 of 10

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

SIGNED this 3rd day of September, 2024.

PFAU COCHRAN VERTETIS AMALA PLLC

By: ___ /s/ Darrell L. Cochran _____

        Darrell L. Cochran, WSBA No. 22851
        Andrew S. Ulmer, WSBA No. 51227
        Alexander G. Dietz, WSBA No. 54842


LOMBINO MARTINO, P.S.

By: ___ /s/ Joseph J.M. Lombino _____

        Joseph J.M. Lombino, WSBA No. 14745
        Joseph M. Lombino, WSBA No. 52156

COMPLAINT FOR DAMAGES

10 of 10

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654