UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community, <br><br> Plaintiffs, <br><br> vs. <br><br> FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington, <br><br> Defendants. | Case No.: 3:24-cv-05811-SKV <br><br> **DEFENDANT GATEKEEPER SYSTEMS, INC.'S ANSWER TO PLAINTIFFS JEAN LUBKEN AND WILLIAM LUBKEN'S COMPLAINT** |

Defendant, GATEKEEPER SYSTEMS, INC. ("Gatekeeper"), by and through the undersigned counsel of record, hereby responds to and answers Plaintiffs' Complaint as follows:

ANSWER OF DEFENDANT GATEKEEPER SYSTEMS, INC. TO PLAINTIFFS' COMPLAINT
- Page 1

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

## ANSWER TO PLAINTIFFS' COMPLAINT

### I.    INTRODUCTION

1.1    In response to Paragraph 1.1 of the Complaint, Gatekeeper admits this is a lawsuit, but denies plaintiffs' allegations that serve as plaintiffs' basis for the lawsuit.

1.2    In response to Paragraph 1.2 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.  Gatekeeper admits the allegations regarding Gatekeeper, but specifically denies that the anti-theft wheels cause shopping carts to "suddenly and abruptly lock-up."

1.3    In response to Paragraph 1.3 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

1.4    In response to Paragraph 1.4 of the Complaint, Gatekeeper denies the allegations.

1.5    In response to Paragraph 1.5 of the Complaint, Gatekeeper denies the allegations.

1.6    In response to Paragraph 1.6 of the Complaint, the allegations therein contain conclusions of law to which no response is required.  To the extent a response is required, Gatekeeper denies the allegations.

### II.    PARTIES

2.1    In response to Paragraph 2.1 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding plaintiffs Jean Lubken and William Lubken, and thus, denies the same.

2.2    In response to Paragraph 2.2 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendant Fred Meyer, and thus, denies the same.

2.3    In response to Paragraph 2.3 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendant Kroger, and thus, denies the same.

2.4    In response to Paragraph 2.4 of the Complaint, Gatekeeper denies that it is a

ANSWER OF DEFENDANT GATEKEEPER SYSTEMS, INC. TO PLAINTIFFS' COMPLAINT
- Page 2

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

California corporation, as it is incorporated in Deleware, but admits its principal place of business in in California. Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding the shopping cart and Jean Lubken's use of the shopping cart, and thus, denies the same. Gatekeeper admits that it conducted business in the State of Washington.

### III.    JURISDICTION

3.1     In response to the first Paragraph 3.1 of the Compliant, the allegations therein contain conclusions of law to which no response is required. To the extent a response is required, Gatekeeper admits the allegations.

3.2     In response to the first Paragraph 3.2 of the Compliant, the allegations therein contain conclusions of law to which no response is required. To the extent a response is required, Gatekeeper admits the allegations.

3.3     In response to the first Paragraph 3.3 of the Compliant, the allegations therein contain conclusions of law to which no response is required. To the extent a response is required, Gatekeeper admits the allegations.

### IV.    VENUE

4.1     In response to the first Paragraph 4.1 of the Compliant, the allegations therein contain conclusions of law to which no response is required. To the extent a response is required, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations, and thus, denies the same.

### V.    FACTS

5.1     In response to Paragraph 5.1 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same. Gatekeeper admits the allegations regarding Gatekeeper, but specifically denies that the anti-theft wheels cause shopping carts to "suddenly and abruptly lock-up."

5.2     In response to Paragraph 5.2 of the Complaint, Gatekeeper admits the allegations.

5.3     In response to Paragraph 5.3 of the Complaint, Gatekeeper lacks sufficient

ANSWER OF DEFENDANT GATEKEEPER
SYSTEMS, INC. TO PLAINTIFFS'
COMPLAINT
- Page 3

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

information with which to verify the truth or falsity of the allegations regarding Lubken's use of a shopping cart, and thus, denies the same. Gatekeeper denies the balance of the allegations.

