UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN,
husband and wife and their marital
community,

                                Plaintiffs,

        v.

FRED MEYER STORES, INC., an Ohio
corporation doing business in the State of
Washington; THE KROGER CO., an Ohio
corporation doing business in the State of
Washington; GATEKEEPER SYSTEMS,
INC., a California corporation doing
business in the State of Washington,

                                Defendants.

NO. 3:24-CV-05811-JCC

PLAINTIFFS' RESPONSE IN
OPPOSITION TO KROGER
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 1



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## I.    INTRODUCTION

This is a product defect case arising from serious bodily injuries which Jean Lubken sustained on December 23, 2023, while operating a defective shopping cart that had been modified with an "anti-theft" locking mechanism.  The modified carts are owned and operated by Defendants Fred Meyer Stores, Inc. and The Kroger Co. (hereinafter "Kroger Defendants") and the anti-theft locking mechanism is manufactured by Defendant Gatekeeper Systems, Inc.  On the date in question, Ms. Lubken was pushing the modified cart inside a Fred Meyer store located in Tacoma, Washington, when the device inexplicably locked up thereby becoming a tripping hazard and causing Ms. Lubken to fall.

Plaintiffs (and presumably Defendant Gatekeeper Systems, Inc.) have serious concerns over Kroger Defendants' failure to preserve essential evidence in the aftermath of Ms. Lubken's fall incident.  After the incident, Plaintiffs immediately requested to inspect the evidence but were denied access.  They obtained counsel shortly after the incident who served Kroger Defendants with a written request to preserve all evidence relating to Ms. Lubken's claim. Despite Kroger Defendants submitting a personal injury claim to their insurance carrier on the very same day as Ms. Lubken's fall incident, Kroger Defendants failed to preserve the subject cart involved in Ms. Lubken's accident and potentially failed to preserve video footage that depicted the fall and what Kroger Defendants did with the subject cart.

At issue in this motion is the scope of the premises inspection.  It is seemingly agreed that an inspection of the subject Fred Meyer establishment is appropriate, however Kroger Defendants contend that Plaintiffs should be prohibited from inspecting the security footage system within the store.  Plaintiffs anticipate the issue of spoliation being litigated in this case (and anticipate Defendant Gatekeeper Systems, Inc. raising similar issues with the Court) due

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 2



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to Kroger Defendants' failure to preserve evidence. Anticipating such motion practice, Plaintiffs must make all reasonable efforts to better understand Kroger Defendants' practices in maintaining its shopping carts the anti-theft technology installed in the subject Fred Meyer store. Additionally, as explained further below in this response memorandum, Plaintiffs' retail store expert explains that big box retail stores like Fred Meyer have security footage throughout the interiors of its stores which raises serious questions as to how it is possible that Fred Meyer had no footage of the fall incident or what its employees did with the subject shopping cart after Ms. Lubken's fall. To date, Fred Meyer only produced 3 video files that depict the two store entrances and one interior video that does not depict the fall incident or what its employees did with the subject cart. Plaintiffs have a right to inspect Kroger Defendant's security footage system to determine whether video footage is recorded in other areas of the retail store that were not preserved or produced by Kroger Defendants.

Accordingly, Plaintiffs respectfully request that the Court permit Plaintiffs to inspect the Fred Meyer store including its anti-theft technology that is manufactured by Gatekeeper Systems, Inc., the areas of the store where shopping carts are stored and maintained, and inspect the security footage system installed in the store. Plaintiffs' counsel had explained this to Kroger Defendants' counsel before the filing of this motion and offered to be flexible on the dates and times that worked for Kroger Defendants, yet Kroger Defendants did not agree as to the scope of Plaintiffs' desired inspection. Unfortunately, Court intervention became necessary.

