UNITED STATES DISTRICT COURT

DISTRICT OF WASHINGTON

WESTERN DIVISION

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiff,

v.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

NO. 3:24-CV-05811-JCC

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**REPLY**

Plaintiffs' opposition confirms that a protective order is necessary. Despite Defendants' willingness to allow a reasonable inspection of the Tacoma Fred Meyer store, Plaintiffs insist on access to restricted security areas, including the surveillance viewing room and computer systems, and wish to bring an undisclosed expert to inspect them. Plaintiffs attempt to justify this by speculating about spoliation and by mischaracterizing Rule 34 as a license for open-ended discovery.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 1

The Federal Rules do not permit a party to convert a premises inspection into a fishing expedition or to use alleged spoliation concerns as a pretext to rummage through confidential systems. Plaintiffs' accusations are unsupported, their discovery request remains overbroad, and the relief they seek is disproportionate to any legitimate evidentiary need.

### A. *Plaintiffs' Spoliation Argument is a Distraction*

Plaintiffs dedicate much of their opposition to speculating that Defendants "failed to preserve" the shopping cart and video footage. Yet there is no pending motion for spoliation, and no competent evidence that any relevant evidence was destroyed.

Courts routinely reject attempts to bootstrap spoliation allegations into discovery expansions[1]. In fact, the Notes of the Advisory Committee on 2006 Amendments to Rule 34 expressly explain that Rule 34(a) is not meant to "create a routine right of direct access to a party's electronic information system" and advises that courts "guard against undue intrusiveness resulting from inspecting or testing such systems." Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations[2]. Discovery about the internal configuration of a retailer's security system is not "proportional to the needs of the case" merely because a party hopes to find something missing. Granting direct access to an adversary's databases is not warranted where the adversary has not destroyed or withheld relevant information[3]. Thus, courts have declined to find an automatic entitlement to access an adversary's database[4].

Plaintiffs' speculation that they "anticipate Defendant Gatekeeper Systems, Inc. raising similar issues with the Court" due to Defendants' alleged "failure to preserve evidence," is not only unfounded, but entirely inappropriate[5]. Gatekeeper Systems, Inc. has not raised any such allegation, and Plaintiffs are not entitled to speak on behalf of a separately represented party. This

---

[1] See, *SEC v. Strauss*, 2009 U.S. Dist. LEXIS 101227, at *33-36 (S.D.N.Y. Oct. 28, 2009) ("Speculative assertions of misconduct cannot justify broad discovery into privileged or confidential areas.").

[2] *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003).

[3] *Convolve, Inc. v. Compaq Comput. Corp.,* 223 F.R.D. 162 (S.D.N.Y. 2004).

[4] *Cummings v. GMC,* 365 F.3d 944 (10th Cir. 2004) (unduly burdensome to compel access to defendant automobile manufacturer's computer databases).

[5] Resp. at 2-3.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 2

kind of conjecture is improper and should play no role in determining the scope of discovery between Plaintiffs and the Kroger Defendants. Plaintiffs cannot purport to advance another defendant's position or create controversy where none exists. Such speculative and improper advocacy on behalf of another party should be discouraged by the Court. Counsel for Plaintiffs have no basis to represent Gatekeeper Systems' position, and such commentary only underscores Plaintiffs' tendency to rely on conjecture rather than evidence. The Court should disregard these statements as speculative and irrelevant to the present motion.

If Plaintiffs truly believe spoliation occurred, the proper procedure is a Rule 37(e) motion supported by evidence, not a demand to physically inspect Defendants' proprietary security system. Their accusations do not expand the scope of permissible discovery.

### B. *The Surveillance System and Viewing Area are Outside the Proper Scope of Rule 34*

Rule 34 allows inspection of property "to inspect, measure, photograph, test, or sample the property or any designated object." It does not grant carte blanche access to private computer systems, nor to areas implicating security protocols and customer privacy.

Courts limit such inspections to areas directly relevant to the incident[6]. Allowing access to Defendants' internal surveillance systems would reveal proprietary infrastructure, network configuration, and security coverage—information irrelevant to how Plaintiff's shopping cart allegedly malfunctioned.

Defendants have already produced the available video files and will produce any additional relevant footage if located. Plaintiffs' demand to "inspect the surveillance computer and monitors" is intrusive, burdensome, and unnecessary.

### C. *Plaintiffs' Misconstrue Rule 26(a)(2) and Disclosure Requirements*

Plaintiffs attempt to excuse their intent to bring an undisclosed expert by asserting that expert disclosures are not yet due under the Court's scheduling order. That argument misses the

---

[6] See *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904 (4th Cir. 1978); *Thomas v. IBM*, 48 F.3d 478 (10th Cir. 1995).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 3

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

point. Even if disclosures are not yet due, Defendants are entitled to know who will enter their private property and for what purpose.

Plaintiffs cannot circumvent Rule 26 by sending an unnamed expert with unknown qualifications and experience to conduct a private inspection of Defendants' security system. Such conduct would effectively permit undisclosed expert discovery before Rule 26(a)(2) disclosures—precisely what the protective order seeks to prevent.

**D.  *Plaintiffs' Mischaracterize the Testimony of Store Employee Angela Padilla***

In an attempt to mislead the Court, Plaintiffs' Opposition misrepresents the testimony of Fred Meyer assistant manager Angela Padilla. Plaintiffs assert that Ms. Padilla confirmed the existence of video footage that was not produced, but in fact, her testimony says no such thing.

