THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEAN LUBKEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRED MEYER STORES, INC., *et al.*, <br><br> Defendants. | CASE NO. C24-5811-JCC <br><br> ORDER |

This matter comes before the Court on Defendants Fred Meyers Stores, Inc. and The Kroger Co.'s (collectively "Defendants") motion for a protective order (Dkt. No. 17). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

This is a slip and fall case. Plaintiff alleges she fell while shopping at Defendants' premises when a shopping cart's security device malfunctioned. (*See generally* Dkt. No. 1.) Defendants bring the instant motion in response to Plaintiff's Rule 34 inspection notice where Plaintiff seeks to inspect the store, including its video surveillance system. (Dkt. No. 18-2.) Defendants contend that an inspection of secure areas would be disruptive, burdensome, and not likely to lead to relevant information. (*See generally* Dkt. No. 17.) They seek a protection order consistent with this assertion. (*See* Dkt. No. 17-1)

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

On a motion for a protective order, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).[1] The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

Here, Defendants fail to establish that the inspection of secure areas, as described in Plaintiff's Rule 34 notice, (Dkt. No. 18-2), would be disruptive, burdensome, or unlikely to lead to relevant information.

Accordingly, the Court DENIES Defendants' motion (Dkt. No. 17).

DATED this 17th day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002).