# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiffs,

vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

NO. 3:24-CV-05811-JCC

**PLAINTIFFS' MOTION TO COMPEL RULE 34 INSPECTION, SUPPLEMENTAL DISCOVERY RESPONSES, AND FOR SANCTIONS**

**NOTED FOR HEARING: MARCH 3, 2026**

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

# I.    INTRODUCTION

As this Court knows from prior discovery motion practice, this is a product defect case arising from serious bodily injuries which Plaintiff Jean Lubken sustained on December 23, 2023, while operating a defective shopping cart that had been modified with an "anti-theft" locking mechanism.  The modified carts are owned and operated by Defendants Fred Meyer Stores, Inc. and The Kroger Co. (hereinafter "Kroger Defendants") and the anti-theft locking mechanism is manufactured by Defendant Gatekeeper Systems, Inc.  On the date in question, Ms. Lubken was pushing the modified cart inside a Fred Meyer store located in Tacoma, Washington, when the device inexplicably locked up thereby becoming a tripping hazard and causing Ms. Lubken to fall.

Based on the issues arising from this case regarding Kroger Defendants' failure to preserve the subject cart, questions as to its maintenance of the anti-theft technology that was manufactured and sold by Gatekeeper Systems, Inc. to Kroger Defendants, and the missing video footage that the Fred Meyer store assistant manager referenced in her report to Sedgewick insurance on the date of the incident, Plaintiffs served Defendant Fred Meyer with a notice of a Fed. R. Civ. P. 34 inspection that was tailored to these specific issues.  This original Rule 34 inspection notice was served nearly six months ago on August 22, 2025.

On October 2, 2025, Kroger Defendants brought a Motion for a Protective Order seeking to prevent Plaintiffs from inspecting areas of the store relevant to their claims.  Dkt. 17.  In that motion, Kroger argued that the inspection would negatively impact Defendant's flow of operations at the chain retail store.  This Court rejected those arguments and denied Kroger Defendants' motion in its entirety on October 17, 2025.  Dkt. 27.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 1 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Despite this Court's ruling denying the motion which sought to prevent Plaintiffs' inspection based on vague allegations that such an inspection would somehow impact the business inside a large chain retail store, Kroger Defendants have continued to ignore its discovery obligations as well as this Court's order by unilaterally canceling a previously scheduled inspection and now once again demanding to impose the same conditions on Plaintiffs' inspection that this Court already rejected.

Following this Court's order denying Kroger's motion, the parties scheduled an inspection on December 10, 2025. Seven days before the scheduled inspection, after Plaintiffs had already booked two experts to travel from out-of-state, Kroger Defendants unilaterally cancelled the inspection due to other business obligations. Kroger Defendants ignored Plaintiffs' requests that Kroger compensate Plaintiffs for the nonrefundable expert costs incurred due to Kroger's actions. After the inspection was rescheduled to February 16, 2026, Kroger Defendants once again constructively cancelled the inspection by arguing that Plaintiffs would be prohibited from accessing the premises during business hours from 6 am to 10 pm. Given that the subject inspection would require several hours, this effectively left Plaintiffs with performing a midnight inspection. This is patently unreasonable particularly where this Court already rejected Kroger's insistence of the inspection not taking place during its business hours.

Kroger Defendant's misconduct is not limited to cancelling multiple inspections, defying this Court's order, or refusing to pay for expert expenses incurred due to the belated unilateral cancellation of an inspection. Kroger Defendants have outright refused to supplement their deficient discovery responses even where Kroger has provided absolutely no substantive responses nor sought a protective order with this Court to justify its refusal to comply with

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 2  |  No. 3:24-CV-05811-JCC



discovery. Kroger Defendants' refusal to produce supplemental discovery responses to Plaintiffs comes after previously agreeing to produce supplementation by a date certain nearly two months ago. Plaintiffs requested supplemental responses on November 14, 2025. Plaintiffs initially requested supplementation by November 26, 2025 but agreed to opposing counsel's proposal to extend the deadline to December 3, 2025. Despite this extension, opposing counsel did not adhere to their own deadline. In a Rule 26(i) conference on December 8, 2025, Defense counsel represented that they would provide supplemental responses by December 15, 2025. Kroger Defendants have since notified Plaintiffs that after months of promising supplementation, they changed their mind and will not be supplementing their discovery.

