UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

                              Plaintiff,

v.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

                              Defendants.

NO. 3:24-CV-05811-JCC

DECLARATION OF ANDREW S. ULMER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 34 INSPECTION, SUPPLEMENTAL DISCOVERY RESPONSES, AND FOR SANCTIONS

DECLARATION OF ANDREW S. ULMER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 34 INSPECTION, SUPPLEMENTAL DISCOVERY RESPONSES, AND FOR SANCTIONS – PAGE 1

**PFAU COCHRAN VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

I, **ANDREW S. ULMER**, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.        I am over the age of 18, competent to testify as to the matters stated herein and make this declaration based on my personal knowledge. I am an attorney of record for the Plaintiffs in this matter.

2.        Attached as **Exhibit 1** is a true and correct copy of relevant excerpts of the deposition of Plaintiff Jean Lubken dated July 8, 2025.

3.        Attached as **Exhibit 2** is a true and correct copy of relevant excerpts of the deposition of Angela Padilla dated July 23, 2025.

4.        Attached as **Exhibit 3** is a true and correct copy of the claim report submitted by Kroger Defendants to Sedgwick dated December 23, 2023.

5.        Attached as **Exhibit 4** is a true and correct copy of Plaintiffs' Notice of CR 34 Inspection of Fred Meyer dated August 22, 2025.

6.        Attached as **Exhibit 5** is a true and correct copy of Plaintiffs' Amended Notice of CR 34 Inspection of Fred Meyer dated November 4, 2025.

7.        Attached as **Exhibit 6** is a true and correct copy of an email chain between Plaintiffs' counsel and Defense counsel dated between November 14, 2024 and January 22, 2026.

8.        Attached as **Exhibit 7** is a true and correct copy of Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Fred Meyer and Defendant's answers and responses thereto dated March 17, 2025.

9.        Attached as **Exhibit 8** is a true and correct copy of Plaintiffs' request for supplementation of discovery responses dated November 14, 2025.

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 2

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

10.    Attached as **Exhibit 9** is a true and correct copy of an email from counsel for Kroger Defendants dated December 17, 2025, indicating that Kroger Defendants will not be supplementing their discovery responses.

11.    Attached as **Exhibit 10** is a true and correct copy of an email to counsel for Kroger Defendants providing an invoice for Dr. Sean Kohles.

12.    Attached as **Exhibit 11** is a true and correct copy of the invoice for Dr. Sean Kohles.

13.    Attached as **Exhibit 12** is a true and correct copy of an email from counsel for Kroger Defendants dated December 3, 2025, unilaterally cancelling the December 10, 2025 site inspection.

14.    I have held Rule 26(i) phone conferences with counsel for Kroger Defendants to discuss the discovery requests at issue in this motion.  Based on Kroger Defendants' refusal to supplement discovery or permit an inspection during reasonable hours, motion practice was necessitated.

15.    On November 6, 2024, United States District Judge Jamal N. Whitehead approved my request for attorney fees in *O.H., et al. v. Secret Harbor*, W.D. Wash. Cause No. 2:23-cv-00060-JNW.  Attached as **Exhibits 13, 14, and 15** are the following: my motion for fees; a declaration in support of my fee rate of $600 per hour; and an order granting this rate and billable time.  As provided in these documents, my rate of $600 per hour was approved by Judge Whitehead as of November 6, 2024.  My hourly rate has since increased to $800 per hour.

16.    I have nearly a decade of experience as a licensed attorney and am a law partner at Pfau Cochran Vertetis Amala PLLC.  I graduated from University of Washington School of

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 3

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Law in 2016.  Following law school, I worked as an attorney for a general practice civil litigation firm for approximately one year before serving for approximately three years as a law clerk for King County Superior Court Judge Catherine Shaffer.  I joined Pfau Cochran in 2019.  I have been selected to Thomas Reuters Washington Super Lawyers Rising Stars every year since 2022. During his time at Pfau Cochran, I have worked on complex litigation involving catastrophic injury or death, sexual abuse, product liability, class actions and general serious personal injuries. I have tried many complex civil cases, including multiple cases that went to jury verdict in both federal and state courts and have first-chair experience in trial.  Some representative cases include the following:

a. *Madeleine Garza v. National Railroad Passenger Corporation d/b/a Amtrak*, W.D. Wash. No. 3:18-cv-05106-BHS, $4,500,000 jury verdict in a train derailment civil case.

b. *Sara Bachman-Rhodes v. Cheney School District*, Spokane County Cause No. 21-2-02187-32, $3,000,000 jury verdict in a childhood sex abuse case against a school district, as well as a fee and cost award post-verdict for over $400,000.

c. *M.S., et al v. State of Washington*, Thurston County Cause No. 19-2-06192-34, $16,950,000 settlement after an eight-week jury trial in a childhood sexual abuse case involving a state-licensed group home.

d. *Than Orn et. al v. City of Tacoma et. al.*, W.D. Wash. No. 3:13-cv-05974, $8,000,000 settlement after a seven-day jury trial in an officer involved shooting case.

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 4

**PFAU COCHRAN**
**VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

e.    *Michael Vandivere, et al v. C3 Manufacturing*, King County No. 19-2-27385-2, $6,000,000 total settlement during trial in a product defect case, and secured $287,527.17 in sanctions against the former counsel for the defendant manufacturer for discovery violations. This sanctions award was affirmed on appeal by the Court of Appeals of Washington, Division I. *Vandivere v. Vertical World, Inc.*, 33 Wn. App. 2d 1017 (2024) (*unpublished*).

f.    *Estate of Wallace, et al v. Washington State Department of Corrections*, King County Cause No. 24-2-10781-9 SEA, $5,000,000 total settlement after an eight-day jury trial in a parole supervision case.

g.    *T.V. v. State of Washington*, Pierce County Superior Court Cause No. 21-2-06819-9, $1,500,000 settlement after an eleven-day jury trial in a childhood abuse case involving a state-licensed group home.

h.    *C.B. v. Black Hills Football Club, et al.*, Thurston County Cause No. 18-2-02416-34, $7,500,000 settlement in a case involving coach-player abuse in a youth soccer organization.

i.    *R.K. et al v. Kiwanis International et. al*, Pierce County Cause No. 18-2-13370-5, $6,000,000 settlement in a case against a nonprofit that sponsored a group home.

j.    *T.M. v. United States Bowling Congress*, et al., King County Cause No. 18-2-56563-4 SEA, $6,000,000 settlement in a case involving coach-player abuse.

k.    *S.K. et al v. Secret Harbor et. al*, Skagit County Cause No. 22-2-00252-29, $10,000,000 settlement in a case involving childhood abuse in a group home.

