UNITED STATES DISTRICT COURT

DISTRICT OF WASHINGTON

WESTERN DIVISION

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiff,

v.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

NO. 3:24-CV-05811-JCC

DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

## I.     INTRODUCTION

Defendants Fred Meyer Stores, Inc. and The Kroger Co. ("Defendants") respectfully oppose Plaintiffs' Motion to Compel Rule 34 Inspection and Supplemental Discovery (Dkt. 29). While Plaintiffs paint a picture of wholesale obstruction, the record tells a different story. Defendants have consistently cooperated with discovery, agreed to a premises inspection, and engaged in good-faith negotiations over scheduling. The disputes that remain are narrow and do not warrant the relief Plaintiffs seek.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL – PAGE 1

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

On the inspection, there is no dispute over whether it will occur—only when. Defendants are willing to accommodate a business-hours inspection subject to reasonable conditions that protect store operations and customer safety. To the extent any disagreement existed about timing, it was a good-faith scheduling dispute—not defiance of a court order. Plaintiffs' repeated assertion that this Court "already ruled" on the timing issue is a mischaracterization of the October 17, 2025, Order (Dkt. 27), which addressed only the *scope* of the inspection, not its timing.

On the supplemental discovery, Defendants did not refuse to supplement. Defendants informed Plaintiffs that what their November 14, 2025, letter actually demanded was not supplementation under Rule 26(e), but a wholesale revision of Defendants' substantive responses to conform to Plaintiffs' theory of liability. That is not what Rule 26(e) requires, and Defendants appropriately directed Plaintiffs to the proper discovery vehicle.

On sanctions, Defendants' positions were substantially justified under Rule 37(a)(5)(A), and no award of fees or costs is warranted.

## II.    STATEMENT OF FACTS

### A. The Inspection Dispute Concerns Timing, Not Access

This case arises from an incident on December 23, 2023, in which Plaintiff Jean Lubken alleges she was injured by a shopping cart at a Fred Meyer store in Tacoma, Washington. Plaintiffs served a Rule 34 inspection notice on August 22, 2025. (Dkt. 29, Ex. 1). Defendants did not object to an inspection; they sought to establish reasonable conditions for its conduct.

On October 2, 2025, Defendants filed a Motion for Protective Order (Dkt. 17), which addressed the scope of the proposed inspection—specifically, whether Plaintiffs should be permitted to access restricted security areas and surveillance systems. This Court denied the motion on October 17, 2025 (Dkt. 27), finding that Defendants "fail[ed] to establish that the inspection of secure areas . . . would be disruptive, burdensome, or unlikely to lead to relevant information." The Order addressed access to specific areas of the store. It did not rule on the timing, scheduling, or logistical conditions of the inspection.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 2

Following the Court's Order, the parties worked to schedule the inspection. Defendants agreed to an inspection date of December 10, 2025. (Dkt. 29 at 8). However, Defendants were compelled to cancel the December 10 inspection on December 3, 2025, because the store could not accommodate the inspection during the holiday season—the busiest operational period for any retail establishment. (Franco Decl. ¶ 6).

The parties rescheduled the inspection for February 16, 2026. On January 20, 2026, defense counsel indicated that the inspection needed to occur outside store operating hours (6:00 a.m. to 10:00 p.m.). (Dkt. 29, Ex. A at 5). Plaintiffs' counsel objected on January 22, 2026, stating that a midnight inspection was unreasonable. (*Id*. at 3–4). On February 9, 2026, Plaintiffs unilaterally cancelled the February 16 inspection and filed this Motion.

Critically, Plaintiffs never proposed a compromise. At no point did Plaintiffs suggest an early-morning start time, an off-peak weekday, or any alternative that might accommodate both parties' legitimate interests. Instead, Plaintiffs proceeded directly to motion practice.

### B.  The Supplementation Dispute

On November 14, 2025, Plaintiffs' counsel sent a letter purporting to request "supplementation" of Defendants' discovery responses. (Dkt. 29, Ex. B). A careful review of that letter reveals that Plaintiffs were not seeking supplementation of incomplete or incorrect responses under Rule 26(e). Rather, they demanded that Defendants materially change their substantive responses to align with Plaintiffs' characterization of employee deposition testimony.

