UNITED STATES DISTRICT COURT

DISTRICT OF WASHINGTON

WESTERN DIVISION

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiff,

v.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

NO. 3:24-CV-05811-JCC

DECLARATION OF AHBRA FRANCO IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

I, Ahbra Franco, declare as follows:

1.     I am an attorney duly licensed to practice before this Court and am counsel of record for Defendants Fred Meyer Stores, Inc. and The Kroger Co., ("Defendants"). I submit this declaration in support of Defendants' Response in Opposition to Plaintiffs' Motion to Compel.

**Rule 34 Inspection**

2.     On August 22, 2025, Plaintiffs served a Rule 34 notice scheduling an inspection of the Tacoma Fred Meyer store for October 2, 2025. Plaintiffs served this notice without first coordinating the date with Defendants, despite my office's July 30, 2025 request that Plaintiffs

DECLARATION OF AHBRA FRANCO – PAGE 1

SCHEER.LAW  PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

confer with us before scheduling. This was one of several instances in which Plaintiffs unilaterally set inspection dates without confirming availability.

3.    On October 2, 2025, Defendants filed a Motion for Protective Order (Dkt. 17) addressing the *scope* of the proposed inspection—specifically, whether Plaintiffs should be permitted to inspect restricted security areas and the surveillance system. The motion did not seek to prevent the inspection from occurring or raise the issue of timing.

4.    On October 17, 2025, this Court denied Defendants' Motion for Protective Order (Dkt. 27). The Court's Order addressed whether Plaintiffs could access secure areas of the store. It did not address or rule upon the timing, scheduling, or logistical conditions of the inspection.

5.    Following the Court's Order, the parties agreed to schedule the inspection for December 10, 2025. On November 4, 2025, Plaintiffs served an amended Rule 34 notice for that date.

6.    On December 3, 2025, I notified Plaintiffs' counsel that the December 10 inspection could no longer be accommodated. The store advised my office that it could not support a multi-hour premises inspection during the holiday season, which is the most operationally intensive period of the year for retail establishments.

7.    I understand that Plaintiffs had arranged for out-of-state experts to attend the December 10 inspection. However, Plaintiffs booked their experts without first confirming the date with Defendants. Throughout this litigation, my office has repeatedly asked Plaintiffs' counsel to coordinate dates before scheduling proceedings, rather than unilaterally setting dates and notifying us after the fact. Despite these requests, Plaintiffs continued to schedule unilaterally, or without following up for confirmation.

8.    On December 8, 2025, the parties held a Rule 26(i) conference during which they discussed rescheduling the inspection. Defendants were cooperative in identifying alternative dates.

DECLARATION OF AHBRA FRANCO – PAGE 2

9. On December 30, 2025, I confirmed to Plaintiffs' counsel that January 16, 2026 worked for the store. On January 5, 2026, Plaintiffs' counsel proposed February 16, 2026 instead. On January 8, 2026, I confirmed that February 16, 2026 was acceptable.

10. On January 20, 2026, I informed Plaintiffs' counsel that the inspection needed to take place outside of store operating hours, which are 6:00 a.m. to 10:00 p.m. I communicated this based on the store's position that an inspection during business hours would materially disrupt ongoing operations.

11. On January 22, 2026, Plaintiffs' counsel objected, stating that a 9:00 a.m. start time was necessary and that conducting an inspection in the middle of the night was unreasonable. I responded the same day, reiterating the store's position that a business-hours inspection was not feasible.

12. On February 9, 2026, Plaintiffs' counsel cancelled the February 16, 2026 inspection and indicated that Plaintiffs would file a motion to compel and reschedule the inspection for March 30, 2026. At no point during the January–February 2026 correspondence did Plaintiffs propose any compromise on timing—such as an early-morning start before peak customer traffic, a weekday during lower-volume periods, or any other alternative. Plaintiffs proceeded directly from objection to motion practice.

13. Since receiving Plaintiffs' Motion to Compel, Defendants have reassessed their position on the timing of the inspection. Defendants are now willing to accommodate the inspection during business hours, subject to reasonable conditions designed to minimize disruption to store operations and the customer experience. Specifically, Defendants propose:

    a. The inspection shall commence at 8:00 p.m. on a mutually agreed-upon weekday, prior to peak customer traffic;

    b. Plaintiffs shall identify all persons who will attend the inspection at least seven (7) days in advance;

    c. The total number of attendees shall not exceed 10 persons;

DECLARATION OF AHBRA FRANCO – PAGE 3

d.    A designated store representative shall accompany the inspection party at all times; and

e.    Inspection activities shall be conducted so as to minimize interference with customer access and store operations.

**Supplementation**

14.    Plaintiffs served their first discovery requests on Defendants on January 8, 2025. Defendants served written responses and produced responsive documents on March 8, 2025.

15.    On November 14, 2025, Plaintiffs' counsel sent a letter requesting "supplementation" of Defendants' discovery responses, with a deadline of November 26, 2025. A true and correct copy of that letter is attached to Plaintiffs' Motion as Exhibit B.

16.    On November 18, 2025, I requested an extension to December 3, 2025, due to the proximity of the Thanksgiving holiday. Plaintiffs' counsel agreed to the extension.

