# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

|  |  |
|---|---|
| | NO. 3:24-CV-05811-JCC |

Plaintiffs,

vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 34 INSPECTION, SUPPLEMENTAL DISCOVERY RESPONSES, AND FOR SANCTIONS**

**NOTED FOR HEARING: MARCH 3, 2026**

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 34 INSPECTION, SUPPLEMENTAL DISCOVERY RESPONSES, AND FOR SANCTIONS

No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

# REPLY

Defendants Fred Meyer Stores, Inc. and The Kroger Co. (hereinafter "Kroger Defendants") represent to the Court that they have been "cooperative" in this litigation, yet their discovery conduct has now necessitated court intervention on two separate discovery motions and have delayed Plaintiffs by months in completing discovery in this case. Kroger Defendants have now repeatedly shirked its obligations under the discovery rules simply because they do not want any inconvenience to the retail sales of its Fred Meyer store. This is not reasonable.

With respect to Plaintiffs' Fed. R. Civ. P. 34 inspection, Kroger Defendants do not dispute that it must accommodate this inspection, particularly where this Court already rejected its prior motion for a protective order. However, despite the Court denying the prior motion seeking conditions on Plaintiffs' inspection, Kroger now once again asks this Court to impose a new host of conditions on the inspection, including the condition that Plaintiffs be forced to inspect the premises starting at 8:00 p.m., which would lead the inspection to occur past midnight. Kroger Defendants also ask to arbitrarily limit the number of attendees to not exceed 10 people, despite this being a multi-party product liability case that will require multiple experts to attend and where Plaintiffs cannot anticipate how many people would be present on behalf of the other parties to the case. These are not reasonable conditions. Just as a witness is expected to take time off from work to accommodate a court event such as a deposition or trial, Kroger Defendants likewise must accommodate this court proceeding despite operating a retail business. This Court need not operate around the business preferences of Kroger. More importantly, there is no evidence advanced by Kroger to suggest that Plaintiffs and their experts being present inside the store will have any impact whatsoever on the sale operations of a big

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS

Page 1 | No. 3:24-CV-05811-JCC

**PFAU COCHRAN**
**VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

box chain store like Fred Meyer.

With respect to the unilateral cancellation of the December 10, 2025 inspection and the expert costs that Plaintiffs incurred as a result, Kroger Defendants argue that its peak "holiday season" sales justified the cancellation. However, Kroger Defendants fail to explain how the "holiday season" was an unforeseen event that justifies the cancellation of the inspection on short notice. Presumably, Kroger Defendants are aware that December is a busy sales month. Once again, Kroger Defendants not wanting to be inconvenienced by this court proceeding simply because of its own pecuniary motivations do not serve as a justification for defying the Court's prior order denying its motion for a protective order or ignoring Plaintiffs' validly served Fed. R. Civ. P. 34 notice of inspection. Kroger Defendants being "too busy" making sales to comply with a court event is not an adequate justification for not being responsible to compensate Plaintiffs for the costs incurred due to the unilateral cancellation.

With respect to Plaintiffs' request for supplementation of discovery, Kroger Defendants contend that its existing responses to discovery are adequate. This is clearly not the case as Plaintiffs laid out in detail back on November 14, 2025 within their request for supplementation:

> **Interrogatory No. 1**: This request seeks evidence supporting any assertion by your clients that Plaintiffs bear fault for the incident. Your clients did not provide responsive answers. If you intend to preserve this defense, you are requested to state the basis for such a defense and produce evidence of the same. If you have no evidence that Plaintiffs are at fault, state so now.

> **Interrogatory No. 4**: This request seeks evidence supporting any assertion by your clients that another entity bears fault for the incident. If you intend to preserve this defense, you are requested to state the basis for such a defense and produce evidence of the same. If you have no evidence that another entity bears fault, state so now.

> **Interrogatory No. 5**: This request seeks the identity of all persons (and their

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS

Page 2 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

contact information) responsible for the control and maintenance of your clients' shopping carts. Your clients stated that Gatekeeper is responsible for control and maintenance of your clients' shopping carts, however the testimony of your clients' employees contradicts that statement. We know from deposition testimony that certain employees were responsible for maintenance of your clients' shopping carts. Your employees testified that the carts were serviced by some entity, however it is not clear whether that is a third-party entity or other employees of your clients. Please provide full and truthful discovery responses given the clear deficiencies in your clients' responses to this request.

**Interrogatory No. 6**: This request seeks the date your clients purchased the Anti-Theft Device that was installed in the shopping cart used by Plaintiff on the date of the incident. Your clients stated that "relevant documents are being produced" however your clients fail to explain which documents those are, such as giving a citation to the Bates numbers for the documents responsive to this request. Have your clients provide a complete answer to this question.

**Interrogatory No. 8**: This request seeks identification of all complaints your clients received that the Anti-Theft Device was unsafe or would lock up when it was not supposed to. Your clients gave a non-responsive answer. We are aware of at least one other recent lawsuit against your clients regarding the subject device in question. Correct this deficiency by fully answering this interrogatory.

