UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, wife and husband and their marital community,<br><br>                              Plaintiffs,<br><br>      vs.<br><br>FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,<br><br>                              Defendants. | No. 3:24-cv-05811-JCC<br><br>PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.<br><br>**AND ANSWERS AND RESPONSES THERETO** |

TO:          JEAN LUBKEN AND WILLIAM LUBKEN, PLAINTIFFS

AND TO:      ALL PARTIES AND ATTORNEYS OF RECORD

## I.      PROCEDURES

You have been served with the original of these interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.  Please complete the answers within the spaces provided.  If needed, please complete each answer using additional pages.  You are requested to complete the enclosed interrogatories and **returning signed and verified answers to Darrell L. Cochran and**

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 1
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

**Andrew S. Ulmer of Pfau Cochran Vertetis Amala at 909 A Street, Suite 700, Tacoma, WA 98402. These answers shall be completed no later than 30 days after the date of service upon you.**

You have also been served with requests for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. **You are requested to produce the documents listed which are within your custody, control or access for inspection and copying by delivering the original documents to Darrell L. Cochran of Pfau Cochran Vertetis Amala at 909 A Street, Suite 700, Tacoma, WA 98402. These documents shall be produced no later than 30 days from the date of service.** If this date for production is not convenient, please contact the undersigned counsel at least five (5) business days prior thereto in order to arrange for an alternate time.

If you contend that any document encompassed by any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document:

1.    State with particularity the reason or reasons for your objection and the nature of any privilege asserted;

2.    Identify each person having knowledge of the factual basis, if any, upon which the privilege or other objection is asserted; and

3.    State the following:

a.    The date of the document;

b.    The nature or type of the document (e.g. letter, memorandum, etc.);

c.    Identify each individual who prepared the document;

d.    Identify each person to whom the document, or a copy thereof, has at any time been provided;

e.    Identify each person from whom the document has been obtained;

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 2
No. 3:24-cv-05811-JCC

SCHEER.LAW PLLC
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

f.      Identify each person or entity having possession of the original of the document (or if the whereabouts of the original are unknown, identify each person or entity known or believed to have a copy or copies thereof);

g.      All other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion for production pursuant to FRCP 37; and

h.      If such document was, but is no longer within your care, custody, or control, state what disposition was made of it, who disposed of it, the reason for such disposition, and the date upon which it was so disposed.

In answering these Interrogatories and Requests for Production, you must provide all information available to you through due and diligent inquiry at this time. In addition, these Interrogatories and Requests for Production are deemed to continue in force throughout the pendency of the lawsuit. If at any time you become aware of additional information pertaining to the subject matter of these Interrogatories and Requests for Production of Documents, you must promptly supplement your previous responses. Failure to do so may result in the imposition of sanctions, including an award of attorney fees to the Plaintiff and other sanctions as provided by the Federal Rules of Civil Procedure.

CLAIMS OF PRIVILEGE: If any privilege or immunity is claimed as to any document otherwise covered by this Request, Plaintiffs hereby request that each document for which a privilege or immunity is claimed be identified in a manner such that Plaintiffs and the Court may determine whether or not each such document is entitled to be accorded such privileged status. Such information shall include, but is not limited to:

a.      the name or title of the document;

b.      the type of document;

c.      its date;

d.      its author;

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 3
No. 3:24-cv-05811-JCC

SCHEER.LAW PLLC
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

e.      addressee;

f.      a general description of its subject matter;

g.      its present location;

h.      custodians;

i.      each person who, to your knowledge, has seen it;

j.      the number and/or portion of the request to which each such document be responsive and the basis for such claim of privilege or immunity (e.g., attorney-client privilege, work product doctrine, etc.).

ELECTRONICALLY STORED INFORMATION (ESI): Plaintiffs specifically reserve the right to have all ESI produced in native format, including metadata without alteration or deletion. Should Defendant object to producing ESI in native format, if such is required at a later date by Plaintiffs, Plaintiffs specifically request that Plaintiffs' counsel be contacted immediately so the form of production can be established.

DOCUMENTS IN COLOR: If the original document or ESI is kept in color, the Defendant is specifically requested to produce said document in color.

BATES STAMPING: All documents responsive to these requests are to be Bates stamped by Defendant for identification. If Defendant is unable to Bates stamp responsive documents, Plaintiffs' counsel should be contacted to make arrangements to have the documents Bates stamped.

## II.    DEFINITIONS

1.    As used herein, the term "DOCUMENT(S)" is used in the broadest possible sense and includes, but is not limited to, handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. The term "DOCUMENTS" also includes

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 4
No. 3:24-cv-05811-JCC

SCHEER.LAW PLLC
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

information or programs stored in a computer, including electronic mail, whether or not ever printed out or displayed.

