

**SEATTLE**
701 Fifth Avenue, Suite 4300
Seattle, WA 98104

**TACOMA**
909 A Street, Suite 700
Tacoma, WA 98402

**NEW YORK CITY**
31 Hudson Yards, 11th Floor
New York, NY 10001

1 (800) 349-PCVA
www.pcva.law

**PARTNERS**
Michael T. Pfau^6
Darrell L. Cochran^67
Thomas B. Vertetis^567
Jason P. Amala^16
Mallory C. Allen^6

Ian M. Bauer^7
Elizabeth P. Calora^
Zabrina B. Delgado^
Alexander G. Dietz^
Anelga Doumanian^46

Lucas B. Franken^568
Bridget T. Grotz^
Kevin M. Hastings^7
Selena L. Hoffman^
Christopher E. Love^

William T. McClure^
Vincent T. Nappo^6
Lesley A. O'Neill^256
Steven T. Reich^3
Andrew S. Ulmer^

**ASSOCIATES**
Patrick A. Brown^
Madison N. Budinich^
Denise Chen^
Lauren E. Coates^
Nicholas A. Gillan^

Caroline A. Golshan^
Mackenzie L. Johnson^1
Michael D. McNeil^
Jeremiah S. Surface^
Benjamin B. Watson^

**LICENSED IN:**
^ Washington
1 CA, 2 GA, 3 ID,
4 MO, 5 NJ, 6 NY,
7 OR, 8 SC

**November 14, 2025**

Jennifer Crow
Ahbra Franco
SCHEER.LAW PLLC
2101 Fourth Ave, Ste. 803
Seattle, WA 98121
*Attorneys for Defendants Fred Meyer Stores, Inc. and The Kroger Co.*

> **Re:**    ***Jean Lubken, et al. v. Fred Meyer Stores, Inc., et al.***

Dear Counsel,

I send this letter to request a supplementation of your clients' discovery responses. I request supplementation to be completed by no later than **November 26, 2025**. If this cannot be accomplished by that date, please notify us beforehand so that we may meet and confer on this issue. We ask that you review all of Plaintiffs' discovery requests and supplement your responses accordingly, as well as specifically supplementing your responses to the following discovery requests:

**Interrogatory No. 1**: This request seeks evidence supporting any assertion by your clients that Plaintiffs bear fault for the incident. Your clients did not provide responsive answers. If you intend to preserve this defense, you are requested to state the basis for such a defense and produce evidence of the same. If you have no evidence that Plaintiffs are at fault, state so now.

**Interrogatory No. 4**: This request seeks evidence supporting any assertion by your clients that another entity bears fault for the incident. If you intend to preserve this defense, you are requested to state the basis for such a defense and produce evidence of the same. If you have no evidence that another entity bears fault, state so now.

**Interrogatory No. 5**: This request seeks the identity of all persons (and their contact information) responsible for the control and maintenance of your clients' shopping carts. Your clients stated that Gatekeeper is responsible for control and maintenance of your clients' shopping carts, however the testimony of your clients' employees contradicts that statement. We know from deposition testimony that certain employees were responsible for



maintenance of your clients' shopping carts. Your employees testified that the carts were serviced by some entity, however it is not clear whether that is a third-party entity or other employees of your clients. Please provide full and truthful discovery responses given the clear deficiencies in your clients' responses to this request.

**Interrogatory No. 6**: This request seeks the date your clients purchased the Anti-Theft Device that was installed in the shopping cart used by Plaintiff on the date of the incident. Your clients stated that "relevant documents are being produced" however your clients fail to explain which documents those are, such as giving a citation to the Bates numbers for the documents responsive to this request. Have your clients provide a complete answer to this question.

**Interrogatory No. 8**: This request seeks identification of all complaints your clients received that the Anti-Theft Device was unsafe or would lock up when it was not supposed to. Your clients gave a non-responsive answer. We are aware of at least one other recent lawsuit against your clients regarding the subject device in question. Correct this deficiency by fully answering this interrogatory.

**Interrogatory No. 10**: This request seeks evidence supporting your clients' affirmative defenses. If you intend to preserve any affirmative defenses, you are requested to state the basis for each defense and produce evidence of the same. If you have no evidence to support any affirmative defenses, state so now.

**Interrogatory No. 14**: This request seeks identification of any person (and their contact information) who inspected, performed maintenance or repairs, or installed the subject Anti-Theft Device. Your clients responded that Gatekeeper performed these tasks on December 23, 2203. This answer is not clear to us nor consistent with the testimony from your clients' employees. Clarify this answer by explaining the names of the persons who: installed the Anti-Theft Device; did maintenance of the Anti-Theft Devices; inspected the subject Anti-Theft Device used by Ms. Lubken; identify who repaired the device used by Ms. Lubken; and provide their contact information.

**Interrogatory No. 15**: This request seeks identification of all of your clients' employees that were working at the store on the day of the incident. You only provided the name of one person, which is untrue as deposition testimony identified multiple employees working at the store that day. You are to identify each employee working at the store on the day of the incident and describe what information they have regarding the incident.



**Request for Production No. 5**: This request seeks production of records relating to any mentioning of the Anti-Theft Device locking up when it was not supposed to.  Your client provided non-responsive answers to this request. Supplement production with such records.

**Request for Production No. 10-11, 13, 39-43**: These requests seek production of communications regarding either the incident, the Anti-Theft Devices, or situations where the Anti-Theft Device locked up when it was not supposed to. Your client provided non-responsive answers to this request.  Supplement production with responsive records.

**Request for Production No. 28-29**: This request seeks production of records relating to any complaints you received that any Anti-Theft Device caused injuries or did not work as it was supposed to.  Your client provided non-responsive answers to this request.  We are aware of at least one other lawsuit against your clients relating to the Anti-Theft Device.  Supplement production with such records.

**Request for Production No. 34**: This request seeks production of records relating to any inspections, repairs or installation of Anti-Theft Devices on your clients' shopping carts.  Your client responded by saying that there are no responsive records.  However, your clients' employees have testified at deposition that emails would be sent to the district manager to schedule shopping cart maintenance, including for when the Anti-Theft Devices would not be functional.  Supplement production with such records.

Finally, we do not see that your clients have served us with answers to our compliant. If we are incorrect, please provide your clients' answers.  If you have not filed any, please do so by November 26, 2025, or we will file a motion for default.

Sincerely,

Andrew S. Ulmer