THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEAN LUBKEN, *et al.*, | CASE NO. C24-5811-JCC |
| Plaintiffs, | ORDER |
| v. | |
| FRED MEYER STORES, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 29). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part the motion as explained herein.

## I.   BACKGROUND

This is a slip and fall case. Plaintiff Jean Lubken alleges she fell while shopping on Fred Meyer's premises, after a cart security device malfunctioned. (*See generally* Dkt. No. 1.) Trial is scheduled for September 14, 2026, and the discovery period ends May 18, 2026. (*See* Dkt. No. 21.) Plaintiffs bring the instant motion seeking to compel Fred Meyer to (a) establish a date and time certain (within business hours) for a previously ordered Rule 34 inspection subject to prior motion practice, (*see* Dkt. Nos. 17, 22, 25, 27); (b) supplement allegedly deficient discovery responses, and (c) pay for Plaintiffs' expert costs and attorney fees associated with this motion. (*See* Dkt. No. 29 at 4.)

ORDER
C24-5811-JCC
PAGE - 1

In response, Fred Meyer contends that (a) it already agreed to accommodate a business-hours Rule 34 inspection, thus mooting Plaintiffs' request; (b) the supplemental discovery which Plaintiffs seek exceeds the scope of Rule 26(e); and, (c) a Rule 37(a)(5) award is inappropriate because it has a substantial justification for delaying the Rule 34 inspection and refusing to supplement discovery responses. (*See generally* Dkt. No. 32.)

## II.    DISCUSSION

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1).

### A.    Rule 34 Inspection

The Court previously ruled that a Rule 34 inspection was appropriate here, after finding that Fred Meyer failed to establish it would be unduly disruptive, burdensome, or unlikely to lead to relevant information. (*See generally* Dkt. No. 27.) Nevertheless, the parties have competing ideas when it should take place: at this point, Plaintiffs want to inspect on March 30, 2026, at 8:00 a.m., and Fred Meyer wants them to do so starting at 8:00 p.m. on a yet to be determined weekday. (*See* Dkt. Nos. 29 at 4, 32 at 4.) Because Plaintiffs' expert opines that the inspection will take at least four hours, (*see* Dkt. No. 31 at 3), beginning the inspection at 8:00 p.m., as Fred Meyer proposes, is not reasonable. Whereas Plaintiffs proffer a reasonable time and Fred Meyer fails to establish why that time (or day) is unreasonable. Thus, the inspection shall occur on March 30, 2026, at 8:00 a.m. (or an alternative day and time but only if mutually agreeable).

Fred Meyer also seeks to impose various conditions on the inspection, namely that: Plaintiffs identify all inspection attendees at least seven days in advance, the total number of attendees not exceed ten persons, a designated store representative be present at all times, and the

ORDER
C24-5811-JCC
PAGE - 2

inspection be conducted so as to minimize interference with "customer access and store operations." (*See* Dkt. No. 32 at 4.) With some exceptions, these conditions are reasonable and thus warranted. Namely, it is reasonable that Plaintiffs provide Fred Meyer with a list of attendees before the inspection, that the inspection be conducted in a way that minimizes disruption, and that a designated store representative may be present at all times. Thus, the Court imposes those conditions with the following caveat: Plaintiffs need only identify attendees within three business days of the inspection date. However, the Court finds it is unreasonable to limit the total inspection attendees to ten persons, when Plaintiffs do not control how many defense representatives may attend. Thus, the Court limits the size of *Plaintiffs' group* (including experts) to no more than six persons. Fred Meyer (and other defendants) have no such limitation.

### B. Supplemental Discovery Responses

Plaintiffs next contend that Fred Meyer has failed to supplement its discovery responses in accordance with Rule 26(e). (*See* Dkt. No. 29 at 3–4, 7–8, 13–16.) In response, Fred Meyer says that the information Plaintiffs now seek is not mere supplementation but "a wholesale revision of Defendants' substantive responses" to align with Plaintiffs' theory of the case (Dkt. No. 32 at 2.) Thus, the proper vehicle for such discovery (if required at all) is through additional interrogatories or a Rule 30(b)(6) deposition—not supplementation. (*Id.* at 4.)