5.4    In response to Paragraph 5.4 of the Complaint, Gatekeeper denies the allegations.

5.5    In response to Paragraph 5.5 of the Complaint, Gatekeeper denies the allegations.

5.6    Paragraph 5.6 of the Compliant contains no allegations and therefore no response is required. To the extent a response is required, Gatekeeper denies the same.

## VI.    CAUSES OF ACTION

**A.    Washington Common Law – Negligence, Gross Negligence, and Premises Liability**

**(As to Defendants)**

6.1    Paragraph 6.1 of the Compliant contains no allegations and therefore no response is required. To the extent a response is required, Gatekeeper denies the same.

6.2    In response to Paragraph 6.2 of the Complaint, Gatekeeper denies the allegations.

6.3    In response to Paragraph 6.3 of the Complaint, Gatekeeper denies the allegations.

6.4    In response to Paragraph 6.4 of the Complaint, Gatekeeper denies the allegations.

6.5    In response to Paragraph 6.5 of the Complaint, Gatekeeper denies the allegations.

**B.    Products Liability – RCW 7.72.030 (As to Defendant Gatekeeper)**

7.1    Paragraph 7.1 of the Compliant contains no allegations and therefore no response is required. To the extent a response is required, Gatekeeper denies the same.

7.2    In response to Paragraph 7.2 of the Complaint, Gatekeeper denies the allegations.

7.3    In response to Paragraph 7.3 of the Complaint, Gatekeeper denies the allegations.

7.4    In response to Paragraph 7.4 of the Complaint, Gatekeeper denies the allegations.

7.5    In response to Paragraph 7.5 of the Complaint, Gatekeeper denies the allegations.

7.6    In response to Paragraph 7.6 of the Complaint, Gatekeeper denies the allegations.

7.7    In response to Paragraph 7.7 of the Complaint, Gatekeeper denies the allegations.

7.8    In response to Paragraph 7.8 of the Complaint, Gatekeeper denies the allegations.

**C.    Products Liability – RCW 7.72.040 (As to Defendants Kroger and Fred Meyer)**

8.1    Paragraph 8.1 of the Compliant contains no allegations and therefore no response is required. To the extent a response is required, Gatekeeper denies the same.

ANSWER OF DEFENDANT GATEKEEPER
SYSTEMS, INC. TO PLAINTIFFS'
COMPLAINT
- Page 4

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

8.2    In response to Paragraph 8.2 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

8.3    In response to Paragraph 8.3 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

8.4    In response to Paragraph 8.4 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

8.5    In response to Paragraph 8.5 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

8.6    In response to Paragraph 8.6 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

8.7    In response to Paragraph 8.7 of the Complaint, Gatekeeper lacks sufficient information with which to verify the truth or falsity of the allegations regarding defendants Fred Meyer and Kroger, and thus, denies the same.

**D.    Washington Common Law – Loss of Consortium (As to All Defendants)**

9.1    Paragraph 7.1 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

9.2    In response to Paragraph 9.2 of the Complaint, Gatekeeper denies the allegations.

## VII.    RESERVATION OF RIGHTS

10.1    Paragraph 10.1 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

## VIII.  JURY DEMAND

11.1    Paragraph 11.1 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

ANSWER OF DEFENDANT GATEKEEPER
SYSTEMS, INC. TO PLAINTIFFS'
COMPLAINT
- Page 5

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

## IX.    PRAYER FOR RELIEF

12.1    Paragraph 12.1 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

12.2    Paragraph 12.2 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

12.3    Paragraph 12.3 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

12.4    Paragraph 12.4 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

12.5    Paragraph 12.5 of the Compliant contains no allegations and therefore no response is required.  To the extent a response is required, Gatekeeper denies the same.