//

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 3



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## II.   STATEMENT OF RELEVANT FACTS

On December 23, 2023, as Ms. Lubken was pushing a shopping cart inside a Fred Meyer store, the wheel of her shopping cart stopped abruptly, causing her to fall.[1]  The shopping carts at this store are modified with an anti-lock mechanism attached to a shopping cart wheel that is intended to prevent carts from being removed off the property.  On the day of the incident, as she was pushing the cart within the aisle of the store and nowhere near the locking sensors, Ms. Lubken experienced the cart wheel abruptly lock.[2]

One of the employees that responded to Ms. Lubken's fall was the home assistant manager named Angela Padilla.  Immediately after the fall incident, Ms. Padilla filled out an incident report with Ms. Lubken and submitted the claim to Sedgwick, Fred Meyer's insurance provider.[3]  Ms. Padilla wrote in the incident report to the insurance carrier that Ms. Lubken reported that the shopping cart wheel had locked up which caused her to be injured.[4]  Ms. Padilla had a phone conversation with Sedgwick insurance on the day of the incident.[5]  Ms. Padilla testified that the reason she filled out the incident report to send to the insurance carrier on the day of the incident was because litigation was anticipated as soon as the accident had occurred.[6]

Despite submitting an insurance claim immediately after the incident and that litigation was anticipated, Kroger Defendants failed to preserve the cart.  Ms. Padilla testified that the subject cart was located by Ms. Lubken when she located Ms. Lubken on the floor following

---

[1] Cochran Decl., Ex. 1 at 53:4-54:20.

[2] *Id*. at 76:1-24.

[3] Cochran Decl., Ex. 2 at 31:12-19, 53:10-56:1.

[4] *Id*. at 49:4-12.

[5] *Id*. 60:13-15.

[6] *Id*. at 93:14-94:2.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 4

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

her fall.[7]  Ms. Padilla testified that she was able to identify which cart was used during the incident.[8]  Additionally, in filling out the insurance claim with Sedgewick, Ms. Padilla answered "Yes" to the question, "Is there video of the actual incident?"[9]  However, when asked in her deposition why only 3 video tapes were produced in discovery – none of which depicting the fall incident or what Kroger Defendants did with the cart after the fall – Ms. Padilla claimed that she did not know what happened with the footage because "the world of loss prevention is a secretive world" and was unable to provide testimony about the camera system at the store.[10]

It defies credulity to believe that a big box retail store like Fred Meyer lacks any security footage of either the fall or what Kroger Defendatns' employees did with the subject cart. Plaintiffs retained Joseph Welsh as a retail store standard of care expert in this matter.[11]  Mr. Welsh has decades of experience in business and retail operations, including with loss prevention.[12]  Ms. Welsh explains that large retail operations have camera security systems that are large, robust, and cover the entire premises.[13]  He further explains that large retail stores contain cameras that capture all areas of the store, including the back dock area, behind the store, and the parking lot.[14]  Inexplicably, despite telling Sedgewick that video footage existed

---

[7] *Id*. at 49:13-23.

[8] *Id*. at 51:2-5.

[9] Cochran Decl., Ex. 3.

[10] Cochran Decl., Ex. 2 at 18:1-20:20.

[11] Welsh Decl., ¶ 2.  Plaintiffs note that Kroger Defendants raise an objection to the Rule 34 inspection because Plaintiffs have not disclosed the names of their expert witnesses.  This is an invalid legal argument, as Fed. R. Civ. P. 26(a)(2)(D) states that a party discloses their expert witnesses in accordance with the Court's scheduling order. This Court scheduled expert discovery (as well as all discovery in this matter) to be completed by May 18, 2026. Dkt. 21.  Plaintiffs anticipate disclosing their experts long in advance of this date, however this is not a basis for Kroger Defendants to evade a Rule 34 inspection.

[12] *Id*., ¶¶ 2-8.

[13] *Id*., ¶ 10.

[14] *Id*.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 5

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

of the fall, Kroger Defendants in this litigation have either withheld this footage or disposed of it.