Ms. Padilla was deposed solely as a factual witness to describe her personal knowledge of the incident and her completion of the incident report. Toward the beginning of her deposition, it was established on the record that she was testifying as a fact witness—not a corporate representative of her employer—and Plaintiffs represented this was also their understanding[7]. She expressly testified that she does not work in Loss Prevention, has no responsibility for or access to the store's surveillance system, and does not know what footage is recorded or retained[8]. She explained that "the world of loss prevention is a secretive world," noting that employees are observed alongside customers, so even store management is not informed about the details of camera coverage[9], and confirmed that "that's an LP question—they're the ones that monitor the cameras[10]."

Nowhere in her testimony did she state or imply that any video footage existed but was withheld. Plaintiffs' characterization is therefore inaccurate and misleading and should be disregarded in evaluating the scope of inspection.

---

[7] Padilla Dep. 18:7–18 (Ex. A to Ahbra Franco Suppl. Decl.).
[8] Padilla Dep. 17:1–8 (Ex. A to Ahbra Franco Suppl. Decl.).
[9] Padilla Dep. 19:6–9 (Ex. A to Ahbra Franco Suppl. Decl.).
[10] Padilla Dep. 17:6–8 (Ex. A to Ahbra Franco Suppl. Decl.).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 4

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

### E. *Plaintiffs' Request is a Fishing Expedition, not a Legitimate Inspection*

Plaintiffs' own brief confirms that they seek to use CR 34 "to get to the bottom of what happened with the missing footage[11]." That admission reveals their intent: to probe for evidence of alleged misconduct, not to inspect the physical conditions relevant to the incident. Rule 34 does not authorize discovery designed merely to "see what else might be there[12]." Plaintiffs' requests cast a much wider net, encompassing much information irrelevant to the incident in which injury allegedly occurred, of a potentially personal nature, or protected by attorney-client privilege[13]. Courts routinely prohibit inspections under such circumstances, especially when they risk exposure of confidential information or security systems[14].

### F. *Defendants Continue to Act in Good Faith and Provide Reasonable Alternatives*

During the September 5, 2025, meet-and-confer, Defendants agreed to accommodate Plaintiffs' scheduling requests and to permit a site inspection of the relevant store areas and shopping carts. The only dispute concerned Plaintiffs' insistence on entering restricted areas and inspecting surveillance hardware. Defendants remain willing to:

1. Permit inspection of the store area where the incident allegedly occurred; and

2. Allow inspection of a reasonable sample of carts and Gatekeeper components.

These alternatives provide all relevant evidence without compromising proprietary security information or operational safety. Plaintiffs' refusal to accept these reasonable terms confirms the necessity of Court intervention.

//

//

---

[11] Resp. at 8.

[12] See *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (Rule 34 "was never intended to permit a blind fishing expedition").

[13] See Fed. R. Civ. P. 26(c)(1); *Herbert v. Lando*, 441 U.S. 153, 99 S. Ct. 1635 (1979); *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly"); Manual for Complex Litigation § 11.443, at 75 (encouraging courts to "forbid sweeping requests" and to "direct counsel to frame requests for production of the fewest documents possible").

[14] See *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003); *Convolve, Inc. v. Compaq Comput. Corp.,* 223 F.R.D. 162 (S.D.N.Y. 2004); *Cummings v. GMC,* 365 F.3d 944 (10th Cir. 2004).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 5

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

**CONCLUSION**

Plaintiffs' Opposition rests on speculation, not evidence. Their proposed inspection far exceeds the bounds of Rule 26 and Rule 34, threatens disclosure of confidential systems, and would set an unworkable precedent for intruding into retail security operations.

Defendants respectfully request that the Court grant the Motion for Protective Order and:

1.    Limit any inspection to the public areas of the store relevant to the incident;

2.    Prohibit access to the surveillance viewing room, computer system, or any restricted areas;

3.    Require prior identification and disclosure of all persons attending the inspection; and

4.    Order such other relief as is just and appropriate.

DATED this 16th day of October 2025.

SCHEER.LAW PLLC

*/s/ Jennifer L. Crow*
*/s/ Ahbra Franco*
Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Ahbra Franco, WSBA No. 60860
ahbraf@scheer.law
Attorneys for Defendants Fred Meyer
Stores, Inc., and The Kroger Co.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 6

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS | |
|---|---|---|
| **CO/ Plaintiffs**<br>Darrell L. Cochran<br>Andrew S. Ulmer<br>Alexander G. Dietz<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>aulmer@pcvalaw.com<br>adietz@pcvalaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | |
| **CO/ Plaintiffs**<br>Joseph J.M. Lombino<br>Joseph M. Lombino<br>Lombino Martino PS<br>9315 Gravelly Lake Drive SW, Suite 201<br>Lakewood, WA 98499<br>j.lombino@lombinomartino.com<br>joey.lombino@lombinomartino.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | |
| **CO/ Defendant Gatekeeper System, Inc.**<br>Scott LaSalle<br>Juana Huber<br>The Aguilera Law Group, APLC<br>100 N. Howard Street #6703<br>Spokane, WA 99201<br>slasalle@aguileragroup.com<br>jhuber@aguileragroup.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via E-Service**<br>☐ **Via Process Server** | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 7

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

DATED this 16th day of October 2025 at Seattle, Washington.

/s/ Schuyler Todd
Schuyler Todd, Legal Assistant
schuylert@scheer.law

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER – PAGE 8

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070