Kroger Defendants' continued disregard for the rules of discovery have caused significant delays in Plaintiffs' ability to advance this case as well as wasted expert costs. These behaviors have obstructed the discovery process, added needless expenses, and will jeopardize the current case schedule. Without Court intervention, these behaviors are likely to continue to the detriment of the spirit of cooperation that is supposed to underline civil discovery. Plaintiffs respectfully request that the Court compel Kroger Defendants to comply with Fed. R. Civ. P. 34 and permit Plaintiffs to inspect its store on March 30, 2026, beginning at 8 a.m.. Plaintiffs also request that the Court order Kroger Defendants to fully supplement their deficient discovery responses within 7 days of this Court entering an order. Lastly, Plaintiffs request that the Court award Plaintiffs with the expert costs incurred as a result of the first unilaterally cancelled inspection, as well as Plaintiffs' attorneys' fees and costs for bringing this motion.

//

//

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 3  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## II.    RELEVANT FACTS

### A.    Context Regarding Plaintiff Jean Lubken's Fall Incident

On December 23, 2023, Ms. Lubken was pushing a shopping cart inside a Fred Meyer store when the wheel of her shopping cart stopped abruptly, causing her to fall.[1]  The shopping carts at this store are modified with an anti-lock mechanism attached to a shopping cart wheel that is intended to prevent carts from being removed off the property.  On the day of the incident, as she was pushing the cart within the aisle of the store and nowhere near the locking sensors, Ms. Lubken experienced the cart's wheel abruptly lock.[2]

Home assistant manager Angela Padilla responded to Ms. Lubken's fall.  Immediately after the fall incident, Ms. Padilla filled out an incident report with Ms. Lubken and submitted the claim to Sedgwick, Fred Meyer's insurance provider.[3] Ms. Padilla wrote in the incident report to the insurance carrier that Ms. Lubken reported that the shopping cart's wheel had locked up which caused her to be injured.[4]    Ms. Padilla had a phone conversation with Sedgwick insurance on the day of the incident.[5] Ms. Padilla testified that the reason she filled out the incident report to send to the insurance carrier on the day of the incident was because litigation was anticipated as soon as the accident occurred.[6]

Despite submitting an insurance claim immediately after the incident and that litigation was anticipated, Kroger Defendants failed to preserve the cart.  Ms. Padilla testified that the

[1] Ulmer Decl., at Ex. 1 at 53:4-54:20.

[2] *Id*. at 76:1-24.

[3] Ulmer Decl. at Ex. 3.

[4] *Id.*

[5] Ulmer Decl., at Ex 2 at 53:10-15.

[6] *Id*. at 93:13-94:2.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 4  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

subject cart was located by Ms. Lubken when she located Ms. Lubken on the floor following her fall.[7]  Ms. Padilla also testified that she was able to identify which cart was used during the incident.[8]  Additionally, in filling out the insurance claim with Sedgewick, Ms. Padilla answered "Yes" to the question, "Is there video of the actual incident?"[9]  However, when asked in her deposition why only 3 video tapes were produced in discovery – none of which depict the fall incident or what Kroger Defendants did with the cart after the fall – Ms. Padilla claimed that she did not know what happened with the footage because "the world of loss prevention is a secretive world" and was unable to provide testimony about the camera system at the store.[10]

Based on the issues arising from this case regarding Kroger Defendants' failure to preserve the subject cart, questions as to its maintenance of the anti-theft technology that was manufactured and sold by Gatekeeper Systems, Inc. to Kroger Defendants, and the missing video footage that the Fred Meyer store assistant manager referenced in her report to Sedgewick insurance on the date of the incident, Plaintiffs served Defendants with a notice of a Fed. R. Civ. P. 34 inspection that was tailored to these specific issues.[11]

**B.    Procedural History Regarding Plaintiffs' Efforts to Obtain Discovery**

Defendant Fred Meyer brought a Motion for a Protective Order seeking to prevent Plaintiffs from inspecting areas of the store relevant to their claims. Dkt 17. In that motion, Defendant claimed that Plaintiffs' request was improperly burdensome and abusive, and argued that the inspection would negatively impact Defendant's flow of operations at the store.