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 5



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

l.    *J.S. et al v. Secret Harbor et. al*, Skagit County Cause No. 18-2-01384-29, $4,000,000 settlement in a case involving childhood abuse in a group home.

m.    *Maria Joyner v. Aberdeen School District No. 5, et. al.*, Snohomish County Cause No. 19-2-01675-31, $2,000,000 settlement in a case against a school district involving teacher-student abuse allegations.

n.    *J.L. v. United States Bowling Congress, Inc. et. al*, King County Cause No. 19-2-15185-4, $750,000 settlement in a case involving coach-player sexual harassment.

o.    *Mary Sanchez v. Aberdeen School District No. 5, et al.*, W.D. Wash. No. 3:21-cv-05236-RAJ, $750,000 settlement in a case involving teacher-student harassment claims.

17.    Since November 6, 2024, my hourly rate has increased to $800, reflecting the prevailing rate for an attorney in this region with my level of experience. In setting this hourly rate, my firm consulted with attorneys with national reputations, experience and practices like ours. We determined that the rates we charge are reasonable for attorneys of our experience, reputation and expertise and are consistent with the prevailing market rates for attorneys of comparable levels of expertise and reputation at Seattle-Tacoma area law firms that practice in complex litigation.

18.    I have spent five hours total in drafting Plaintiffs' motion to compel and compiling evidence to support the motion. Per my hourly rate of $800, the total fee for bringing this motion is $4,000.

//

//

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 6



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED this 10th day of February, 2026, in Tacoma, Washington.

By: _____
ANDREW S. ULMER, WSBA No. 51227

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, Katie Hedger, hereby declare under penalty of perjury under the laws of the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I placed for service the foregoing via ECF by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@sheer.law; shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 10th day of February, 2026.

/s/ Katie Hedger
Katie Hedger
Legal Assistant

DECLARATION OF ANDREW S. ULMER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL RULE 34
INSPECTION, SUPPLEMENTAL DISCOVERY
RESPONSES, AND FOR SANCTIONS – PAGE 8



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

# EXHIBIT 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON


JEAN LUBKEN and WILLIAM LUBKEN, )
husband and wife and their      )
marital community,              )
                                )
                                )
          Plaintiffs,           )
                                ) CASE No.
                                ) 3:24-cv-05811-SKV
      vs.                       )
                                )
                                )
                                )
FRED MEYER STORES, INC., etc.,  )
et al.,                         )
                                )
                                )
          Defendants.           )
_____)


     Remote Deposition via Zoom videoconference of

JEAN LUBKEN, taken on behalf of Defendant Gatekeeper

Systems, Inc., at University Place, Washington,

commencing at 10:04 a.m., Tuesday, July 8, 2025, before

Marivon H. Christine, CSR No. 3735.

**Abrams, Mah & Kahn**                                    1

Q   So you were still looking for the hand mixer aisle; correct?

A   Yes.

Q   And at some point I understand from your interrogatory responses that the cart stopped; correct?          11:39

A   Abruptly.

Q   What happened when the cart stopped abruptly?

A   When the cart stopped, I continued my motion forward, and it pushed me back because it just -- just because it had stopped.          11:39

So at that point my right foot heel interacted with the cart, and it caused me then to fall to the right side to the floor onto my right side into the side aisle.

Q   Okay.  So when the cart stopped, was it your impression that it had stopped at one of the wheels in          11:40 the front or the back or it was all together the whole thing?

A   I'm not a person who's designed to know about shopping carts, but I know that that cart stopped on the spot, and I was jolted.          11:40

Q   Okay.  So it just stopped on the spot, and then you were continuing forward, and you bumped into the handle of the cart?

A   Well, I still had my hands on the cart so that part was attached.  The part I was saying to you about my          11:40

right shoe is that in taking that step forward it was to the right side of the right back wheel, and then I became involved in the fall.

Q    Okay.  Let me make sure I understand exactly what happened here.                                                                              11:41

Earlier you said when the cart stopped, it pushed you back.

A    Yes.

Q    Okay.  Was that you pushing into the back of the cart or did the cart actually push you backward into your                                    11:41
stride?

A    Okay.  Let's construct this.

I'm holding on to the cart.  I'm walking in a normal pace.  The cart blocks.  My body motion continues, and then when it stopped, my body motion reversed.  Still                                 11:41
holding on to the cart, my right foot proceeded forward, and on the right-hand side of the right back wheel is where the contact with the cart was made, and that is at that point I fell to the right-hand side onto the side aisle.                                                                             11:42

Q    Okay.  How many steps did you take after the cart stopped?

A    Counting steps was certainly not on my mind.  It was a reflex action that it was, as far as I can recall, the only one before the fall transpired.                                             11:42

right shoe is that in taking that step forward it was to the right side of the right back wheel, and then I became involved in the fall.

Q   Okay.  Let me make sure I understand exactly what happened here.                                                  11:41

Earlier you said when the cart stopped, it pushed you back.

A   Yes.

Q   Okay.  Was that you pushing into the back of the cart or did the cart actually push you backward into your                11:41 stride?

A   Okay.  Let's construct this.

I'm holding on to the cart.  I'm walking in a normal pace.  The cart blocks.  My body motion continues, and then when it stopped, my body motion reversed.  Still     11:41 holding on to the cart, my right foot proceeded forward, and on the right-hand side of the right back wheel is where the contact with the cart was made, and that is at that point I fell to the right-hand side onto the side aisle.                                                            11:42

Q   Okay.  How many steps did you take after the cart stopped?