For example, Plaintiffs' letter demanded that Defendants revise their response to Interrogatory No. 5—which identified Gatekeeper Systems as responsible for cart maintenance—on the ground that "the testimony of your clients' employees contradicts that statement." (*Id.* at 1–2). But this characterization rests on the testimony of a fact witness who was not testifying on behalf of the company under Rule 30(b)(6), and whose individual knowledge does not override the company's verified interrogatory response. Similarly, Plaintiffs demanded that Defendants "correct" their response to Interrogatory No. 8 regarding prior complaints, asserting awareness of

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 3

"at least one other recent lawsuit," and demanded Defendants revise their response to Interrogatory No. 14 based on Plaintiffs' own interpretation of employee testimony about maintenance practices. (*Id.* at 2).

What Plaintiffs characterized as a request for "supplementation" was, in substance, a demand that Defendants adopt Plaintiffs' factual narrative. Defendants notified Plaintiffs that the proper vehicle for challenging the substance of verified interrogatory responses is not a supplementation demand under Rule 26(e), but rather additional interrogatories or a Rule 30(b)(6) deposition. Plaintiffs declined these alternatives. (Franco Decl. ¶ 21-22).

Defendants did not refuse to comply with their obligations under Rule 26(e). No prior response has become incomplete or incorrect such that supplementation is required. Defendants' responses reflect the company's position based on the information available, and the fact that a non-corporate fact witness may have offered testimony that Plaintiffs interpret as inconsistent does not trigger a supplementation obligation.

### III.    ARGUMENT

**A. The Inspection Timing Dispute is Moot Because Defendants Will Accommodate a Business-Hours Inspection**

Defendants are prepared to accommodate a Rule 34 inspection of the Tacoma Fred Meyer store during business hours, subject to the following reasonable conditions:

1.  The inspection shall commence at 8:00 p.m. on a mutually agreed-upon weekday, after peak customer traffic.
2.  Plaintiffs shall identify all persons who will attend the inspection at least seven (7) days in advance.
3.  The total number of attendees shall not exceed 10 persons.
4.  A designated store representative shall accompany the inspection party at all times.
5.  Inspection activities shall be conducted so as to minimize interference with customer access and store operations.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 4

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

These conditions are consistent with Rule 34(b)'s requirement that an inspection be conducted at a "reasonable time, place, and manner." Fed. R. Civ. P. 34(b)(2)(E). Defendants' willingness to permit a business-hours inspection effectively resolves the central dispute raised by Plaintiffs' motion. The Court need only enter an order setting the conditions for the inspection.

**B. The Court's Prior Order Did Not Address Timing, and Plaintiffs' Characterization of It Is Inaccurate.**

Plaintiffs repeatedly assert that this Court "already rejected Kroger's insistence of the inspection not taking place during its business hours." (Dkt. 29 at 7). This is wrong. The Court's October 17, 2025 Order (Dkt. 27) denied Defendants' Motion for Protective Order, which sought to limit the *scope* of the inspection to public areas and exclude access to the surveillance viewing room, restricted security areas, and related computer systems. The Court found Defendants "fail[ed] to establish that the inspection of secure areas . . . would be disruptive, burdensome, or unlikely to lead to relevant information." (Dkt. 27 at 2).

That ruling said nothing about *when* the inspection should occur. The question of timing was never briefed, never argued, and never decided. Plaintiffs' attempt to recast a scope ruling as a timing ruling is a mischaracterization that the Court should reject.

Even after the protective order was denied, Defendants continued to negotiate in good faith over scheduling. Defendants agreed to a December 10, 2025 date, rescheduled to accommodate Plaintiffs' preference for February 16, 2026, and proposed timing conditions. That ongoing negotiation is not "defiance" of a court order—it is exactly what parties are expected to do under the Federal Rules.