17.    After reviewing Plaintiffs' November 14 letter in detail, it became apparent that what Plaintiffs characterized as a request for "supplementation" was not a request to correct incomplete or incorrect responses. Rather, the letter demanded that Defendants materially change the substance of their verified interrogatory responses to conform to Plaintiffs' interpretation of testimony provided by individual fact witnesses.

18.    The parties also discussed Plaintiffs' demand for supplementation during the December 8, 2025 Rule 26(i) conference. I informed Plaintiffs' counsel that what they were requesting constituted material changes to Defendants' substantive positions, not supplementation of incomplete or incorrect responses, and since such "supplementation" is not required by the Rule, the appropriate course of action would be for Plaintiffs to issue another set of interrogatories.

19.    For example, Plaintiffs' letter demanded that Defendants revise their response to Interrogatory No. 5—which identified Gatekeeper Systems, Inc. as responsible for control and maintenance of shopping carts—because "the testimony of your clients' employees contradicts that statement." The employee testimony Plaintiffs relied upon was from individual fact witnesses

DECLARATION OF AHBRA FRANCO – PAGE 4

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

who were not designated as corporate representatives under Rule 30(b)(6) and who were not testifying on behalf of the company. An individual employee's understanding of internal responsibilities does not override a verified corporate interrogatory response.

20.     Similarly, Plaintiffs demanded that Defendants "correct" their response to Interrogatory No. 8 regarding prior complaints about the anti-theft device, asserting that Plaintiffs were "aware of at least one other recent lawsuit." The existence of other litigation does not render Defendants' prior response incomplete or incorrect. Plaintiffs also demanded revisions to Interrogatory Nos. 14 and 15 based on their own characterization of what individual employees testified to regarding maintenance practices and staffing.

21.     On December 8, 2025, during the Rule 26(i) conference, I represented that Defendants would review their responses and provide any supplementation by December 15, 2025. Upon completing that review, Defendants determined that their responses were not incomplete or incorrect and that Plaintiffs' demands required material changes to the substance of verified answers—not supplementation as contemplated by Rule 26(e).

22.     On December 17, 2025, I notified Plaintiffs' counsel that Defendants would not be revising their responses in the manner demanded, and I explained the basis for this position. I advised Plaintiffs' counsel that the proper discovery vehicles for challenging the substance of Defendants' verified responses were additional interrogatories. Plaintiffs' counsel declined to pursue any of these alternatives. **Exhibit 1.**

23.     To the extent Plaintiffs' requests for production (Nos. 5, 10–11, 13, 28–29, 34, and 39–43) seek documents beyond those already produced, Defendants are willing to conduct a reasonable supplemental search for responsive documents and produce any additional responsive, non-privileged materials located.

### Plaintiffs' Pattern of Unilateral Scheduling

23.     Throughout this litigation, Plaintiffs have repeatedly scheduled proceedings and set deadlines without first coordinating with Defendants. On August 22, 2025, Plaintiffs served their

DECLARATION OF AHBRA FRANCO – PAGE 5

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

initial Rule 34 notice for October 2, 2025, without confirming the date with my office, despite our prior request for conferral. On November 4, 2025, Plaintiffs served an amended Rule 34 notice for December 10, 2025. While the December date was discussed between the parties, Plaintiffs arranged for out-of-state expert travel prior to receiving final confirmation from Defendants. Plaintiffs' November 14, 2025 supplementation letter imposed a November 26 deadline without prior discussion.

24.     This pattern is relevant to Plaintiffs' claim for $4,120.90 in expert cancellation fees. The nonrefundable costs were incurred because Plaintiffs booked expert travel before obtaining confirmation from Defendants that the date was final. A party that commits to nonrefundable expenditures without first confirming scheduling with opposing counsel assumes the risk that the schedule may change.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 25th day of February 2026.

/s/ Ahbra Franco
Ahbra Franco, WSBA No. 60860
ahbraf@scheer.law

DECLARATION OF AHBRA FRANCO – PAGE 6

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS | | |
|---|---|---|---|
| **CO/ Plaintiffs**<br>Darrell L. Cochran<br>Andrew S. Ulmer<br>Alexander G. Dietz<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>aulmer@pcvalaw.com<br>adietz@pcvalaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | | |
| **CO/ Plaintiffs**<br>Joseph J.M. Lombino<br>Joseph M. Lombino<br>Lombino Martino PS<br>9315 Gravelly Lake Drive SW, Suite 201<br>Lakewood, WA 98499<br>j.lombino@lombinomartino.com<br>joey.lombino@lombinomartino.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | | |
| **CO/ Defendant Gatekeeper System, Inc.**<br>Scott LaSalle<br>Juana Huber<br>The Aguilera Law Group, APLC<br>100 N. Howard Street, #6703<br>Spokane, WA 99201<br>slasalle@aguileragroup.com<br>jhuber@aguileragroup.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via E-Service**<br>☐ **Via Process Server** | | |

DECLARATION OF AHBRA FRANCO – PAGE 7

DATED this 25th day of February, 2026 at Seattle, Washington.

_/s/ Schuyler Todd_
Schuyler Todd, Legal Assistant
schuylert@scheer.law

DECLARATION OF AHBRA FRANCO – PAGE 8

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070