**Interrogatory No. 10**: This request seeks evidence supporting your clients' affirmative defenses. If you intend to preserve any affirmative defenses, you are requested to state the basis for each defense and produce evidence of the same. If you have no evidence to support any affirmative defenses, state so now.

**Interrogatory No. 14**: This request seeks identification of any person (and their contact information) who inspected, performed maintenance or repairs, or installed the subject Anti-Theft Device. Your clients responded that Gatekeeper performed these tasks on December 23, 2203. This answer is not clear to us nor consistent with the testimony from your clients' employees. Clarify this answer by explaining the names of the persons who: installed the Anti-Theft Device; did maintenance of the Anti-Theft Devices; inspected the subject Anti-Theft Device used by Ms. Lubken; identify who repaired the device used by Ms. Lubken; and provide their contact information.

**Interrogatory No. 15**: This request seeks identification of all of your clients' employees that were working at the store on the day of the incident. You only provided the name of one person, which is untrue as deposition testimony identified multiple employees working at the store that day. You are to identify each employee working at the store on the day of the incident and describe what information they have regarding the incident.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS

Page 3 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**Request for Production No. 5**: This request seeks production of records relating to any mentioning of the Anti-Theft Device locking up when it was not supposed to. Your client provided non-responsive answers to this request. Supplement production with such records.

**Request for Production No. 10-11, 13, 39-43**: These requests seek production of communications regarding either the incident, the Anti-Theft Devices, or situations where the Anti-Theft Device locked up when it was not supposed to. Your client provided non-responsive answers to this request. Supplement production with responsive records.

**Request for Production No. 28-29**: This request seeks production of records relating to any complaints you received that any Anti-Theft Device caused injuries or did not work as it was supposed to. Your client provided non-responsive answers to this request. We are aware of at least one other lawsuit against your clients relating to the Anti-Theft Device. Supplement production with such records.

**Request for Production No. 34**: This request seeks production of records relating to any inspections, repairs or installation of Anti-Theft Devices on your clients' shopping carts. Your client responded by saying that there are no responsive records. However, your clients' employees have testified at deposition that emails would be sent to the district manager to schedule shopping cart maintenance, including for when the Anti-Theft Devices would not be functional. Supplement production with such records.[1]

For Plaintiffs to adequately prepare this case for trial, Kroger Defendants must provide full, complete, non-evasive responses to Plaintiffs' discovery responses. The Court should accordingly order Kroger Defendants to supplement the aforementioned responses in a full and non-evasive manner.

Finally, Kroger Defendants' failure to permit a Fed. R. Civ. P. 34 inspection or refusal to supplement its deficient discovery responses were not "substantially justified" as contemplated by Fed. R. Civ. P. 37(a)(5)(A) which warrants an award of Plaintiffs' fees in bringing this motion. "Federal Rule of Civil Procedure 37(a)(5)(A) provides that where a

---

[1] Dkt. 30, Ulmer Decl., Ex. 8.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS

Page 4 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

discovery motion is granted, the Court 'must' require the party or attorney whose conduct necessitated the motion pay 'reasonable expenses incurred in making the motion, including attorneys' fees' to the party who prevails on the discovery motion." *Gopher Media, LLC v. Spain*, No. 319CV02280CABKSC, 2020 WL 6449193, at *1 (S.D. Cal. Nov. 3, 2020) (citing Fed. R. Civ. P. 37(a)(5)(A)). "Only where '(i) the movant filed the motion before making good faith efforts to obtain the disclosure or discovery without court action; (ii) the opposing party's position was substantially justified; or (iii) [where] other circumstances make an award of expenses unjust' must the Court refrain from ordering such payment." *Id*. (citing Fed. R. Civ. P. 37(a)(5)(A)). As outlined herein, Kroger Defendants were not substantially justified in refusing to permit Plaintiffs to carry out a Rule 34 inspection after this Court already denied its motion for a protective order, refusing to pay the incurred expert costs for unilaterally cancelling an inspection simply because it was the "holiday season," or in refusing to supplement ***any*** of its evasive and deficient discovery responses. Accordingly, pursuant to Rule 37(a)(5)(A), the Court should award Plaintiffs' fees in bringing this motion plus the incurred cost for the unilaterally cancelled inspection.

RESPECTFULLY SUBMITTED this 3rd day of March, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 1,632 words in compliance with the Local Rules.*

By  _____

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorneys for Plaintiffs*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS

Page 5 | No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Mollie Hetlage,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

> Jennifer L. Crow
> Ahbra Franco
> Sheer Law, PLLC
> 2101 Fourth Ave, Suite 830
> Seattle, WA 98121
> Jen@scheer.law;ahbraf@scheer.law;
> josephm@sheer.law; shiloha@scheer.law
>
> ***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***
>
> Scott La Salle
> The Aguilera Group, APLC
> 1201 Pacific Ave, Suite 600
> Tacoma, WA 98402
> slasalle@aguileragroup.com
>
> ***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 3rd day of March, 2026.

/s/ Mollie Hetlage
Mollie Hetlage
Legal Assistant

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RULE 34 INSPECTION,
SUPPLEMENTAL DISCOVERY RESPONSES, AND
FOR SANCTIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 6 | No. 3:24-CV-05811-JCC