2.    As used herein, the term "ALL DOCUMENTS" shall mean every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

3.    As used herein, the term "YOU" or "YOUR" or "FRED MEYER" means Defendant Fred Meyer Stores, Inc, and any and all representatives, employees, accountants, attorneys, agents, and all others acting on its behalf or at its request.

4.    As used herein, the term "IDENTIFY" means to describe in detail the factual basis for your answer including all information directly or reasonably related to the request.

5.    As used herein, the term "INCIDENT" shall mean the incident that occurred on or about December 23, 2023, in the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405 involving Plaintiff Jean Lubken which caused her to suffer personal injury.

6.    As used herein, the term "INCIDENT LOCATION" shall mean the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405 which is the location where Plaintiff Jean Lubken suffered personal injury on or about December 23, 2023.

7.    As used herein, the term "ANTI-THEFT DEVICE" shall mean the device manufactured by Gatekeeper Systems, Inc. that was installed on the shopping cart used by Plaintiff Jean Lubken at the time of her fall on or about December 23, 2023, in the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

8.    As used herein, the term "COMMUNICATIONS" is defined as any written transmission of information from one person or entity to another including, but not limited to, facsimiles, letters, emails, notes and memorandum.  "COMMUNICATIONS" also includes any

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 5
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

auditory records containing information like voicemails, video containing audial statements, and audio recordings of statements.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 6
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

## **INTERROGATORIES**

INTERROGATORY NO. 1: Do YOU contend that Plaintiffs bear any fault for the INCIDENT? If so, state all facts that support YOUR contention and IDENTIFY all witnesses with knowledge of the facts which support YOUR contention.

ANSWER: Defendant objects to this interrogatory to the extent that it seeks the mental impressions of its attorneys and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

INTERROGATORY NO. 2: List all insurance policies providing coverage to YOU (or potentially providing coverage to you) for this lawsuit.

ANSWER: Relevant documents are being produced in response to this interrogatory. Discovery is ongoing, and Defendant reserves the right to supplement this response accordingly.

INTERROGATORY NO. 3: IDENTIFY, by name, address, and telephone number all entities responsible for the design, manufacture, sale, and/or distribution of the ANTI-THEFT DEVICE, and specify each entity's role in the design, manufacture, sale, and/or distribution of the ANTI-THEFT DEVICE.

ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad and unduly burdensome.

Without waiving the above objection, Defendant answers the following:

Defendant's knowledge as to which entities are responsible for the design, manufacture, sale, and/or distribution of the ANTI-THEFT DEVICE is limited to those with whom it has dealt with directly during the purchase process.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 7
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

Upon information and belief, co-defendant Gatekeeper Systems, Inc., manufactured and distributed the ANTI-THEFT DEVICE.

INTERROGATORY NO. 4: Do YOU contend that any other entity other than FRED MEYER bears any fault for the INCIDENT and/or should otherwise be named as a defendant in this lawsuit? If so, state all facts that support YOUR contention and IDENTIFY each entity that YOU contend bears fault for the INCIDENT.

ANSWER: Defendant objects to this interrogatory to the extent that it calls for the mental impressions of its attorneys and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

INTERROGATORY NO. 5: IDENTIFY the name, address and telephone number of all persons or entities responsible for the control and maintenance of shopping carts in the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

ANSWER: Defendant objects to this interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., is the entity responsible for the control and maintenance of shopping carts in the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 8 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

INTERROGATORY NO. 6: IDENTIFY the date you purchased the ANTI-THEFT DEVICE that was installed on the shopping cart used by Jean Lubken on December 23, 2023, the serial number of that device, and the order number for that purchase.

ANSWER: Defendant objects to this interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Relevant documents are being produced in response to this interrogatory. Discovery is ongoing, and Defendant reserves the right to supplement this response accordingly.

INTERROGATORY NO. 7: IDENTIFY the name, address, and phone number of the seller of the ANTI-THEFT DEVICE that was installed on the shopping cart used by Jean Lubken on December 23, 2023.

ANSWER: Defendant objects to this interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., was the seller of the ANTI-THEFT DEVICE that was installed on the shopping car that was used by Jean Lubken.

//

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 9 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

INTERROGATORY NO. 8: IDENTIFY any and all complaints, comments, reports, or other information YOU received that the ANTI-THEFT DEVICE was either unsafe or that it would lock up the wheel when it was not supposed to.

ANSWER: Defendant objects to this interrogatory to the extent that it is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Counsel may schedule discovery conference in accordance with CR 26(i).