Plaintiffs initially propounded discovery requests January 8, 2025. (Dkt. No. 29 at 7.) Fred Meyer responded March 17, 2025, with some production, and reserved its right to supplement. (*See* Dkt. No. 35-7 at 27–29.) Plaintiff then sought supplemental discovery November 14, 2025, specifically relating to evidence of: (1) Fred Meyer's affirmative defenses; (2) the assertion that a third party is responsible for Ms. Lubken's injuries; (3) maintenance of the subject product (a shopping cart); (4) prior complaints of inoperable Anti-Theft Devices; and, (5) the identity of all entities that inspected or repaired shopping carts outfitted with Anti-Theft Devices. (*See* Dkt. No. 35-8 at 1–3.) Fred Meyer indicated initially that it would supplement, but

ORDER
C24-5811-JCC
PAGE - 3

soon after refused to do so.[1] (*See* Dkt. No. 33-1 at 2–5.)) Now at issue are the following: interrogatories 1, 4, 5, 6, 8, 10, 14 and 15; and requests for production 5, 10, 11, 13, 28–29, 34, and 39–43. (*See* Dkt. No. 34 at 4–5.)

      1. <u>Interrogatories 1, 4, 5, 6, 8, 10, 14 and 15</u>

  **Interrogatories 1, 4, and 10** are "contention interrogatories" relating to Fred Meyer's affirmative defenses. (*See* Dkt. No. 35-7 at 7–8, 11.) Such interrogatories assist in determining: (1) what a party contends; (2) whether that party makes a specific contention; (3) facts on which a party bases its contention; and (4) the legal basis, or theory underling, a specific contention. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D 328, 332 (N.D. Cal. 1985). Fred Meyer asserts that it cannot answer those interrogatories until discovery is finished, and that courts "routinely permit parties to defer full responses . . . until closer to trial." (Dkt. No. 32 at 6.) Indeed, depending on the circumstances, courts do permit deferral. *See, e.g., McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450–51 (D. Conn. 1996); *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992). Specifically, it is appropriate where a party uses a contention interrogatory to ask for each and every fact that supports an opposing party's allegations. *See Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989). But Plaintiffs are not seeking *all* facts supporting Fred Meyer's allegations. Thus, Interrogatories 1, 4, and 10 fall within the scope of contention interrogatories to be answered well before trial and supplementation is now warranted for these interrogatories.

  **Interrogatory 5** relates to entities responsible for shopping cart control and maintenance. (Dkt. No. 35-7 at 8.) In its response, Fred Meyer identified Gatekeeper Systems as the responsible entity. (*Id.*) Plaintiffs allege, though, that during a fact witness deposition (a Fred

---

[1] Per the parties' correspondence, Fred Meyer initially agreed to supplement its discovery responses by December 3, 2025. (*See* Dkt. No. 35-6 at 8). During a Rule 26(i) conference on December 8, 2025, Fred Meyer represented the supplemental discovery would be provided by December 15, 2025. (*Id.* at 7.) But by December 17, 2025, Fred Meyer refused to supplement. (*See* Dkt. No. 35-9 at 1.)

ORDER
C24-5811-JCC
PAGE - 4

Meyer employee), they learned that entities *other than* Gatekeeper Systems, in fact, are also responsible for cart control and maintenance. (*See* Dkt. No. 34 at 4.) Thus, Plaintiffs seek supplementation. (*See* Dkt. No. 32 at 7.) In response, Fred Meyer contends such testimony does not override the corporate interrogatory responses, and that a Rule 30(b)(6) deposition on the topic of cart maintenance is the proper vehicle to discover this information. (*See* Dkt. No. 32 at 7.)  Federal Rule of Civil Procedure 26(e)(1)(A) requires that a party supplement interrogatory responses in a timely manner if it learns its previous disclosure is incomplete or incorrect. If Fred Meyer now understands its previous response to be inaccurate (whether that be from its employee's testimony or through other means), and that entities besides Gatekeeper Systems are also responsible for cart maintenance and control, then Fred Meyer must supplement with that information. However, if it believes that testimony to be inaccurate, no such supplementation is required.

**Interrogatory 6** asks Fred Meyer to identify the date of purchase, serial number, and order number for the Anti-theft Device installed on the cart Plaintiff used on the date of incident. (*See* Dkt. No. 35-7 at 9.) Fred Meyer objected on several grounds but indicated that responsive documents are being produced. (*Id.*) To the extent that Fred Meyer has responsive information, it must now supplement its answer to this interrogatory.

**Interrogatory 8** seeks all complaints Fred Meyer received that the Anti-Theft Device "was either unsafe or would lock up when it was not supposed to." (Dkt. No. 35-7 at 10.) In response, Fred Meyer objected and indicated that Plaintiffs "may schedule a discovery conference in accordance with CR 26(i)." (*See id.*) But Plaintiffs are aware of at least one other lawsuit regarding shopping cart Anti-Theft Devices (the implication being that this suit was also associated with a complaint—yet Fred Meyer failed to produce discovery on it). (Dkt. No. 34 at 4.) Besides objecting, Defendants provided a non-answer. To the extent Fred Meyer now understands that its response was incomplete, it must so supplement as to this complaint and any others responsive to the interrogatory.