## **AFFIRMATIVE DEFENSES**

By way of further answer and without waiving any allegations previously denied, Gatekeeper alleges the following affirmative defenses, which are asserted in good faith. Gatekeeper may amend or delete them as information becomes available during the discovery process.

1.1.    Plaintiffs' damages, if any, may have been caused in whole or in party by their own fault or the fault of their agents.

1.2.    Plaintiffs failed to mitigate their damages.

1.3.    Proximate cause, as to the nature and extent of Plaintiffs' alleged injuries and damages, is denied.

1.4.    Plaintiffs fail to state any claim against Gatekeeper upon which relief may be granted.

1.5.    Plaintiffs' damages, if any, are the result of acts, omissions, conditions, or fault of third persons over whom Gatekeeper had no control or right of control.

1.6.    Any damages sustained by plaintiffs were proximately caused by superseding, intervening, and/or unexpected acts or omissions, which bar plaintiffs' right to recovery against Gatekeeper.

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

1.7.    Plaintiffs are estopped from seeking any claims for damages or seeking any other relief whatsoever against Gatekeeper by their own acts or omissions.

1.8.    Plaintiffs have waived and/or released all claims, if any, against Gatekeeper by their own acts or omissions.

1.9.    To the extent that Plaintiffs seek indemnification and/or contribution from Gatekeeper for their alleged damages, such damages were caused in whole or in party by the acts of Plaintiff, co-defendants and/or other third parties, and Gatekeeper was in no way at fault.

1.10.    Plaintiffs failed to give Gatekeeper timely notice of the alleged injuries. Gatekeeper's rights, including the right to due process, have been violated as a result of the actions of Plaintiffs and/or third parties who have negligently, willfully, and/or recklessly destructed, significantly altered, and/or failed to preserve evidence critical to Gatekeeper's defense which offends the notion of fairness and justice.  Gatekeeper reserves the rights to seek all types of remedial relief as a result of said actions.

1.11.    Plaintiffs' damages, if any, are the result of plaintiffs' unclean hands, acting unjustly or in bad faith, which bar plaintiffs' right to recovery against Gatekeeper.

1.12.    Pursuant to the laws of Washington, Gatekeeper is entitled to an allocation of fault and a determination of the proportionate share of fault of all persons or entities, including plaintiff, causing damages for which this recovery is sought.

1.13.    Gatekeeper incorporates and asserts as if set forth herein all affirmative defenses asserted by other defendants in this matter.

1.14.    Gatekeeper expressly reserves its right to plead further answers, affirmative defenses, cross-claims and/or third-party claims as investigation and discovery may warrant.

## DEMAND FOR JURY TRIAL

Defendant Gatekeeper Systems, Inc. demands a trial by jury on all issues appropriate for jury determination.

## PRAYER FOR RELIEF

Wherefore, Defendant Gatekeeper Systems, Inc. prays for the following relief:

1.  For dismissal of Plaintiffs' Complaint, with prejudice;

ANSWER OF DEFENDANT GATEKEEPER SYSTEMS, INC. TO PLAINTIFFS' COMPLAINT
- Page 7

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

2.  For costs and disbursements herein;

3.  For judgment in Gatekeeper's' favor in an amount to be proven at trial; and,

4.      For such other and further relief as the Court deems just and equitable under the Federal Rules and/or Revised Code of Washington and the Civil Rules.


Dated this 18th of October, 2024          THE AGUILERA LAW GROUP, APLC

By: _____
Scott LaSalle, WSBA # 57862
1201 Pacific Ave., Suite 600
Tacoma, WA 98402
Telephone: (253) 356-8600
Facsimile: (253) 356-8610
slasalle@aguileragroup.com

*Attorneys for Defendant, GATEKEEPER SYSTEMS, INC.*

ANSWER OF DEFENDANT GATEKEEPER
SYSTEMS, INC. TO PLAINTIFFS'
COMPLAINT
- Page 8

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402