Based on the issues arising from this case regarding Kroger Defendants' failure to preserve the subject cart, questions as to its maintenance of the anti-theft technology that was manufactured and sold by Gatekeeper Systems, Inc. to Kroger Defendants, and the missing video footage that the Fred Meyer store assistant manager referenced in her report to Sedgewick insurance on the date of the incident, Plaintiffs served Defendants with a notice of a Fed. R. Civ. P. 34 inspection that was tailored to these specific issues:

> NAME: Inspection of Fred Meyer (including the inside of the building, the parking lot, the shopping carts on property, and the video surveillance system)
>
> DATE: October 2, 2025
>
> TIME: 10:00am
>
> PLACE: Fred Meyer
> 4505 S 19th Street
> Tacoma, WA 98405
>
> Plaintiff intends to inspect the entire premises of the Fred Meyer store, including its parking lot, the interior, the shopping carts on the premises (including physically testing the carts), the Gatekeeper technology on the premises (including physically inspecting such technology), and the surveillance system on location (including the computer system and monitors using such security surveillance system). A photographic and videographic record of the inspection shall be made at the expense of the noting party.

Franco Decl., Ex. 2.

### III.    LEGAL AUTHORITY AND ARGUMENT

Kroger Defendants fail to meet their burden under Fed. R. Civ. P. 26(c) to explain the undue prejudice in Plaintiffs' inspection of its premises and security camera system both of which Plaintiffs are entitled to inspect in order to prove their case and, if necessary, to establish

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 6



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

that Kroger Defendants failed to preserve evidence such that a finding of spoliation is needed to cure to prejudice.

Fed. R. Civ. P. 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, "the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on any of several listed reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

A party asserting good cause bears the burden, for each particular item or piece of information it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Id.* (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting *Cipollone v. Liggett Group*, Inc., 785 F.2d 1108, 1121 (3d Cir.1986) (internal quotation marks omitted)); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D.Md.1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

Rule 34 allows a party to serve on another party a request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). In turn, Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

According to Fed. R. Civ. P. 34, requests for production, including requests for tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*. Fed. R. Civ. P. 34 requires that the request must describe the item to be inspected and must "specify a reasonable time, place, and manner of making the inspection and performing the related acts." Fed.R.Civ.P. 34(b).

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). The duty to preserve evidence is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation. *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011); See *Silvestri v. General Motors*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."); *Leon v. IDX Syss. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (finding that duty to preserve exists when party had "some notice that the documents were potentially relevant to the litigation before they were destroyed"); *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012). The party seeking a finding of spoliation has the burden of establishing the elements of a spoliation claim. *Reinsdorf*

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 8



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

*v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013); *Centrifugal Force, Inc. v. Softnet Communication, Inc.*, 783 F.Supp.2d 736, 740 (S.D.N.Y. 2011).

Here, Plaintiffs clearly have a need to inspect the Fred Meyer store where the incident occurred, the anti-theft technology present at the facility, and the security footage system. Contrary to Kroger Defendants' contentions, Plaintiffs very clearly detailed the particular tangible items that will be inspected in their Fed. R. Civ. P. 34 Notice. Plaintiffs further clarified the scope of the inspection during a discovery conference with counsel for Kroger Defendants. It is clear that the primary dispute is Kroger Defendants' desire to prevent Plaintiffs from inspecting its security footage system, likely because it will establish that Kroger Defendants indeed filmed the incident and what its employees did with the subject cart.

Plaintiffs have a clear need for getting to the bottom of what happened with the missing footage that was referenced in Fred Meyer's claim report to Sedgwick insurance. The actions of Kroger Defendants have put at issue its failure to preserve evidence and its handling of its video recordings. Accordingly, the Court should permit Plaintiffs' inspection as detailed in their notice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court allow Plaintiffs to inspect the items as outlined in Plaintiffs' Notice of Fed. R. Civ. P. 34 Inspection.

//

//

//

//

//

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 9



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Dated this 10th day of October, 2025.

I certify that this memorandum contains 2,378 words, in compliance with the Local Civil Rules.

PFAU COCHRAN VERTETIS AMALA PLLC

/s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 10

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Katie Hedger**, hereby declare under penalty of perjury under the laws of the United States that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@scheer.law; shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

DATED this 10th day of October, 2025.

/s/ Katie Hedger
Katie Hedger
Legal Assistant

PLAINTIFFS' RESPONSE IN OPPOSITION TO
KROGER DEFENDANTS' MOTION FOR
PROTECTIVE ORDER – Page 11



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654