---

[7] *Id.* at 49:13-23.

[8] *Id.* at 51:2-5.

[9] Ulmer Decl., at Ex 3 at 4.

[10] Ulmer Decl., at Ex. 2 at 18:1-20:20.

[11] Ulmer Decl., at Ex 4.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 5 | No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Defendant's motion was denied by this Court.  Dkt 27.

Despite this Court's ruling denying the Protective Order, Defendant has continued to prevent the CR 34 inspection from moving forward.  On November 4, 2025, after the Defendant's motion was denied by this court, Plaintiffs served an amended notice of a CR 34 inspection of Fred Meyer to take place on December 10, 2025.[12]  Defendant unilaterally cancelled this inspection just days prior to the inspection.[13]  When Plaintiff again attempted to schedule the inspection for February 16, 2026, Defendant Fred Meyer asserted that a site inspection could only be conducted between the hours of 10pm and 6am.[14]  When Plaintiffs' counsel informed Defendant that an inspection outside of business hours would not be possible and attempted to gain clarity on how conducting the site inspection while the store is open would interfere with business operations, Defendant responded by threatening to file yet another motion for a protective order.[15]

Further, Defendant Fred Meyer has refused to produce supplemental discovery responses to Plaintiffs despite agreeing to produce nearly two months ago.[16]  Plaintiffs served interrogatories and requests for information on Defendant Fred Meyer on January 8, 2025.  Defendant Fred Meyer responded on March 8, 2025, with nonresponsive form objections to Plaintiffs' interrogatories, produced only sixteen documents, and responded that it was reserving the right to supplement.[17]  Plaintiffs requested supplemental responses on November

---

[12] Ulmer Decl., at Ex 5.

[13] Ulmer Decl., at Ex 12.

[14] Ulmer Decl., at Ex 6.

[15] *Id*.

[16] *Id.*

[17] Ulmer Decl., at Ex 7.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 6  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

14, 2025, and outlined in a detailed letter why each of Kroger Defendants' discovery requests were deficient.[18]  Plaintiffs specifically requested, *inter alia*: evidence supporting Defendants' affirmative defenses and assertion that Gatekeeper is responsible for the injuries sustained by Ms. Lubken; evidence regarding the maintenance of the subject product; information regarding prior complaints of inoperable Anti-Theft Devices; and identification of all individuals and entities that inspected or repaired Defendants' shopping carts installed with the Anti-Theft Devices.[19]

Plaintiffs initially requested supplementation by November 26, 2025 but agreed to opposing counsel's proposal to extend the deadline to December 3, 2025.[20]  Despite this extension, Defendant did not adhere to their own deadline.[21]  In a 26(i) conference on December 8, 2025, Defense counsel represented that they would provide supplemental responses by December 15, 2025.[22]  This was later proven false as Kroger Defendants' counsel notified Plaintiffs on December 17, 2025, that Kroger Defendants would not be supplementing their discovery responses.[23]

### C.    Financial losses resulting from Kroger Defendants' Discovery Misconduct

Plaintiffs retained two out-of-state experts to come to Washington to perform the Rule 34 inspection.  One of the experts is Sean S. Kohles, Ph.D., who is a bioengineer with

---

[18] Ulmer Decl., at Ex 8.

[19] *Id*.

[20] Ulmer Decl., at Ex 6.