A   Counting steps was certainly not on my mind.  It was a reflex action that it was, as far as I can recall, the only one before the fall transpired.                      11:42

for?

Q    For you to answer.

So other than you experiencing that the cart halted are you aware of any other information that the cart in any way malfunctioned?

MR. ULMER:  Same objection.

Go ahead.

THE WITNESS:  And when we say that, who is to go ahead?

BY MR. LaSALLE:

Q    You.

A    Okay.  That's where I was confused.

What?  The cart did malfunction.  The cart did halt.  The cart did lock.

Q    Other than the cart halting what caused you to believe that the cart malfunctioned?

A    Because it locked, and I couldn't move it, and then I had the following fall.

Q    You said you couldn't move the cart?

A    Yes.

Q    So the cart halted and then you subsequently tried to move it?

A    The cart locked.  As I said before I was pushing the cart forward and it locked.

Q    Right.  The cart came to a halt?

# EXHIBIT 2

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

_____

JEAN LUBKEN and WILLIAM          )
LUBKEN, husband and wife         )
and their marital                )
community,                       )   No. 3:24-CV-05811-JCC
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
FRED MEYER STORES, INC., an      )
Ohio corporation doing           )
business in the State of         )
Washington; THE KROGER CO.,      )
an Ohio corporation doing        )
business in the State of         )
Washington; GATEKEEPER           )
SYSTEMS, INC., a California       )
corporation doing business       )
In the State of Washington,      )
                                 )
          Defendants.            )
_____

VIDEOCONFERENCE VIDEOTAPED DEPOSITION

UPON ORAL EXAMINATION OF

ANGELA PADILLA

_____

Taken at 909 "A" Street, Suite 700

Tacoma, Washington

DATE TAKEN:   JULY 23, 2025

REPORTED BY:  LAURA L. OHMAN, RPR, CCR 3186

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                          Angela Padilla

Page 18

Q.   Okay.  And so I understand sometimes as a way to discourage theft, you create the appearance to the customer that they're being recorded, and so at Fred Meyer in December of 2023, do you remember certain screens that showed customers on camera but footage was not being recorded?

MS. FRANCO:  Objection to form.

I just want to remind you she's here in her personal capacity.  She's not --

MR. ULMER:  Understood.

MS. FRANCO:  Okay.  I just --

BY MR. ULMER:

Q.   Your knowledge.  I understand you don't --

MS. FRANCO:  Yeah.

BY MR. ULMER:

Q.   -- work in LP.

MS. FRANCO:  I just wanted to state for the record.  Thank you.

THE WITNESS:  As far as I know, those aren't recorded.

BY MR. ULMER:

Q.   I asked just because I got -- I received in this case three security tapes from three different security cameras as far as I understand them.

There were other cameras depicting customers

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                                      Angela Padilla

Page 19

that I did not receive footage for, and I'm wondering, to the extent you know, if footage was not reported from some of the cameras that were showing customers their face on camera.

A.   Yeah, I -- so the world of loss prevention is a secretive world because not only are they watching customers, they're also watching employees.  So you don't know when they arrive.  You don't know when they leave.  You know, you don't know what they're watching.

Q.   Understood.  My question was --

A.   Or what they're -- or what they're recording, I should say.

Q.   Okay.  Who in December of 2023 was sort of running the loss prevention, if you remember?

A.   I think it was Alex at the time.

Q.   What was the last name for him?

A.   I know it, but I can't quite remember it, and it's really hard to pronounce.  He's there now.

Q.   Okay.

A.   He's the one there.

Q.   Does Fred Meyer have its own internal loss prevention department, or do they contract with a third party security company?

          MS. FRANCO:  Object to form.

BY MR. ULMER:

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                        Angela Padilla

Page 20

Q.   To the extent you know.

A.   They have their own.

Q.   Okay.  And to be clear, occasionally counsel will object.  Unless you're instructed not to answer, you can go ahead and answer once the objection is made.

My question was just to the extent you know if, you know, a third party company like Allied Security was hired by Fred Meyer to track security footage or operate security.

Do you remember if there was some other company --

A.   No.

Q.   -- at that time in December of 2023?

A.   No.

Q.   Okay.

A.   They hire out, but they're not even allowed to see anything.

Q.   Okay.

A.   But it is only loss prevention that is Fred Meyer.

Q.   All right.  So I'm going to play some footage. I have a note to myself on where to start.

All right.  So we're going to look at Exhibit 5. I'm going to take us to timestamp 1:45 p.m.

(Exhibit No. 5 marked.)

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                                    Angela Padilla

Page 31

that's for categories of records.

Have you seen this document before?

A.   This one?

Q.   Yeah.

A.   Yeah.  I was served with it.

Q.   Okay.  And it asks for categories of things, documents, footage, et cetera.

Do you know if you personally have any responsive documents or footage or photos that relate to the three topics listed in Exhibit A?

A.   I do not.

Q.   Okay.  We received a number of documents and videos in this case produced by counsel for Fred Meyer.

Did you yourself play a role in obtaining things to produce in this case?

A.   The only thing that I did was at the time of the incident, I had the customer fill out the paperwork, and then I sent it into our insurance, Sedgwick.  That is -- and then left the part for the video with the LP.

Q.   And you're -- correct me if I'm wrong, you're not exactly certain who the employee working LP was on that day?  You think it's Alex?

A.   Alex is the manager for the LP.  I don't believe there was anyone working that day.  At least when I called, no one answered, but that doesn't always mean.

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 49

Q.   And do you know if any of those cameras had the footage recorded?

A.   I do not.

Q.   Okay.  And so you go and you meet Jean, and she's on the floor.

What do you remember about what she was first telling you?

A.   She said that her cart locked up.  I do remember reading this, that she said it fell on her.  Again, I asked her if she could get up.  That was -- that's basically what she told me, that her cart locked up and she fell and the cart fell on her.