**C. The December 2025 Cancellation Was Due to Legitimate Operational Constraints.**

Defendants cancelled the December 10, 2025 inspection because the Tacoma Fred Meyer store could not accommodate a multi-hour premises inspection during the holiday season—the most operationally demanding period for any retail establishment.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 5

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

Plaintiffs characterize this cancellation as bad faith, but the record shows otherwise. Defendants sent notice in writing on December 3, 2025 that the store would no longer be able to accommodate the inspection as originally planned. This was a full week before the December 10 inspection date, not on the eve of inspection. Furthermore, the record also shows that Defendants promptly engaged in rescheduling efforts. Within weeks, the parties had identified January and February dates. (Dkt. 29, Ex. A at 6–7). The cancellation was not obstruction; it was a practical necessity that was promptly remedied.

Plaintiffs' claim for $4,120.90 in expert cancellation fees arising from the December cancellation is addressed in Section D below.

**D. Plaintiffs' Supplementation Demand Exceeds the Scope of Rule 26(e)**

Rule 26(e)(1)(A) requires a party to supplement or correct a prior discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement is triggered when a prior response has become materially incomplete or incorrect—not when opposing counsel disagrees with the substance of a verified response.

Plaintiffs' November 14, 2025 letter does not identify any response that has become incomplete or incorrect due to newly available information. Instead, it demands that Defendants change their answers based on Plaintiffs' interpretation of a fact-witness deposition testimony. This distinction matters.

Consider the specific requests at issue:

*Interrogatories Nos. 1, 4, and 10 (contention interrogatories).* These requests seek the factual basis for Defendants' affirmative defenses. Plaintiffs demand that Defendants either produce supporting evidence now or abandon the defenses. But contention interrogatories served early in litigation often cannot be fully answered until discovery is complete and expert opinions are developed. Courts routinely permit parties to defer full responses to contention interrogatories until closer to trial.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 6

*Interrogatory No. 5 (cart maintenance responsibility).* Defendants identified Gatekeeper Systems as responsible for cart maintenance. Plaintiffs contend this answer is "contradicted" by employee deposition testimony. But the testimony Plaintiffs rely on is from individual fact witnesses—not Rule 30(b)(6) designees testifying on behalf of the corporation. A fact witness's understanding of internal responsibilities does not override a verified corporate interrogatory response. If Plaintiffs believe a genuine inconsistency exists, the proper mechanism is a Rule 30(b)(6) deposition on the topic of cart maintenance protocols—not a demand that Defendants rewrite their answers to match Plaintiffs' preferred narrative.

*Interrogatory No. 8 (prior complaints).* Plaintiffs assert awareness of "at least one other recent lawsuit" regarding the anti-theft device and demand Defendants "correct this deficiency." The existence of other litigation is a matter of public record; it does not render Defendants' prior response incomplete or incorrect under Rule 26(e). Nor does Rule 26(e) require a party to adopt opposing counsel's characterization of what constitutes a "complaint."

*Interrogatory Nos. 14 and 15 (maintenance personnel and employees present).* Again, Plaintiffs demand revisions based on their reading of fact-witness testimony. Defendants provided responsive answers based on the information available. If Plaintiffs believe additional detail is warranted, they may serve additional interrogatories—a remedy Defendants expressly offered, and which Plaintiffs declined.

*Requests for Production Nos. 5, 10–11, 13, 28–29, 34, and 39–43.* Plaintiffs assert these responses were "non-responsive." To the extent additional responsive documents exist that have not been produced, Defendants will conduct a reasonable supplemental search. However, Plaintiffs' blanket characterization of all responses as "non-responsive" does not satisfy their obligation to identify specific deficiencies with particularity.

Rule 26(e) is not a mechanism for compelling a party to change its litigation position. Plaintiffs had—and continue to have—available discovery tools to test the adequacy of Defendants' responses: additional interrogatories, a Rule 30(b)(6) deposition, or a properly framed

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 7

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

motion to compel identifying specific deficiencies. The decision to forgo those tools in favor or characterizing a substantive disagreement as a "refusal to supplement" does not entitle them to the relief they seek.

### E. Sanctions Are Not Warranted

Under Rule 37(a)(5)(A), the Court must not award expenses if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). Both exceptions apply here.