INTERROGATORY NO. 9: IDENTIFY the name, address, and phone number of any and all persons (including YOUR employees) that you can reasonably expect to possess knowledge of the ANTI-THEFT DEVICE either being unsafe or locking up the wheel when it was not supposed to.

ANSWER: Defendant objects to this interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., possesses the knowledge pertaining to the ANTI-THEFT DEVICE either being unsafe or locking up the wheel when it was not supposed to.

Discovery is ongoing and Defendant reserves the right to supplement this response in accordance with the rules.

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 10 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

INTERROGATORY NO. 10: Please state the facts upon which each of your affirmative defenses is based.

ANSWER: Defendant objects to this interrogatory to the extent that it seeks the mental impressions of its attorneys, is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

INTERROGATORY NO. 11: IDENTIFY the name, address, and phone number of the manufacturer of the shopping cart that Jean Lubken used in the Fred Meyer store on December 23, 2023.

ANSWER: Defendant objects to this interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., was the manufacturer of the ANTI-THEFT DEVICE that was installed on the shopping car that was used by Jean Lubken.

INTERROGATORY NO. 12: IDENTIFY, by name, address, and telephone number, all entities responsible for the design, manufacture, sale, and distribution of the shopping cart and ANTI-THEFT DEVICE used by Jean Lubken in the Fred Meyer store on December 23, 2023.

ANSWER: Defendant objects to this interrogatory to the extent that it is duplicative of preceding interrogatories and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 11
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., was the entity responsible for the design, manufacture, sale, and distribution of the shopping cart and ANTI-THEFT DEVICE used by Jean Lubken in the Fred Meyer store on December 23, 2023.

INTERROGATORY NO. 13: Describe YOUR understanding of the reasons why the ANTI-THEFT DEVICE may lock up the wheel when it was not supposed to.

ANSWER: Defendant objects to this interrogatory to the extent that it calls for the mental impressions of its attorneys and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Defendant lacks sufficient knowledge to answer this question. Discovery is ongoing and Defendant reserves the right to supplement this response in accordance with the rules.

INTERROGATORY NO. 14: IDENTIFY the name, address, and phone number of the people who performed inspections, maintenance, repairs, and/or installation of the ANTI-THEFT DEVICE used by Jean Lubken in the Fred Meyer store on December 23, 2023.

ANSWER: Defendant objects to this interrogatory to the extent that it is duplicative of preceding interrogatories and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 12
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Upon information and belief, co-defendant Gatekeeper Systems, Inc., performed inspections, maintenance, repairs, and/or installation of the ANTI-THEFT DEVICE used by Jean Lubken in the Fred Meyer store on December 23, 2023.

Discovery is ongoing, and Defendant is working to identify any additional people in response to this interrogatory who may have performed inspections, maintenance, repairs, and/or installation of the ANTI-THEFT DEVICE used by Jean Lubken in the Fred Meyer store on December 23, 2023. This response may be supplemented in accordance with discovery rules.

INTERROGATORY NO. 15: IDENTIFY the name, address, and phone number of YOUR employees working at the Fred Meyer store on December 23, 2023 and describe what information they have regarding the INCIDENT.

ANSWER: Defendant objects to this interrogatory to the extent that it is duplicative of preceding interrogatories and requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Further, such an interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further objects to this interrogatory to the extent it seeks documents protected under attorney work product or that are privileged.

Without waiving the objection above, Defendant answers the following:

Angela Padilla, Store Manager
4505 South 19th
Tacoma, WA 98405
(253) 756-9280

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 13 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

Discovery is ongoing, and Defendant is working to identify any additional employees in response to this interrogatory who may have knowledge regarding the INCIDENT. This response may be supplemented in accordance with discovery rules.

Fred Meyer employees should not be contacted except through undersigned counsel.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 14
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce a certified copy of any policy of insurance including, but not limited to, liability, homeowners, automobile or business, which was in effect at the time of the INCIDENT through which YOU were or might be covered for the injuries and damages alleged by plaintiff.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 2: Please produce certified copies of any and all excess/umbrella insurance policies that were in effect at the time of the INCIDENT through which YOU were or might be covered for the injuries and damages alleged by plaintiff.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 3: Please produce a certified copy of the declarations page of any policy of insurance (including excess/umbrella insurance policies) that was in effect at the time of the INCIDENT through which YOU were or might be covered for the injuries and damages alleged by plaintiff

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

//

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 15
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 4: Please produce any document affecting coverage, including reservation of rights, blue sky letters, rescission letters, documents regarding declaratory judgment, or any document referencing impacts to YOUR insurance coverage in this case.