ORDER
C24-5811-JCC
PAGE - 5

**Interrogatory 14** relates specifically to persons responsible for the maintenance, installation, and inspection of Anti-Theft Devices. (*See* Dkt. No. 35-7 at 12.) In response, Fred Meyer again indicated Gatekeeper Systems is the responsible party. (*See id.* at 12–13.) Like with interrogatory number 5, Plaintiffs contend this is inconsistent with a fact witness's testimony. (*See* Dkt. No. 34 at 4.) Based on this (or other information), if Fred Meyer now understands its previous response to be inaccurate (whether that be from its employee's testimony or through other means), it must supplement with that information. However, if it believes that testimony to be inaccurate, no such supplementation is required.

**Interrogatory 15** seeks information as to all employees working at the Fred Meyer store on the date of incident. (*See* Dkt. No. 35-7 at 13.) In response, Defendants listed only the store manager. (*Id.*) Defendants now contend it provided responsive answers based on available information. (Dkt. No. 32 at 7.) Additional interrogatories, not supplementation under Rule 26(e), is the proper vehicle to obtain greater detail, say Defendants. (*See id.*) But Plaintiffs sought a list of *all* employees, not just managers. (*See* Dkt. No. 34 at 4.) Plaintiffs again assert that deposition testimony demonstrates this answer is not complete. (*See id.*) So, again, if Fred Meyer understands its previous response to be incomplete, it must now supplement.

2.  Requests for Production 5, 10, 11, 13, 28–29, 34, and 39–43

Plaintiffs allege that Fred Meyer also did not provide fulsome production for each of the above-referenced requests. (*See* Dkt. No. 34 at 5.) Fred Meyer responds that it will conduct a "reasonable supplemental search" for responsive documents not yet produced. (Dkt. No. 32 at 7.) The Court finds it necessary to remind Fred Meyer that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts . . . simply do not have the resources to police closely the operation of the discovery process." *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 284 (C.D. Cal. 1999) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 331). And this District has iterated that counsel "should strive to be cooperative, practical, and sensible." *Neal v. City of Bainbridge Island*, 2023 WL 2214245, slip op. at 2

ORDER
C24-5811-JCC
PAGE - 6

(W.D. Wash. 2023) (citation omitted). Counsel should heed the call to be cooperative, practical, and sensible. If Defendants possess unproduced documentation responsive to these requests they must produce it—if they do not, they should state as such *with particularity*. Now that the Court has so ordered Defendants to do so, if Plaintiffs later demonstrate that Defendants failed to heed this warning, Plaintiffs may move for Rule 37(b) sanctions.

### C.    Fees and Costs

Plaintiffs next ask the Court to impose fees and costs in accordance with Rule 37(a)(5)(A). Specifically, they seek attorney fees in so moving and the nonrefundable expert fee incurred for a scheduled site inspection which Fred Meyer unilaterally cancelled with a few days' notice. (*See* Dkt. No. 29 at 16–17.) In response, Fred Meyer argues that such an award is unwarranted here because it was substantially justified in refusing to supplement discovery and refusing a business-hours inspection of its store, or because it is otherwise unjust. (*See* Dkt. No. 32 at 8.)[2]

#### 1.   Rule 34 Inspection Expert Costs

Plaintiffs first seek recovery of $4,120.90 in nonrefundable expert fees incurred as a result of Fred Meyer's unilateral cancellation of the Rule 34 inspection scheduled for December 10, 2025. (*See* Dkt. No. 29 at 10).[3] Fred Meyer responds that it should not bear the cost for cancellation of a tentative inspection date. (*See* Dkt. No. 32 at 9.) The Court disagrees. Rule 37(a)(5)(A) serves a compensatory purpose. *GMAC Bank v. HTFC Corp.*, 248 F.R.D 182, 193 (E.D. Pa. 2008) (citing *Hutto v. Finney*, 437 U.S. 678, 690 (1978) ("the award . . . makes the prevailing party whole for expenses caused by his opponent's obstinacy")). While the Court

---

[2] Such an award need not be made if: (1) a movant files before a good faith attempt to obtain discovery; (2) the party opposing disclosure was substantially justified in doing so; or (3) circumstances make an award unjust; may a court opt not to impose monetary penalties. Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

[3] The expert Plaintiff selected requires a 50% non-refundable payment for cancellations made within seven days of a case-related appointment. (*See* Dkt. No. 31 at 4, 67.)