[21] *Id.*

[22] *Id.*

[23] Ulmer Decl., Ex. 9.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 7  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

experience and training in mechanical engineering.[24]  Dr. Kohles has inspected work-place incidents associated with consumer product failures before and has done site inspections like the one planned for this case.[25]  He estimates that he will require 4 hours to conduct a thorough evaluation of the grocery store cart system, evaluate the environmental factors of Ms. Lubken's fall, and inspect the theft prevention technologies.[26]  He estimate that some of his testing protocols will include the following measurements contributing to a mechanical work and energy analysis:

      a.   Exemplar small and large cart weights using a compression scale having capacity 180kg/400lb +/- 100g/0.5lb (Newline);

      b.   Rolling and fixed wheel versus floor friction coefficients with a tensile scale having capacity 50g to 50kg (Heeta);

      c.   Cart velocities and stopping distances with a high-resolution velocity "radar gun" sensor (Stalker Sport Pro3).[27]

Based on his review of security footage produced in this case, he finds that the subject location, the Fred Meyer store, is a large, big box retail store with two entrances/exits and that the inspection and testing he plans to conduct will have minimal impact on the retail business operations of the Fred Meyer.[28]  Given the four hour estimate for the inspection, Dr. Kohles finds that conducting the inspection outside of business hours would require the parties and

---

[24] Kohles Decl., ¶ 2.

[25] Kohles Decl., ¶ 3.

[26] Id.

[27] *Id*.

[28] Kohles Decl., ¶ 4.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 8  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

experts to be performing the inspection at midnight.[29] Dr. Kohles states that this would not be reasonable given that his anticipated test will pose negligible impact on the store retail operations.[30]

The parties previously scheduled an inspection on December 10, 2025, in Tacoma, Washington.[31] Dr. Kohles resides outside of Washington and had to schedule his personal and work commitments around an out-of-state inspection.[32] Counsel for Fred Meyer cancelled the inspection seven days before the inspection.[33] Per Dr. Kohles' cancellation policy, cancellations for case-related appointments such as depositions and trial testimony within seven days of the appointment require a 50% non-refundable payment.[34] Dr. Kohles' invoice for the cancelled December inspection was provided to Kroger Defendants for a total of $4,000.[35] The invoice was not paid by Kroger. Per Dr. Kohles' fee schedule, the monthly compounding interest of 1.5% applied to the original December 3, 2025 invoice bringing the total required payment as of today's date to $4,120.90.[36] Kroger should pay for this expense given that this charge was incurred as a result of the company's unilateral cancellation of a Rule 34 inspection.

Plaintiffs' counsel has also incurred attorneys' fees in having to bring this motion to compel Kroger Defendants to comply with their discovery obligations to supplement discovery and to permit inspection of their facility as required under Rule 34. The undersigned counsel,

---

[29] Kohles Decl., ¶ 5.

[30] *Id.*

[31] Kohles Decl., ¶ 6.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] Kohles Decl., ¶ 7.

[36] *Id.*

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 9 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Andrew S. Ulmer, who has nearly a decade of legal experience and is a law partner of the Pfau Cochran Vertetis Amala PLLC law firm, has spent five hours in drafting this motion and compiling evidence to support the motion.[37]  Back on November 6, 2024, United States District Judge Jamal N. Whitehead approved Mr. Ulmer's hourly rate of $600 per hour.[38]  As explained in detail in the supporting affidavit, Mr. Ulmer's hourly rate has since increased to $800 per hour.[39]  This rate is consistent with the prevailing rate for a plaintiff lawyer in this region with Mr. Ulmer's level of experience in trying complex civil cases, including wrongful death and product defect cases.[40]  Accordingly, Plaintiffs have incurred $4,000 in attorney's fees in bringing this motion.[41]

### III.    EVIDENCE RELIED UPON

This Motion relies upon the Declaration of Andrew Ulmer (Ulmer Decl.), Declaration of Sean S. Kohles, Ph.D. ("Kohles Decl."), as well as the records already on file.

### IV. LEGAL ARGUMENT

**A.    Defendant Fred Meyer Intentionally Thwarted Plaintiff's Attempts to Conduct a Federal Rule 34 Site Inspection and Should be Sanctioned.**

Federal Rule 34 allows a party to serve upon another party a request for inspection of any designated tangible thing.  FRCP 34 (a)(1)(B).  FRCP 34 does not allow a party in control of requested items or property to make any conditions on the inspection of those items.  A request for inspection "shall specify a **reasonable time**, place and manner of making the

---

[37] Ulmer Decl., ¶ 18.

[38] Ulmer Decl., ¶ 15, Exs. 13-15.

[39] Ulmer Decl., ¶¶ 15-18.

[40] Ulmer Decl., ¶ 17.

[41] Ulmer Decl., ¶ 18.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 10  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

inspection." A party who is served Notice of a Rule 34 inspection may serve objections to the notice or file for a protective order if it deems one necessary. As a discovery device, the Court may control Rule 34 inspections with Rule 37 sanctions.

Plaintiffs requested to inspect Defendant Fred Meyer's premises at 9:00am. Kroger Defendants' objection to Plaintiffs request and demand to schedule the inspection well outside reasonable working hours without rationale as to how Plaintiffs' inspection would interfere with the store's operation, after this Court already ruled on this issue, was improper. Rather than propose a reasonable time frame for inspection, Kroger Defendants have unilaterally prevented Plaintiffs from conducting their inspection as ordered by this Court by frivolously creating scheduling issues.

Defendants' objection that a 9:00am inspection is unreasonable, without justification, while simultaneously refusing to allow Plaintiffs to move forward with the inspection unless it is conducted in the middle of the night is a clear effort to prevent the inspection from moving forward just as Kroger Defendants have done in the past now for over six months. Kroger Defendants have already made its arguments when it sought a protective order and this Court already made its position clear. Nevertheless, Kroger Defendants continue to make baseless objections without justification to delay this case and unfairly prejudice Plaintiffs from conducting discovery. As explained in the supporting evidence, a midnight Rule 34 inspection is not reasonable. This Court should compel Kroger Defendants to permit an inspection on March 30, 2026, to commence at 8 am PST and to permit such an inspection during business hours.

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 11 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**B.**     **Kroger Defendants Acted in Bad Faith by Refusing to Adhere to its Own Deadlines in Providing Supplemental Responses**

"The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matters that could bear on any issue that is or may be raised in a case." *McArthur v. Rock Woodfired Pizza & Spirits,* 318 F.R.D. 136, 143 (W.D. Wash. 2016). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr., 884 F.3d 1218, 1219 (9th Cir. 2018).* FRCP 37, however, enables a party propounding discovery requests to bring a motion to compel responses when cooperation breaks down.

FRCP 37(a)(3)(B). FRCP 33(b)(4) and 34(b)(2)(B) require a party to state objections to discovery requests with specificity. The party resisting discovery "bear[s] the burden of clarifying, explaining, and supporting its objections." *K.S. ex rel. Isserlis v. Ambassador Programs, Inc*., No. CV-08-243- RMP, 2010 WL 1568391, at *3 (E.D. Wash. Apr. 14, 2010) (citing *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir.1975)). "Boilerplate objections are presumptively insufficient." *K.S.*, 2010 WL 1568391, at *3; see also *Best v. BNSF Ry. Co.*, No. CV-06-172RHW, 2008 WL 149137, at *5 (E.D. Wash. Jan. 10, 2008) (striking non-specific, boilerplate objections).

Moreover, objections to requests for production "must state whether any responsive materials are being withheld on the basis of that objection" and [an] objection to part of a request must specify the part and permit inspection of the rest." FRCP 34(b)(2)(c). Indeed, the rule was amended in 2015 to make this information mandatory. *Nei v. Travelers Home & Marine Ins. Co.*, No. CV 17-137-M-DWM, 2018 WL 3586276, at *2 (D. Mont. July 26, 2018). Failure to

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 12  |  No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

comply with this requirement alone is grounds to find objections insufficient, as the failure to clarify the existence of responsive materials thwarts the Court's ability to assess the merits of objections and discovery requests, such as relevancy and proportionality issues. *Nei*, 2018 WL 3586276, at *2.

Under Rule 26(e), a party that has responded to a discovery request must supplement or its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Discovery requests seeking evidence supporting a party's contention, legal claim, or affirmative defense are permissible. "Under Federal Rule of Civil Procedure 33, 'an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.'" *WATM LLC v. Payment All. Int'l, Inc.*, No. 2:24-CV-00405-JHC, 2025 WL 1736609, at *5 (W.D. Wash. June 23, 2025) (citing Fed. R. Civ. P. 33(a)(2); *see also S.E.C. v. Berry*, No. C07-04431 RMW HRL, 2011 WL 2441706, at *2 (N.D. Cal. June 15, 2011) ("Rule 33 of the Federal Rules of Civil Procedure governs contention interrogatories which seek to discover the factual basis for allegations in a complaint.") (internal quotation omitted). Courts have permitted discovery requests seeking production of evidence supporting a party's contention in a legal matter. See *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (permitting the defendant's interrogatories that request the plaintiff "to discuss and explain the nature of the contentions she makes in the Second Amended Complaint and, further, asks [the plaintiff] to give detailed information regarding the

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 13 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

factual bases for her contentions"); see also *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (noting that "contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded") (citing *McCormick–Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991)).

Here, Kroger Defendants failed to respond to Plaintiffs' discovery requests. In failing to respond and to support its objections, Kroger Defendants also failed to timely move for a protective order as required under the Federal Rules. *See United States v. International Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978)("ordinarily the [protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later") (emphasis added). See also *Lexington Ins. Co. v. Swanson,* 2006 WL 3474185, at *2 (W.D. Wash. 2006).

Kroger Defendants responded to Plaintiffs' interrogatories and requests for production on March 17, 2025. These responses overwhelmingly consist of nonresponsive form objections, attempts to blame co-defendant Gatekeeper Systems, Inc, and reservations of right to supplement. Despite nearly a year having passed since Kroger Defendants' initial responses and multiple promises to supplement since, Defendants have produced no supplementary responses to Plaintiffs' interrogatories and produced only one additional document in response to Plaintiffs' requests for production. Defendants have repeatedly failed to adhere to their own deadlines and continue to withhold plainly discoverable material relevant to Plaintiffs' claims. Defendants have acted in bad faith by engaging in discovery gamesmanship and withholding responsive documents it is required to supplement in violation of Rule 26(e).

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS



Page 14  |  No. 3:24-CV-05811-JCC

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

As outlined above, Kroger Defendants' responses to Plaintiffs' interrogatories and requests for production were non-responsive and evasive. Because Kroger Defendants have failed to provide written discovery responses complying with the rules, Plaintiffs respectfully request that the Court strike Kroger Defendants' objections and order supplemented, complete responses within seven days of the entry of an order.

**C.    Kroger Defendants Should Pay for the Fees and Costs Incurred by Plaintiffs**

Fed. R. Civ. P. 37(a0(5)(A) provides:

(5) Payment of Expenses; Protective Orders.

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

>> (iii) other circumstances make an award of expenses unjust.

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).  A "district court has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 15  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

(9th Cir.1996).

Plaintiffs request reasonable attorney fees and costs associated with bringing this motion under FRCP 37(a)(5)(A).  Kroger Defendants' refusal to supplement discovery was not justified nor did they move for a protective order to justify their withholding of evidence.  The expenses incurred by Plaintiffs to compel Kroger Defendants to comply with a Rule 34 inspection includes expert fees which were incurred purely because of Kroger Defendants' unilateral cancellation of a Rule 34 inspection, which was again done without leave of the Court.  Plaintiffs therefore request that Kroger Defendants pay $4,000 in attorney's fees incurred to bring this motion plus $4,120.90 for Dr. Kohles' invoice for the cancelled inspection.

### V.   CONCLUSION

For the foregoing reasons, Plaintiffs request the Court grant Plaintiffs' Motion to Compel a Rule 34 site inspection of Fred Meyer to occur on March 30, 2026, at 8:00 am, order Defendants to fully supplement their responses to Plaintiffs' interrogatories and requests for production, and grant Plaintiffs $8,120.90 as outlined herein.

RESPECTFULLY SUBMITTED this 10th day of February, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 4,196 words in compliance with the Local Rules.*

By

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 16  |  No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Katie Hedger,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law;          ahbraf@scheer.law;          josephm@sheer.law;
shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 10th day of February, 2026.

/s/ Katie Hedger
Katie Hedger
Legal Assistant

PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS

Page 17 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654