Q.   At the -- at the point where you contact -- where you met her, did -- was the cart nearby?

A.   It was.

Q.   Meaning, was she near the cart, or did she move away from it?

A.   I don't -- I remember the cart was standing there, but -- and she was sitting on the ground.  Where the cart was specifically, it was somewhere off -- I don't remember exactly the location, but it was I would say more towards me as I walked up to the aisle to the left-hand side.  She was sitting on the right-hand side.

Q.   When you were speaking with her and kind of understanding from her what had happened, did she point

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 50

at the cart?

A.   I don't recall that.

Q.   In speaking with her, though, did you identify where -- which cart she had used?

A.   Yes.

Q.   Okay.  Do you remember if it was the normal-size cart or the smaller one?

A.   Small.

Q.   Both the normal sized and smaller carts have the antitheft wheel on it; correct?

A.   Yes, they do.

Q.   All carts have the antitheft wheel?

A.   That's what we strive for.

Q.   Okay.  The cart that Jean had used had the antitheft wheel?

A.   I -- I don't recall if I looked at the wheels. To be quite honest, it's a small cart.  I got kind of a chuckle out of that it's a tiny cart that it fell. Not -- okay.  That didn't come out correct at all.  Boy. It's not a heavy cart, so that was like I got -- and it was standing up when I got there, and so I didn't know if it had been on her, and so I'm kind of that person that questions, was that cart really on her?  It's not that heavy, but I don't remember if the wheels -- I assume they're locked up.  The wheels will also get

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 51

stuff caught in them and then it makes them slow down.

Q. Okay. And so the -- when you -- at some point when you're talking with Jean, you were able to identify which cart she had been using; right?

A. Yes.

Q. Okay. And do you know if before -- and, again, you were the first employee that had spoken to her?

A. Yes.

Q. Do you --

A. No.

Q. Do you --

A. She --

Q. Who else, to your knowledge, spoke to her after she fell but before you talked to her?

A. The person that radioed me. I believe somebody walked by the aisle, she waved them down. If I remember correctly, that person told someone with a walkie-talkie, Hey, there's someone down, and then they radioed me.

Q. Do you know if the -- well, let me -- let me ask this: Do you know if the person that had been the first to put a dispatch on the radio, if they had spoken to Jean?

A. I believe -- I don't believe they were the ones that spoke to her. If I remember correctly, somebody

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 52

walked by, and it could have been another customer. Somebody walked by, but they're not the one that radioed me because then they went and told someone, and that's who radioed me, and so most likely, it was the person who was up at U-scan is probably because they couldn't go, so they radioed. That's what -- that's kind of what I was thinking. That's why it seems familiar.

Q. So you didn't witness it, and you -- you know, so you don't personally have, you know, have seen it, but your understanding is a customer saw Jean and then told an employee who then sent the dispatch on the radio?

A. Yes.

Q. Okay. And so, again, when you were meeting with Jean, what do you remember her saying about how the fall happened?

A. She -- what she stated was she was walking, the wheel locked up, and she fell on her hip, and that the cart had fallen on top of her.

Q. When you went to see Jean, the cart was standing?

A. Yes.

Q. Okay. Do you know who had lifted it back onto its top?

A. I don't recall that.

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                                    Angela Padilla

Page 53

Q.   Okay.  Jean was sitting on the floor with her back to the aisle, or how would you describe the position she was in?

A.   She was sitting like this with her back to the aisle.

Q.   Do you -- what do you remember her saying to you about what she was feeling?  If she said anything, what do you remember about that?

A.   I don't specifically recall.

Q.   Okay.  I'm going back to page 1 of Exhibit 1.

We see under claimant name, we see caller name, Angela Padilla.

Do you know if on that day you were the only person who spoke with a Sedgwick representative?

A.   Yes.

Q.   And the caller phone number there, is that the number to the store?

A.   Yes, it is.

Q.   Okay.  It says, "Client Number 1978."

Do you know what that means?

A.   I do not.

Q.   Okay.  And do you know if that is Kroger is the client or Fred Meyer is the client, if that's the client number for the purposes --

MS. FRANCO:  Object to form.

Lubken v. Fred Meyer Stores, Inc.                                    Angela Padilla

Page 54

BY MR. ULMER:

Q.    -- of Kroger, if you know?

A.    I do not know.

Q.    Okay.  Loss date, it happened in Washington; right?

A.    Yes.

Q.    Under here, it says, "Check for duplicate claim."

Loss date, Saturday December 23, 2023, that's the date that the incident happened on; right?

A.    Yes.

Q.    Lost time is reported at 1:55 p.m.

To your memory, does that seem roughly about the time it happened?

A.    I remember it was in the afternoon.

Q.    Okay.  It says reported by phone, and so that's you calling in the claim?

A.    Yes.

Q.    It says, "Reporter type:  Store manager."

That's Sedgwick's description of your title, you were the assistant home manager; correct?

A.    Yes.

Q.    Okay.  Yeah, it says, "Location:  Look up Contract No. 1978.  Client:  The Kroger Company.  Unit name:  Tacoma, Stevens address, 4050 South 19th."

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 55

That's the address for that Fred Meyer store; correct?

A.   Yes.

Q.   Okay.  Turning the page.

Under "Reporter information," it identifies you as the home store manager; correct?

A.   Yes.

Q.   Down under there at the last line of page 2 of Exhibit 1, it says, "Loss description:  The customer was pushing cart when the wheel locked," next page up, "causing the customer to fall.  The customer fell on her right hip and the cart fell on top of the customer.  The customer has pain in her right hip joint, neck, and right hand.  It is unknown if the customer sustained any injuries.  The customer did not seek medical treatment."

Do you recall if this summary was something that you wrote that Sedgwick put in this claim form?

A.   Yes.

Q.   Okay.  As the summary is described, does this seem like a summary you wrote?

A.   Yes.

Q.   Okay.  And so in the summary, it says, "Customer has pain in her right hip joint, neck, and right hand."

Do you know if those are the -- if that was a description that Jean shared with you?

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 56

A.    Yes, actually, I do remember that.

Q.    Okay.  Do you remember if Jean mentioned if she could stand or if she communicated if standing was difficult?  What do you remember --

A.    She --

Q.    -- about that?

A.    That's why I got her the chair.  She did say that -- I don't recall if she said she couldn't stand or if it was difficult.  It was somewhere along those, Well, okay, let's get you a chair.

Q.    Do you remember if Ken was the one that got the chair?

A.    It was Ken that got the chair.

Q.    Where did the chair come from?  Was it in the office or in the back?

A.    Furniture pad.

Q.    Okay.  It's a computer chair with wheels?

A.    No.

Q.    Okay.

A.    I don't think it was.  It might have been one of the desk chairs.  I know it came from the furniture pad, and it could have been -- I don't recall.

Q.    When you say "furniture pad," is there a section where --

A.    We sell furniture.

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 60

same day; correct?

A.   Yes.

Q.   It says, "Time reported to Sedgwick:  5:16 p.m."

Do you know if that's the time that -- or let me ask this instead:  What time do you remember faxing the incident report that you filled in -- or if you don't remember the specific time, you know, how long after you had filled it out that you faxed it?

A.   I don't recall, but something like that, if I can't get to it right away to call them, because it does take a little bit to talk to them, then I'll do it right before I leave, so... (Pause.)

Q.   When you made the call to Sedgwick, was this after Jean had left?

A.   Yes.

Q.   Okay.  And so the loss time was reported at 1:15 p.m., and you said there had been interactions with Jean, and she was there for approximately 20 or so minutes?

A.   (Witness nods head.)

Q.   Would you say it was about half an hour from when she fell to when she's getting picked up by her husband?

A.   I would say it was probably around a half an hour.

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 93

Meyer about whether anyone knew if the cart worked or not that Jean had used?

MS. FRANCO:  Object to form.

THE WITNESS:  No.

MR. ULMER:  Okay.  I'm going to go off record for two minutes.

THE VIDEOGRAPHER:  Going off the record at 11:33.

(A break was taken from

11:33 a.m. to 11:35 a.m.)

THE VIDEOGRAPHER:  We're back on the record at 11:35.

BY MR. ULMER:

Q.  The purpose of filing the incident report to the carrier is, you know, in the -- in anticipation of possible litigation relating to an injury claim; right?

MS. FRANCO:  Object to form.

THE WITNESS:  I'm sorry.  I missed the whole question.

BY MR. ULMER:

Q.  That's fair.

A.  I'm... (Pause.)

Q.  The reason for notifying Sedgwick of the personal injury claim is anticipation of possible litigation; right?

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

Lubken v. Fred Meyer Stores, Inc.                    Angela Padilla

Page 94

MS. FRANCO:  Same objection to form.

THE WITNESS:  Yes.

BY MR. ULMER:

Q.  Okay.  Those are all the questions from me. Thank you.  Some of the other attorneys, including the computer attorney may have a question.

MS. FRANCO:  You just made the comment the computer is going to do questions.

MR. ULMER:  She's not AI.  She's real.

MS. FRANCO:  She's a computer attorney actually.

THE COURT REPORTER:  Before we go off record, do you have any questions?

MS. FRANCO:  I will have a few.

THE COURT REPORTER:  Okay.

MS. FRANCO:  Just a few.

MR. ULMER:  Brittney might have questions. Go ahead, Brittney.

MS. RODRIGUEZ:  I don't have any questions. Thank you.

MS. FRANCO:  All right.

E X A M I N A T I O N

BY MS. FRANCO:

Q.  Okay.  Just a few to clarify some stuff.

So when you spoke with Ms. Lubken, was she able

0ce60d6c-aaa0-4727-8fa4-c3dd6388fd73

# EXHIBIT 3

The Kroger Co - General Liability

## CONFIDENTIAL

## Incident #4A2312Q4CZ00001

Call Start Date:  12/23/2023
Incident Date:   12/23/2023
Claim Number:  4A2312Q4CZ00001
Claimant Name:Jean Lubken
Caller Name:    Angela Padilla
Caller Phone:    253-756-9280
Handling Office:Office Number: 302
            Sedgwick Claims Management Services, Inc
            P O Box 14452
            Lexington KY, 40512-4452
            877-957-6437
Client Number:  1978
Loss State:      WA

Thank you for reporting this claim to Sedgwick. Below please find a report of the General Liability claim that was recently reported.

### Check for a Duplicate Claim

| | |
|---|---|
| Loss Date | Saturday, December 23, 2023 |
| Loss Time | 01:55 PM |
| Reported By | P - Phone |
| Reporter Type | Store Manager |
| Location Lookup | ContractNumber: 1978 |
| | ClientName: The Kroger Co. |
| | AccountNumber: 19780121 |
| | AccountName: M701 Kroger West/Fred Meyer |
| | UnitNumber: R390 |
| | UnitName: TACOMA - STEVENS |
| | Address: 4505 South 19Th |
| | City: Tacoma |
| | State: WA |
| | PostalCode: 98405 |

Country:

## Reporter Information

| | |
|---|---|
| Reported By: | P - Phone |
| Loss Date: | Saturday, December 23, 2023 |
| Loss Time: | 01:55 PM |
| Reporter Type | Store Manager |
| First Name | Angela |
| Last Name | Padilla |
| Work Phone Number | 253-756-9280 Ext. |
| Caller Job Title | Home Store Manager |
| Did This Incident Involve A Prescription Medication? | No |

## Client/Location Information

| | |
|---|---|
| Location Lookup | ContractNumber: 1978 |
| | ClientName: The Kroger Co. |
| | AccountNumber: 19780121 |
| | AccountName: M701 Kroger West/Fred Meyer |
| | UnitNumber: R390 |
| | UnitName: TACOMA - STEVENS |
| | Address: 4505 South 19Th |
| | City: Tacoma |
| | State: WA |
| | PostalCode: 98405 |
| | Country: |
| Is This The Loss Location? | Yes |
| Kroger Notified Date | Saturday, December 23, 2023 |

## Loss Location Information

| | |
|---|---|
| Loss Location Name | TACOMA - STEVENS |
| Address | 4505 South 19Th |
| | Tacoma, WA 98405 |
| | United States of America |
| Phone Number | 2537569280 Ext. |
| Loss Description | The customer was pushing a cart when the wheel locked |

12-23-2023                    4A2312Q4CZ00001                    7020231223030178

up, causing the customer to fall. The customer fell on her right hip and the cart fell on top of the customer. The customer has pain in her right hip joint, neck, and right hand. It is unknown if the customer sustained any injuries. The customer did not seek medical treatment.

| | |
|---|---|
| Source Code | All Miscellaneous, Nec (Not Elsewhere Classified) |
| Kroger Detail Source Code | Cart: Baskarts |
| Department Of Incident | 01GROCERY |
| Responsible Department | 01GROCERY |
| Specific Location Of Incident | Othergroc |
| Date Reported To Sedgwick | Saturday, December 23, 2023 |
| Time Reported To Sedgwick | 05:16 PM |
| Did Police Or Emergency Services Respond? | No |

## Property/Injured Parties Involved

### Property Summary

No records.

### Injured Party Summary

Injured Party Involved 0

| | |
|---|---|
| Other Injured Party Type | Customer |
| First Name | Jean |
| Last Name | Lubken |
| Address | 5802 80TH AVENUE CT W |
| | UNIVERSITY PL, WA 98467 |
| | United States of America |
| Work Phone Number | |

| | |
|---|---|
| Home Phone Number | 253-565-6014 |
| Cell Phone Number | |
| Date Of Birth | Wednesday, May 18, 1949 |
| Age | 74 |
| Injury Description | The customer has pain in her right hip joint, neck, right hand. It is unknown if the customer sustained any injuries. |
| Cause Of Injury | FALL OR SLIP IN OUR BUILDING - 0304 |
| Nature Of Injury | Not Provided/NOC/Insufficient Data - 9999 |
| Body Part | MULTIPLE BODY PARTS - MULTIPLE BODY PARTS - 0090 |
| Escalation Criteria | Non-Escalating Injury |
| Will Customer Seek Medical Treatment? | Unknown |
| First Aid Requested? | No |
| First Aid Given? | No |

No records.

| | |
|---|---|
| Does This Claim Involve A Minor? | No |
| Is The Claimant Represented By An Attorney? | Unknown |

## Injured Party Involved Info

| | |
|---|---|
| Is Injured Party A Minor? | No |

## Kroger Client Specific Information

| | |
|---|---|
| Is There A Third Party Involved Who May Be Responsible? | No |
| Were Pictures Taken? | No |
| Is There Video Of The Actual Incident? | Yes |
| Reason To Suspect Validity Of This Alleged Incident? | No |
| What Type Of Claim Is | BODILY INJURY |

This?

| Was A Sweep Done Prior To The Incident? | No |
|---|---|
| Is There A Sweep Log That Can Be Sent In? | No |
| What Type Of Shoes Was The Customer Wearing? | sneakers |
| Did The Weather Play A Role In The Incident Taking Place? | No |
| Did We Confirm There Was A Hazard On The Ground That Caused The Fall? | No |

## Witness Summary Information

### Witnesses

No records.

## Contact Information

| Is Contact Same As Caller? | Yes |
|---|---|
| First Name | Angela |
| Last Name | Padilla |
| Work Phone Number | 253-756-9280 Ext. |
| Cell Phone Number | |
| Email Address | angela.padilla@stores.fredmeyer.com |

## Comments/Remarks

| Comments / Remarks | |
|---|---|
| Is This Claim For Record/Report Only? | No |

PLEASE NOTE: This is a post only e-mail, you cannot use the 'Reply' function. Any attempt to do so will not be received by the sender.

12-23-2023                    4A2312Q4CZ00001                    7020231223030178

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

                          Plaintiff,

    vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington;

                Defendants.

NO. 3:24-CV-05811-JCC

**NOTICE OF CR 34 INSPECTION OF FRED MEYER**

**TO:**        **DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.**

**AND TO:**    **ALL COUNSEL OF RECORD**

      YOU, AND EACH OF YOU will please take notice that Plaintiff requests a CR 34 Inspection of Fred Meyer, to be conducted at the location, date and time, as set forth below:

    **NAME:**      **Inspection of Fred Meyer (including the inside of the building, the parking lot, the shopping carts on property, and the video surveillance system)**

    **DATE:**        **October 2, 2025**

NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 1

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**TIME:**        **10:00am**

**PLACE:**       **Fred Meyer**
                 **4505 S 19th Street**
                 **Tacoma, WA 98405**

Plaintiff intends to inspect the entire premises of the Fred Meyer store, including its parking lot, the interior, the shopping carts on the premises (including physically testing the carts), the Gatekeeper technology on the premises (including physically inspecting such technology), and the surveillance system on location (including the computer system and monitors using such security surveillance system). A photographic and videographic record of the inspection shall be made at the expense of the noting party.

SIGNED this 22nd day of August, 2025.

PFAU COCHRAN VERTETIS AMALA PLLC

By /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
Alexander G. Dietz, WSBA No. 54842
*Attorneys for Plaintiffs*

NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 2

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Jessica Meadows**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served via **Email**, by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
*Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.*

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
*Counsel for Defendant Gatekeeper Systems, Inc*

DATED this 22nd day of August, 2025.

/s/ Jessica Meadows
Jessica Meadows
Paralegal

NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 3

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

                          Plaintiff,

    vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington;

                    Defendants.

NO. 3:24-CV-05811-JCC

**AMENDED NOTICE OF CR 34 INSPECTION OF FRED MEYER**

**TO:**        **DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.**

**AND TO:**    **ALL COUNSEL OF RECORD**

YOU, AND EACH OF YOU will please take notice that Plaintiff requests a CR 34 Inspection of Fred Meyer, to be conducted at the location, date and time, as set forth below:

    **NAME:**     **Inspection of Fred Meyer (including the inside of the building, the parking lot, the shopping carts on property, and the video surveillance system)**

    **DATE:**      **December 10, 2025**

AMENDED NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 1

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**TIME:**        **10:00am**

**PLACE:**      **Fred Meyer**
                **4505 S 19th Street**
                **Tacoma, WA 98405**

Plaintiff intends to inspect the entire premises of the Fred Meyer store, including its parking lot, the interior, the shopping carts on the premises (including physically testing the carts), the Gatekeeper technology on the premises (including physically inspecting such technology), and the surveillance system on location (including the computer system and monitors using such security surveillance system). A photographic and videographic record of the inspection shall be made at the expense of the noting party.

SIGNED this 4th day of November, 2025.

PFAU COCHRAN VERTETIS AMALA PLLC

By /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
Alexander G. Dietz, WSBA No. 54842
*Attorneys for Plaintiffs*

AMENDED NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 2

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Katie Hedger**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served via **Email**, by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
*Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.*

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
*Counsel for Defendant Gatekeeper Systems, Inc*

DATED this 4th day of November, 2025.

/s/ Katie Hedger
Katie Hedger
Legal Assistant

AMENDED NOTICE OF CR 34 INSPECTION OF FRED MEYER

Page 3

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

# EXHIBIT 6

## Andy S. Ulmer

**From:** Andy S. Ulmer
**Sent:** Monday, February 9, 2026 8:12 AM
**To:** Ahbra Franco; Katie Hedger; Jennifer L. Crow; Adrienne Kinsey
**Cc:** Darrell L. Cochran; Alexander G. Dietz; Jessica Meadows; Breanna Roebuck; Joey Lombino; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

Ahbra,

It's not reasonable to have us conduct an inspection at midnight. I have done countless Rule 34 inspections at a company's place of business during business hours and have not received as much resistance as you are giving. It sounds like we're going to need court intervention once again because your client doesn't want to comply with the rule. We'll need to file a motion and postpone the inspection scheduled for next week. We'll aim for March 30.

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Thursday, January 22, 2026 4:30:18 PM
**To:** Andy S. Ulmer <aulmer@pcvalaw.com>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** Re: Lubken v Kroger, et al.

The timing of the inspection has been discussed with you on multiple occasions. We have made clear from the outset that an inspection during our client's normal business hours is not feasible because it would materially disrupt ongoing operations. Despite repeated discussions, you never proposed any reasonable alternative timing or accommodation.

1

The Court's denial of our prior motion for protective order addressed only whether good cause existed to limit the scope of the inspection. The ruling neither addresses nor authorizes an inspection at any time of your choosing, and it does not relieve you of your obligation to reasonably coordinate scheduling.

An inspection is not a deposition or trial, and the assertion that our client must simply "take time off of work" ignores the well-established requirement that discovery be conducted in a manner that minimizes undue burden and disruption to a party's business. You have offered no explanation for why your experts cannot travel outside of business hours, and you have not articulated how forcing a 9:00 a.m. inspection during operating hours is reasonable or necessary.

We remain willing to cooperate and facilitate the inspection at a mutually reasonable time that does not interfere with normal business operations. If you intend to proceed unilaterally with a 9:00 a.m. inspection despite our objections and without proposing alternatives, we will address this with the Court and seek appropriate relief.

Thanks.

**SCHEER.LAW PLLC**
**WA|OR|ID|AK|MT**

**Ahbra Franco**
**Associate Attorney**

**D** 206.666.3075 **M** 206.295.8271
**E** **ahbraf@scheer.law**
**WWW.SCHEER.LAW**

---

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Date:** Thursday, January 22, 2026 at 10:20 AM
**To:** Ahbra Franco <ahbraf@scheer.law>, Katie Hedger <khedger@pcvalaw.com>, Jennifer L. Crow <Jen@scheer.law>, Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>, Alexander G. Dietz <adietz@pcvalaw.com>, Jessica Meadows <jmeadows@pcvalaw.com>, Breanna Roebuck <broebuck@pcvalaw.com>, Joey Lombino <joey.lombino@lombinomartino.com>, j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** Re: Lubken v Kroger, et al.

Conducting an inspection outside of your client's business hours does not work for my experts due to travel limitations, so we will have to proceed with the inspection at 9 am. A party needs to comply with this court proceeding, including taking time off of work to sit for a deposition or trial, and accommodate an inspection regardless of preferential business hours. We also do not understand how our inspection prevents your client from operating its business in normal fashion.

**Andy S. Ulmer**
Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

---

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Tuesday, January 20, 2026 1:56 PM
**To:** Andy S. Ulmer <aulmer@pcvalaw.com>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** Re: Lubken v Kroger, et al.

Appreciate the follow up—I just got back from China and was having difficulty receiving/responding to emails.

The inspection needs to take place outside of store hours, which are from 6 am to 10 pm. Thanks.

**SCHEER.LAW PLLC**
**WA|OR|ID|AK|MT**

**Ahbra Franco**
**Associate Attorney**

**D** 206.666.3075 **M** 206.295.8271
**E** ahbraf@scheer.law
**WWW.SCHEER.LAW**

---

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Date:** Monday, January 12, 2026 at 10:10 AM
**To:** Ahbra Franco <ahbraf@scheer.law>, Katie Hedger <khedger@pcvalaw.com>, Jennifer L. Crow <Jen@scheer.law>, Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>, Alexander G. Dietz <adietz@pcvalaw.com>, Jessica Meadows <jmeadows@pcvalaw.com>, Breanna Roebuck <broebuck@pcvalaw.com>, Joey Lombino <joey.lombino@lombinomartino.com>, j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** RE: Lubken v Kroger, et al.

Ahbra, just following up: 9 am work on your client's end for a start time for the inspection?

3

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

---

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Sent:** Friday, January 9, 2026 7:33 AM
**To:** Ahbra Franco <ahbraf@scheer.law>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

We'll confirm on our end. 9 am start?

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

---

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Thursday, January 8, 2026 4:20:30 PM
**To:** Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>; Andy S. Ulmer <aulmer@pcvalaw.com>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** Re: Lubken v Kroger, et al.

Confirmed that Feb. 16 works for the store. Thanks Andy.

Get Outlook for iOS

---

4

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Sent:** Monday, January 5, 2026 4:56:47 AM
**To:** Ahbra Franco <ahbraf@scheer.law>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** RE: Lubken v Kroger, et al.

Not anymore. What about February 16?


**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com


**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

---

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Tuesday, December 30, 2025 2:58 PM
**To:** Andy S. Ulmer <aulmer@pcvalaw.com>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

Store manager has advised that 1/16 works on their end. Does that still work for your expert?



**SCHEER.LAW PLLC**
**WA|OR|ID|AK|MT**

**Ahbra Franco**
**Associate Attorney**

**D** 206.666.3075 **M** 206.295.8271
**E** ahbraf@scheer.law
**WWW.SCHEER.LAW**

---

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Date:** Monday, December 8, 2025 at 3:06 PM
**To:** Ahbra Franco <ahbraf@scheer.law>, Katie Hedger <khedger@pcvalaw.com>, Jennifer L. Crow <Jen@scheer.law>, Adrienne Kinsey <adriennek@scheer.law>

**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>, Alexander G. Dietz <adietz@pcvalaw.com>, Jessica Meadows <jmeadows@pcvalaw.com>, Breanna Roebuck <broebuck@pcvalaw.com>, Joey Lombino <joey.lombino@lombinomartino.com>, j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>

**Subject:** RE: Lubken v Kroger, et al.

Just an update: one of my experts can do any day the week of 1/12 but just not 1/12 itself (so 1/13, 1/14, etc.)

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Monday, December 8, 2025 1:18 PM
**To:** Andy S. Ulmer <aulmer@pcvalaw.com>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

Thanks, that is also my recollection. I'll ask my client about January 12 and follow up with you to confirm.

**SCHEER.LAW PLLC**
**WA|OR|ID|AK|MT**

**Ahbra Franco**
**Associate Attorney**

**M** 206.666.3075 **E ahbraf@scheer.law**

**WWW.SCHEER.LAW**

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Sent:** Monday, December 8, 2025 1:16 PM
**To:** Ahbra Franco <ahbraf@scheer.law>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows

<jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino
<joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** RE: Lubken v Kroger, et al.

Ahbra,

Thanks for taking my call. We discussed providing us with your Answer and supplemental responses by next Monday. I mentioned that my experts would be available the week of January 12th to hold the inspection and you said you'd check on dates with your client.

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Sunday, December 7, 2025 7:46 PM
**To:** Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey
<adriennek@scheer.law>; Andy S. Ulmer <aulmer@pcvalaw.com>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows
<jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino
<joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

I'm unavailable at the proposed time. How about 1 pm?

Get Outlook for iOS

**From:** Andy S. Ulmer <aulmer@pcvalaw.com>
**Sent:** Friday, December 5, 2025 3:46:31 PM
**To:** Ahbra Franco <ahbraf@scheer.law>; Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>;
Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows
<jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino
<joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** RE: Lubken v Kroger, et al.

In addition to discussing the new date for the inspection you unilaterally cancelled, we would like to schedule a discovery call regarding the supplementation we requested on 11/14 which you represented you would provide by 12/3 (which did not happen). I plan to call you Monday, 12/8 at 10 AM PST.

**Andy S. Ulmer**

Partner

7



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**
909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

---

**From:** Ahbra Franco <ahbraf@scheer.law>
**Sent:** Tuesday, November 18, 2025 3:02 PM
**To:** Katie Hedger <khedger@pcvalaw.com>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Andy S. Ulmer <aulmer@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com
**Subject:** Re: Lubken v Kroger, et al.

Afternoon,

Acknowledging receipt of your letter dated November 14, 2025. Understand that you want supplemental responses by 11/26, but given the proximity to the Thanksgiving holiday, we'd like to request extending the deadline to 12/3.

Happy to jump on a call to discuss alternatives that work for everyone, otherwise, please confirm whether 12/3 is an agreeable deadline.


**SCHEER.LAW PLLC**
**WA|OR|ID|AK|MT**

**Ahbra Franco**
**Associate Attorney**

**M** 206.666.3075 **E ahbraf@scheer.law**
**WWW.SCHEER.LAW**

---

**From:** Katie Hedger <khedger@pcvalaw.com>
**Sent:** Friday, November 14, 2025 4:05 PM
**To:** Ahbra Franco <ahbraf@scheer.law>; Jennifer L. Crow <Jen@scheer.law>; Adrienne Kinsey <adriennek@scheer.law>
**Cc:** Darrell L. Cochran <darrell@pcvalaw.com>; Andrew S. Ulmer <aulmer@pcvalaw.com>; Alexander G. Dietz <adietz@pcvalaw.com>; Jessica Meadows <jmeadows@pcvalaw.com>; Breanna Roebuck <broebuck@pcvalaw.com>; Joey Lombino <joey.lombino@lombinomartino.com>; j.lombino@lombinomartino.com <j.lombino@lombinomartino.com>
**Subject:** Lubken v Kroger, et al.

Counsel,

Please see the attached correspondence from Mr. Ulmer.

Thank you,
Katie

**Katie Hedger**

Legal Assistant



**p:** (253) 948-0237
**e:** khedger@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**

909 A Street, Suite 700, Tacoma, WA 98402
**www.pcva.law**

**Andy S. Ulmer**

Partner



**p:** (253) 948-0232
**e:** aulmer@pcvalaw.com

**Pfau Cochran Vertetis Amala PLLC**

909 A Street, Suite 700,
Tacoma, WA 98402
**www.pcva.law**

This message and the documents attached to it, if any, contains confidential information from PFAU COCHRAN VERTETIS AMALA PLLC and is intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL under applicable law, and/or may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and its attachments, destroy any hard copies you may have created and notify me immediately at (253) 948-0232.

# EXHIBIT 7

# EXHIBIT 8

# EXHIBIT 9

# EXHIBIT 10

# EXHIBIT 11

# EXHIBIT 12