#### 1. Defendants' Position on Timing Was Substantially Justified

The question of when a Rule 34 inspection should occur at an operating retail establishment is a legitimate scheduling dispute. Rule 34(b)(2)(E) expressly contemplates that an inspection will be subject to reasonable conditions. Defendants' initial proposal for an outside-hours inspection, while ultimately not the position they maintain, was grounded in a good-faith concern about operational disruption during business hours. In an effort to compromise, Defendants have proposed an off-peak business-hours inspection with reasonable conditions. This is a dispute that was amenable to resolution through negotiation, and Plaintiffs' decision to file a motion rather than propose alternatives does not convert a scheduling disagreement into sanctionable conduct.

#### 2. Defendants' Position on Supplementation Was Substantially Justified

As demonstrated above, Defendants had a legitimate basis for declining to revise their interrogatory response in the manner Plaintiffs demanded. The distinction between supplementation under Rule 26(e) and substantive revision of verified answers is a genuine legal issue—not gamesmanship. Defendants offered Plaintiffs alternative discovery mechanisms, which Plaintiffs declined. A party is not required to capitulate to every discovery demand in order to avoid sanctions.

#### 3. The Expert Cancellation Fee Should Not Be Awarded

Plaintiffs seek $4,120.90 for the cancellation of Dr. Kohles' appearance at the December 10, 2025 inspection. This cost was incurred because Plaintiffs elected to book an out of state expert

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 8

before receiving a firm confirmation on final date or time from Defendants. Throughout this litigation, Plaintiffs have repeatedly scheduled proceedings unilaterally without first coordinating with defense counsel, despite Defendants' multiple requests for Plaintiffs to follow up before doing so. (Franco Decl. ¶ 23). A party that books nonrefundable expert travel for a tentative date assumes the risk that the date may change. This is particularly true where, as here, the cancellation resulted from the entirely foreseeable operational demands of the holiday retail season.

### 4. Attorney's Fees Are Not Warranted

Plaintiffs' request for $4,000 in attorney's fees (5 hours at $800/hour) is unsupported and unreasonable. Plaintiffs provide no billing records, no itemization of tasks, and no basis for the Court to evaluate the reasonableness of the claimed rate or hours. The requested rate of $800/hour is excessive for discovery motion practice, even in this district. Moreover, because Defendants' positions were substantially justified, the threshold for a fee award is not met.

### IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1.    Order the Rule 34 inspection to proceed during business hours on a mutually agreed date, subject to the reasonable conditions set forth above;

2.    Deny Plaintiffs' request to compel supplementation of Defendants' interrogatory responses, as the relief sought exceeds the scope of Rule 26(e);

3.    Deny Plaintiffs' request for sanctions in its entirety; and

4.    Grant such other relief as the Court deems just and appropriate.

//

//

//

//

//

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 9

DATED this 25th day of February 2026.

SCHEER.LAW PLLC

/s/ Jennifer L. Crow
/s/ Ahbra Franco
Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Ahbra Franco, WSBA No. 60860
ahbraf@scheer.law
Attorneys for Defendants Fred Meyer
Stores, Inc., and The Kroger Co.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 10

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiffs**<br>Darrell L. Cochran<br>Andrew S. Ulmer<br>Alexander G. Dietz<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>aulmer@pcvalaw.com<br>adietz@pcvalaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** |
| **CO/ Plaintiffs**<br>Joseph J.M. Lombino<br>Joseph M. Lombino<br>Lombino Martino PS<br>9315 Gravelly Lake Drive SW, Suite 201<br>Lakewood, WA 98499<br>j.lombino@lombinomartino.com<br>joey.lombino@lombinomartino.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** |
| **CO/ Defendant Gatekeeper System, Inc.**<br>Scott LaSalle<br>Juana Huber<br>The Aguilera Law Group, APLC<br>100 N. Howard Street, #6703<br>Spokane, WA 99201<br>slasalle@aguileragroup.com<br>jhuber@aguileragroup.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 11

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

DATED this 25th day of February, 2026 at Seattle, Washington.

/s/ Schuyler Todd
Schuyler Todd, Legal Assistant
schuylert@scheer.law

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL – PAGE 12