RESPONSE: Respondent is not in possession of responsive documents.

REQUEST FOR PRODUCTION NO. 5: Please produce all records relating to or mentioning situations where the ANTI-THEFT DEVICE may lock up the wheel when it was not supposed to.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 6: Please produce color photographs depicting the packaging for the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 7: Please produce all records related to YOUR purchase of the ANTI-THEFT DEVICE, including but not limited to, purchase orders and sales receipts.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 8: Please produce all records relating to the design of the ANTI-THEFT DEVICE.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 16 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 9: Please produce all written statements in your possession pertaining to or describing the INCIDENT.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 10: Please produce all communications you received from anyone or any entity regarding the INCIDENT.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 11: Please produce all COMMUNICATIONS between or among YOUR employees regarding situations where the ANTI-THEFT DEVICE may lock up the wheel when it was not supposed to.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 12: Please produce all videos or other media in YOUR possession depicting situations where the ANTI-THEFT DEVICE may lock up the wheel when it was not supposed to.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 17
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 13: Please produce all COMMUNICATIONS YOU sent related to the INCIDENT.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 14: Please produce all contracts or agreements, including Indemnity Agreements, between YOU and any wholesaler who supplied the ANTI-THEFT DEVICE or any component parts thereof to YOU.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 15: Please produce all contracts or agreements, including Indemnity Agreements, between YOU and any distributor who supplied the ANTI-THEFT DEVICE or any component parts thereof to YOU.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

//

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 18 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 16: Please produce all contracts or agreements, including Indemnity Agreements, between YOU and any manufacturer who supplied the ANTI-THEFT DEVICE or any component parts thereof to YOU.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 17: Please produce ALL DOCUMENTS and records related to any test, study, or other analysis conducted by YOU concerning possible safety or health hazards of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 18: Please produce ALL DOCUMENTS and records related to the results of any test, study, or other analysis conducted by YOU concerning possible safety or health hazards of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 19: Please produce ALL DOCUMENTS and records related to any test, study, or other analysis conducted on YOUR BEHALF concerning possible safety or health hazards of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 19
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 20: Please produce ALL DOCUMENTS and records related to the results of any test, study, or other analysis conducted on YOUR BEHALF concerning possible safety or health hazards of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 21: Please produce ALL DOCUMENTS identifying the manufacturer of the ANTI-THEFT DEVICE.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 22: Please produce ALL DOCUMENTS identifying the distributor of the ANTI-THEFT DEVICE.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 23: Please produce ALL DOCUMENTS identifying the wholesaler of the ANTI-THEFT DEVICE.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

//

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 20 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 24: Please produce ALL DOCUMENTS evidencing or relating to quality control testing procedures YOU performed on all ANTI-THEFT DEVICE from January 1, 2015 through the present.

RESPONSE: Respondent is not in possession of responsive documents.  Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 25: Please produce ALL DOCUMENTS evidencing or relating to the results of quality control testing YOU performed on all ANTI-THEFT DEVICE from January 1, 2015 through the present.

RESPONSE: Respondent is not in possession of responsive documents.  Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 26: Please produce true and correct copies of any warning labels physically present on the ANTI-THEFT DEVICE at the time of purchase by YOU.

RESPONSE: Respondent is not in possession of responsive documents.  Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 27: Please produce true and correct copies of any warnings or instructions for use, electronic or otherwise, regarding the ANTI-THEFT DEVICE at the time of purchase by YOU.

RESPONSE: Respondent is not in possession of responsive documents.  Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 28: Please produce ALL DOCUMENTS and records regarding any complaints, comments, reports, or other information YOU received that any ANTI-THEFT DEVICE caused injuries.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 21
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 29: Please produce ALL DOCUMENTS and records regarding any complaints, comments, reports, or other information YOU received that any ANTI-THEFT DEVICE was defective or that it otherwise did not work as it was supposed to.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 30: Please produce ALL DOCUMENTS and records regarding any complaints, comments, reports, or other information in your possession that any ANTI-THEFT DEVICE locked up when it was not supposed to.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 31: Please produce true and correct copies of all DOCUMENTS which you relied on in answering any of Plaintiffs' Interrogatories.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 32: Please produce all photos and videos of Plaintiffs.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 22
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

RESPONSE: Respondent is not in possession of responsive documents.

REQUEST FOR PRODUCTION NO. 33: Please produce all photos and videos of the INCIDENT.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 34: Please produce records regarding the inspection, maintenance, repair and installation of the ANTI-THEFT DEVICE on YOUR shopping carts.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 36: Please produce the shopping cart and ANTI-THEFT DEVICE used by Plaintiff Jean Lubken when she fell in the Fred Meyer store on December 23, 2023.

RESPONSE: Respondent is not in possession of responsive shopping car or ANTI-THEFT DEVICE.

REQUEST FOR PRODUCTION NO. 37: Please produce all records relating to the marketing of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

//

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC. **AND ANSWERS AND RESPONSES THERETO** – PAGE 23 No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC** 2101 FOURTH AVE., STE 830 SEATTLE, WA 98121 P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 38: Please produce true and correct copies of any and all plans or specifications that you produced and/or provided for the manufacture or preparation of the ANTI-THEFT DEVICE.

RESPONSE: Respondent is not in possession of responsive documents. Upon information and belief, co-defendant Gatekeeper Systems has produced the relevant documents.

REQUEST FOR PRODUCTION NO. 39: Please produce all COMMUNICATIONS that YOU and your employees had with Gatekeeper Systems, Inc. regarding the ANTI-THEFT DEVICE.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 40: Please produce all COMMUNICATIONS that YOU and your employees had with Gatekeeper Systems, Inc. regarding the INCIDENT.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 41: Please produce all COMMUNICATIONS that YOU and your employees had with Gatekeeper Systems, Inc. regarding the Plaintiffs.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

//

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 24
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

REQUEST FOR PRODUCTION NO. 42: Please produce all COMMUNICATIONS that YOU and your employees had with Gatekeeper Systems, Inc. regarding the implementation of the ANTI-THEFT DEVICE on Fred Meyer shopping carts.

RESPONSE: Discovery is ongoing and responsive documents will be produced to the extent they do not contain privileged communications or are protected under attorney work product.

REQUEST FOR PRODUCTION NO. 43: Please produce ALL DOCUMENTS exchanged between YOU and Gatekeeper Systems, Inc., regarding the implementation of the ANTI-THEFT DEVICE on Fred Meyer shopping carts.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

REQUEST FOR PRODUCTION NO. 44: Please produce ALL DOCUMENTS regarding the design of the shopping carts YOU used on or about December 23, 2023.

RESPONSE: Responsive documents are produced to the extent they have been located. Discovery is ongoing, and Defendant reserves the right to supplement this response in accordance with discovery rules.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 25
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

**VERIFICATION**

STATE OF WASHINGTON )

                     ) ss.

COUNTY OF _____ )

       I, _____, acknowledge and affirm under penalty of perjury under the laws of the United States, individually a defendant or as an authorized representative of defendant, that I have read Plaintiffs' interrogatories and requests for production and the answers and responses thereto, know the contents thereof and state the foregoing answers and responses are true and complete to the best of my knowledge.

       DATED this _____ day of _____, 2025.


                            By: _____
                                Print Name:


                            Signature: _____

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 26
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

## ATTORNEY CERTIFICATION

The undersigned attorney for Defendant has read the foregoing answers and responses and they are in compliance with FRCP 26(g).

DATED this 17th day of March, 2025.

SCHEER.LAW PLLC

/s/ Jennifer L. Crow
Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Attorney for Defendants Fred Meyer Stores, Inc. and The Kroger Co.

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 27
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiffs**<br>Darrell L. Cochran<br>Andrew S. Ulmer<br>Alexander G. Dietz<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>aulmer@pcvalaw.com<br>adietz@pcvalaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via E-Service**<br>☐ **Via Overnight Mail** |
| **CO/ Plaintiffs**<br>Joseph J.M. Lombino<br>Joseph M. Lombino<br>Lombino Martino PS<br>9315 Gravelly Lake Drive SW, Suite 201<br>Lakewood, WA 98499<br>j.lombino@lombinomartino.com<br>joey.lombino@lombinomartino.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via E-Service**<br>☐ **Via Overnight Mail** |
| **CO/ Defendant Gatekeeper System, Inc.**<br>Scott LaSalle<br>The Aguilera Law Group, APLC<br>1201 Pacific Ave, Ste 600<br>Tacoma, WA 98402<br>slasalle@aguileragroup.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via E-Service**<br>☐ **Via Overnight Mail** |

//

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 28
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070

DATED this 17th day of March, 2025 at Seattle, Washington.

/s/ Schuyler Todd
Schuyler Todd, Legal Assistant
schuylert@scheer.law

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT FRED MEYER STORES, INC.
**AND ANSWERS AND RESPONSES THERETO** – PAGE 29
No. 3:24-cv-05811-JCC

**SCHEER.LAW PLLC**
2101 FOURTH AVE., STE 830
SEATTLE, WA 98121
P: (206) 800-4070