ORDER
C24-5811-JCC
PAGE - 7

understands that others might view it differently,[4] it views Rule 37(a)(5)(A) holistically. And here, the Court previously denied Fred Meyer's protection order as to the Rule 34 inspection. (*See generally* Dkt. No. 27.) Yet Fred Meyer nevertheless asserted that it occur outside regular business hours; contending that this Court's prior order concerned only *scope*, not timing, of the inspection. (*See* Dkt. No. 33 at 3.) While Fred Meyer relented and agreed to a business-hours inspection set for December 10, 2025, it unilaterally cancelled the inspection because it infringed on the holiday shopping season—a fact Fred Meyer must have been aware of when agreeing to the date. (*Id.*) Essentially, Fred Meyer knew that a Rule 34 inspection was warranted, allowed Plaintiffs to rely on an agreed upon date and schedule it with their expert, and then recalcitrantly changed course, resulting in the nonrefundable expert fee now at issue. Awarding Plaintiffs their unrecouped cost for this fee makes them whole for expenses incurred from Fred Meyer's obstinance.

### 2. Attorney Fees in Bringing Motion

Plaintiffs also seek attorney fees in moving to compel: $4,000. (Dkt. No. 29 at 17) (citing Dkt. No. 35 at 6.) Whether Rule 26(e) has been violated is a determination left to the discretion of this Court. *See Bunch v. United States*, 680 F.2d 1271, 1280 (9th Cir. 1982) (citation omitted). Moreover, it has "great latitude" in imposing discovery sanctions. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). First, as to the Rule 34 inspection, the Court finds attorney fees indeed warranted. Fred Meyer initially refused a business-hours inspection of its store, and only changed its position upon receipt of Plaintiffs motion to compel. (*See* Dkt. No. 33 at 3.) Were it not for the motion, then, Fred Meyer may not have reassessed its position on timing. Thus, Plaintiffs' expenses in drafting the motion to compel are recoverable. Second, on the issue of supplementation: Fred Meyer contends its position—that it need "not capitulate to every discovery demand in order to avoid sanctions"—illustrates a substantial justification

---

[4] *See, e.g.*, *Factory Direct Tires, Inc. v. Cooper Tire and Rubber Co.*, 2013 WL 12096531, slip op. at 8 (N.D. Fla. 2013) (excluding expert fees from Rule 37(a)(5)(A) award).

precluding monetary sanctions. (*See* Dkt. No. 32 at 8.) The Court is not convinced. At the time of the motion, Fred Meyer had not supplemented *any* allegedly deficient responses—despite seemingly clear evidence that some, indeed, required supplementation.[5] (*See* Dkt No. 34 at 6.) As a result, the Court will award reasonable attorney fees in moving to compel, to the extent the Court provided the relief Plaintiffs sought. According to his supporting declaration, Plaintiffs' counsel spent five hours drafting the motion, at an hourly rate of $800. (*See* Dkt. No. 30 at 6.) The Court finds the overall time reasonable, although it notes Plaintiffs did not succeed on each and every request (just most). So it will reduce the fee award by one hour of time spent by counsel (to four hours). As to the rate, it finds $600 a more reasonable rate than the $800 requested here, given recent awards. *See, e.g.*, *O.H., et al. v. Secret Harbor*, W.D. Wash. Cause No. 2:23-cv-00060-JNW, Dkt. Nos. 180, 186 (W.D. Wash 2025). This results in a net attorney fee award of $2,400.

III.   **CONCLUSION**

For the reasons described above, the Court GRANTS in part Plaintiffs' motion to compel (Dkt. No. 29) and ORDERS as follows:

1. The Rule 34 inspection shall occur March 30, 2026, at 8 a.m., or a mutually agreeable alternative time and day, as described above;

2. Fred Meyer must supplement interrogatories 1, 4, 5 (as necessary), 6, 8, 10, 14 (as necessary), and 15;

3. Fred Meyer must fully respond to requests for production 5, 10–11, 13, 28–29, 34, and 39–43; and

4. Plaintiffs are awarded $4,120.90 in expert costs and $2,400 in attorney fees for bringing this motion, for a total of $6,520.90 in Rule 37(a)(5)(A) costs.

---

[5] For instance, Fred Meyer's refusal to supplement Interrogatory 8 (relating to complaints regarding cart issues) or 15 (relating to employees working at the Tacoma Fred Meyer store on the date of incident) do not seem substantially justified.

ORDER
C24-5811-JCC
PAGE - 9

DATED this 19th day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE