Hon. John C. Coughenour

# UNITED STATES DISTRICT COURT

## DISTRICT OF WASHINGTON - WESTERN DIVISION

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC. an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the state of Washington,<br><br>Defendants. | Case No.: 3:24-cv-05811-JCC<br><br>**GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR: May 12, 2026<br><br>ORAL ARGUMENT REQUESTED |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in the United States District Court for the Western District of Washington, Defendant Gatekeeper Systems, Inc. ("Gatekeeper"), by and through its undersigned attorneys, will and hereby does move pursuant to Fed. R. Civ. Pro. 56 for an order granting it summary judgment on all claims in Plaintiffs Jean Lubken and William Lubken's ("Plaintiffs") complaint.  In the alternative, Gatekeeper

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF -
PAGE 1
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

will and hereby does move for an order granting partial summary judgment as to those causes of action and issues for which this Court finds there is no dispute of material fact, leaving for trial only those issues for which this Court finds a triable dispute for trial.

This motion is made on the grounds that there is no triable issue of material fact and Gatekeeper is entitled to summary judgment on all of Plaintiffs causes of action against it because there is no evidence that Gatekeeper caused Ms. Lubken's fall, a required element of each of Plaintiffs' causes of action.

Alternatively, Gatekeeper seeks partial summary judgment as follows: Plaintiffs' causes of action for "Washington Common Law — Negligence, Gross Negligence, and Premises Liability," also fail as a matter of law because they are preempted by the Washington Products Liability Act, 7.72.010, *et. seq.*  The premises liability theory incorporated into this cause of action also fails because Gatekeeper did not own, possess, or control the premises where the alleged fall occurred.

Plaintiffs' cause of action for loss of consortium also fails as a matter of law because it is preempted by the Washington Products Liability Act, 7.72.010, *et. seq.*

Finally, Plaintiffs' WPLA cause of action also fails for the same reason: the cause of action requires proof of causation and Plaintiffs have none.  Plaintiffs rely only on their own conclusory allegations regarding the cause of Ms. Lubken's fall.

Gatekeeper's motion is based on this notice of motion and motion for summary judgment; the memorandum of points and authorities attached hereto; the declarations of Craig Greenberg and Scott LaSalle and all exhibits attached thereto; all pleadings and papers on file in this action; and such other matters as the Court may deem appropriate.

///

///

///

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 2
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Respectfully Submitted,

Dated:  April 9, 2026

THE AGUILERA LAW GROUP, APLC

Scott LaSalle (WSBA 57862)
The Aguilera Law Group, APLC
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
Telephone: (253) 356-8600
Facsimile: (253) 356-8610
slasalle@aguileragroup.com

*Attorneys for Defendant*
*Gatekeeper Systems, Inc.*

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF -
PAGE 3
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

# **TABLE OF CONTENTS**

I.      INTRODUCTION ……………………………………………………………1

II.     STATEMENT OF FACTS.......................................................................................2

   A.   Plaintiff Falls While Shopping at Fred Meyer on December 23, 2023 ......................2

   B.   Plaintiffs Initiate Suit Based on the December 23, 2023 Incident ..............................5

III.    ARGUMENT..........................................................................................................5

   A.   Summary Judgment Standard.....................................................................................5

   B.   Plaintiffs Cannot Prevail on their Cause of Action against Gatekeeper for
   "Washington Common Law — Negligence, Gross Negligence, and Premises Liability"....6

     1.   Gatekeeper Cannot Be Liable Under any of Plaintiffs' Negligence Theories
     Because They Are Preempted by the Washington Products Liability Act ........................7

     2.   Gatekeeper Cannot Be Liable Under any of Plaintiffs' Negligence Theories
     Because Plaintiffs Cannot Establish that Gatekeeper Caused Ms. Lubken's Harm ...........7

     3.   Gatekeeper Cannot be Liable Under a Gross Negligence Theory Because there is
     no Evidence of Serious Negligence ................................................................................9

     4.   Gatekeeper Cannot Be Found Liable Under a Premises Liability Theory Because it
     Did not Own, Possess, or Control The Premises ...........................................................10

   C.   Gatekeeper Cannot Be Liable Under Any of Plaintiffs' Products Liability Theories
   Under RCW 7.72.030 Because Plaintiff Cannot Establish that a Product Manufactured by
   Gatekeeper Caused Ms. Lubken's Fall ...........................................................................10

   D.   Plaintiffs' Loss of Consortium Claim Fails Because Plaintiffs Cannot Establish that
   Gatekeeper Committed a Legal Wrong Against Ms. Lubken ...........................................11

IV.     CONCLUSION......................................................................................................11

TABLE OF CONTENTS - PAGE i
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242,248-49, 256 (1986) ...................................................................................2

*Burchfiel v. Boeing Corp.*,
149 Wn. App. 468, 494 (2009) ......................................................................................11

*Celotex Corp. v. Catrett*,
477 U.S. 317, 323 (1986) ................................................................................................6

*Francom v. Costco Wholesale Corp.*,
98 Wn. App. 845 (2000) ................................................................................................11

*Freund v. Nycomed Amersham*,
347 F.3d 752, 761 (9th Cir. 2003) ..................................................................................5

*Johnson v. Spokane to Sandpoint, LLC*,
176 Wn. App. 453, 460 (2013) ........................................................................................9

*Macias v. Saberhagen Holdings, Inc.*,
175 Wash.2d 402 (Wash. 2012)......................................................................................7

*Marshall v. Bally's Pacwest, Inc.*,
94 Wn. App. 372, 377 (1999) ..........................................................................................1

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)........................................................................................................6

*Minahan v. W. Wash. Fair Ass'n*, 1
17 Wash.App. 881, 890 (2003)........................................................................................8

*Nist v. Tudor*,
67 Wn.2d 322, 331, 407 P.2d 798 (1965).......................................................................9

*Pickard v. Sears Roebuck & Co.*,
290 Fed. Appx. 975 (9th Cir. 2008)...............................................................................10

*Ranger Ins. Co. v. Pierce Cnty.*,
164 Wn.2d 545, 553 (2008) ............................................................................................8

*Saralegui Blanco v. Gonzalez Sandoval*,
197 Wn.2d 553, 559 (2021) ..........................................................................................10

*Soremekun v. Thrifty Payless, Inc.*,
509 F.3d 978, 984 (9th Cir. 2007)...................................................................................6

*Washington Water Power Co. v. Graybar Elec. Co.*,
112 Wn.2d 847 (Wash. 1989) ........................................................................................7

*Wilson v. Stone*,
71 Wn.2d 799, 802 (1967) ..............................................................................................8

**Statutes**

28 U.S.C. § 1332(a)(1)...................................................................................................5

Fed. R. Civ. P. 56(a), (c)..............................................................................................5

RCW 7.72.010 .............................................................................................................7

RCW 7.72.010(4)..........................................................................................................7

RCW 7.72.030 .........................................................................................................5, 10

RCW 7.72.030(1), (2) .................................................................................................10

**Other Authorities**

65A C.J.S., *Premises Liability* § 381 (2000) ............................................................10

Wash. Pattern Jury Instr. Civ. WPI 15.01 (7th ed.) .....................................................8

TABLE OF AUTHORITIES - PAGE ii
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The mere occurrence of an accident and an injury does not necessarily lead to an inference of negligence. *Marshall v. Bally's Pacwest, Inc.*, 94 Wn. App. 372, 377 (1999). Yet, this is the theory Plaintiffs Jean and William Lubken ("Plaintiffs") are implicitly relying on in the instant case.

Plaintiffs allege that while shopping at a Fred Meyer store, Ms. Lubken fell when the shopping cart stopped abruptly and her foot contacted one of the rear wheels on the cart. Plaintiffs speculate that the cart stopped because an anti-theft wheel manufactured by Gatekeeper Systems, Inc. ("Gatekeeper") "locked-up."  The problem with this theory is that there is no evidence to support it.  There were no witnesses to the fall.  Ms. Lubken herself testified that she does not know what caused the cart to stop.  Moreover, through no fault of Gatekeeper, the shopping cart was not preserved and cannot be inspected.  No known inspections of it took place after the accident.

Despite the absence of any evidence regarding the cause of her fall, Plaintiffs are pursuing causes of action against Gatekeeper under Washington law for "Washington Common Law — Negligence, Gross Negligence, and Premises Liability," products liability under the Washington Products Liability Act, " and  loss of consortium. (Dkt. No. 1-1 at § IV.)  These claims fail as a matter of law based on the undisputed facts.

Plaintiffs' negligence cause of action under theories of general negligence, gross products liability, is barred because the Washington Products Liability Act ("WPLA"), RCW 7.72.010, *et. seq.* provides the exclusive remedy for product-related harm. Plaintiffs' allegations against Gatekeeper arise exclusively from their allegations that Gatekeeper manufactured and provided the anti-theft wheel on the shopping cart.

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 1
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Even if Plaintiffs could overcome the WPLA preemption hurdle, their negligence claim fails as a matter of law because there is no evidence that the anti-theft wheel malfunctioned or otherwise caused Ms. Lubken's fall.  Causation is a required element under any negligence theory.  Plaintiffs' WPLA cause of action also fails for the same reason: the cause of action requires proof of causation and Plaintiffs have none.  Plaintiffs rely only on their own conclusory allegations regarding the cause of Ms. Lubken's fall.  Conclusory allegations are insufficient to create a triable issue.) *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248-49, 256 (1986)(conclusory allegations are insufficient to create a triable issue.)

Plaintiffs' gross negligence theory independently fails because there is zero evidence of conduct by Gatekeeper that approaches the heightened standard for gross negligence. Plaintiffs' premises liability theory independently fails because Gatekeeper did not own or control the Fred Meyer store where Ms. Lubken fell.

Finally, Plaintiffs' loss of consortium cause of action fails because it is contingent on the existence of underlying tort liability.  As discussed, Gatekeeper cannot be found liable for any of Plaintiffs' causes of action.

## II.    STATEMENT OF FACTS

### A.    Plaintiff Falls While Shopping at Fred Meyer on December 23, 2023

Plaintiffs allege that on December 23, 2023, while Ms. Lubken was shopping at the Fred Meyer store located at 4505 S. 19th Street, Tacoma, Washington, 98405, the shopping cart she was pushing abruptly stopped, but her right foot continued forward and contacted the rear right wheel, which caused her to fall.  (Dkt. No. 1-1 at ¶ 1.1, 1.4; Decl. LaSalle, Ex. A  [hereinafter, "Pltf. Depo."] at 53:4 – 53:13, 54:13 – 54:20.)  There were no witnesses to Ms. Lubken's fall. (Pltf. Depo. at 58:13 – 58:19; Decl. LaSalle, Ex. B [hereinafter, "Padilla Depo."] at 36: 4-26:6, 52:8 – 52:13; Decl. La Salle, Ex. C [hereinafter, "Smittling Depo." at 23:2 – 23:16.)

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 2
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Plaintiffs allege that the shopping cart stopped abruptly because an anti-theft wheel manufactured by Gatekeeper locked-up. (Dkt. No. 1-1 at ¶ 1.4.)  However, in her deposition, Ms. Lubken testified that she does not know what caused the cart to stop:

Q Okay. So when the cart stopped, was it your impression that it
had stopped at one of the wheels in the front or the back or it was
all together the whole thing?

A I'm not a person who's designed to know about shopping carts,
but I know that that cart stopped on the spot, and I was jolted.

(Pltf. Depo. at 53:14 – 53:20.)  Ms. Lubken further testified that she believes the cart "system locked" because she was unable to move forward and "was propelled to the ground." (*Id.* at 77:5 – 77:11, 78:15 – 78:22.)  Ms. Lubken did not inspect the cart after her fall. (*Id*. 62:8 – 62:17.)

Fred Meyer employees Angela Padilla, an assistant manager, and Kenneth Smittling, a relief assistant manager, both responded to Ms. Lubken's fall. (Padilla Depo. at 34:24 – 35:10; Smittling Depo. at 7:7 – 7:10, 33:8 – 33:12.)  Mr. Smittling's only recollection of the December 23, 2023, incident is a vague memory of "something like that happening." (Smittling Depo. at 24:19 – 25:1.)  Mr. Smittling testified that he does not remember the cart at issue and does not know what happened to the cart.  (Smittling Depo. at 33:5 – 33:12, 35:11 – 36:19.)  He does not recall any discussions to preserve the cart or set it aside. (*Id*. at 35:16 – 35:19.)

///

///

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 3
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Ms. Padilla was notified of Plaintiff's fall by another Fred Meyer employee via walkie-talkie and when Ms. Padilla arrived, Plaintiff was sitting on the ground. (Padilla Depo. 34:20 – 36:10, 49:13 – 49:19.) The cart being used by Ms. Lubken was a smaller shopping cart which Ms. Padilla believes only had one anti-theft wheel at the time of the fall. (*Id*. at 14:8 – 14:17.)  Later, two anti-theft wheels were installed on all carts. (*Id.* at 13:17 – 14:11.) Ms. Padilla does not recall what happened to the cart on the day of the incident, other than the fact that it was pushed out of the aisle by someone else. (*Id*. at 68:22 – 69:5.)  She has no memory of inspecting the cart and does not remember if anyone from Fred Meyer inspected it. (Padilla Depo. at 72:20 – 73:5, 74:4 – 74:7, 81:25 – 81:25.)  She has no memory of talking to any Fred Meyer employee that had inspected the cart about how the cart was working. (Padilla Depo. at 82:5 – 82:9.)  The cart was not set aside or preserved.  (Padilla Depo. 74:8-74:10.)  Ms. Padilla does not know why it wasn't set aside. (*Id.* at 83:14 – 83:16.)

Chad Peterson, the manager at the Fred Meyer where Ms. Lubken fell, was never told what happened to the cart. (Decl. LaSalle, Ex. D [hereinafter, "Peterson Depo."] at 22:21 – 22:22.)  He does not have an understanding of whether any Fred Meyer employee inspected the cart or found anything wrong with it after Ms. Lubken's fall.  (*Id.* at 22:23 – 23:5.) He does not know if the cart was put back into service or put somewhere else. (*Id.* at 23:6 – 23:10.)

In its December 24, 2024, response to a request for production requesting production of the shopping cart involved in the incident, Fred Meyer stated that the "[s]ubject shopping cart was not preserved upon conclusion of investigation." (Decl. LaSalle, Ex. E [Fred Meyer Resp to Gatekeeper RFP] at Resp. No. 2.) In their March 17, 2025, responses to requests for production asking Kroger and Fred Meyer to produce the shopping cart and anti-lock device used by Ms. Lubken on the day of her fall, each entity responded that they are "not in possession of the responsive shopping car[t] or anti-theft device." (Decl. LaSalle, Ex. F [Fred

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 4
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Meyer Resp. to Pltf.'s Rog/RFP] at Resp. to RFP No. 36; Ex. G [Kroger Resp. to Pltf's Rog/RFP Resp.] at Resp. to RFP No. 36)(capitalization removed.)

Gatekeeper has never owned, managed, or controlled the premises located at 4505 S. 19th Street, Tacoma, Washington, 98405. (Decl. Greenberg, ¶ 3.)

### B.   Plaintiffs Initiate Suit Based on the December 23, 2023 Incident

On or about September 3, 2024, Plaintiffs filed suit against Fred Meyer Stores, Inc., The Kroger Co., and Gatekeeper Systems, Inc. based on the December 23, 2023, incident in Pierce County Superior Court.  (Dkt. No. at 2:8 – 2:9.) Defendants Fred Meyer Stores, Inc., and The Kroger Co. removed the case to this Court based on diversity under 28 U.S.C. § 1332(a)(1). (Dkt. No. 1.) The complaint was filed in this Court on September 25, 2024. (Dkt. No. 1-1.)

Plaintiffs are pursuing the following causes of action: (1) "Washington Common Law — Negligence, Gross Negligence, and Premises Liability" against all defendants; (2) "Products Liability — RCW 7.72.030" against Gatekeeper; (3) "Products Liability — RCW 7.72.040" against Fred Meyer and Kroger; and (4) "Washington Common Law — Loss of Consortium" (Dkt. No. 1-1 at § IV.)

### III.   ARGUMENT

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). The instant case is in federal court on the basis of diversity jurisdiction.  Accordingly, Washington state substantive law and the federal summary judgment standard apply.

### A.  Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery, and declarations show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). Material facts are those which may

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF -
PAGE 5
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party bears the initial responsibility of presenting the basis of its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to demonstrate the existence of a genuine issue of material fact with specific facts, not mere conclusory allegations. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,248-49, 256 (1986.). A fact is material only if it affects the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

All reasonable inferences from the record are drawn in favor of the non-moving party. A*nderson*, 477 U.S. at 255. However, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.")

## B. Plaintiffs Cannot Prevail on their Cause of Action against Gatekeeper for "Washington Common Law — Negligence, Gross Negligence, and Premises Liability"

Plaintiffs' first cause of action for "Washington Common Law — Negligence, Gross Negligence, and Premises Liability" appears to be a negligence cause of action brought under multiple theories: general negligence, gross negligence, and premises liability. As a matter of law based on the uncontroverted facts, Plaintiffs cannot prevail under any of these theories.

///

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 6
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

**1.    Gatekeeper Cannot Be Liable Under any of Plaintiffs' Negligence Theories Because They Are Preempted by the Washington Products Liability Act**

The Washington Products Liability Act ("WPLA"), RCW 7.72.010, *et. seq.* is the exclusive remedy for product liability claims under Washington law. *Macias v. Saberhagen Holdings, Inc.,* 175 Wash.2d 402 (Wash. 2012). The WPLA preempts common law claims involving harm caused by a product subject to limited exceptions not relevant here. *Washington Water Power Co. v. Graybar Elec. Co.,* 112 Wn.2d 847 (Wash. 1989), *amended sub nom. Washington Power Co. v. Graybar Elec. Co*., 779 P.2d 697 (1989); RCW 7.72.010(4). "Insofar as a negligence claim is product-based, the negligence theory is subsumed under the WPLA product liability claim." *Macias,* 175 Wash.2d at 409.

In the instant case, Plaintiffs' negligence claim against Gatekeeper is based solely on allegations that a product it manufactured and sold, the anti-theft wheel, was dangerous and caused Ms. Lubken's fall. (Dkt. No. 1-1 at ¶¶ 5.3, 6.3 – 6.4; Decl. La Salle, Ex. H [Pltf Resp to Interrog.] at No. 6 – 7.) The sole basis for Plaintiffs' negligence claim is thus, that the product (the wheel) allegedly malfunctioned or was defective. Accordingly, because Plaintiffs' claims against Gatekeeper are product based, the WPLA provides the exclusive remedy. Plaintiffs have, in fact, pled a WPLA cause of action against Gatekeeper confirming their claim is product-based. Plaintiffs' standalone negligence claim against Gatekeeper is therefore preempted by the WPLA and must be dismissed.

**2.    Gatekeeper Cannot Be Liable Under any of Plaintiffs' Negligence Theories Because Plaintiffs Cannot Establish that Gatekeeper Caused Ms. Lubken's Harm**

Even if Plaintiffs' negligence claims were not already barred by the WPLA, they would still fail. To establish the elements of an action for negligence, the plaintiff must prove:

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 7
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

(1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cnty.,* 164 Wn.2d 545, 553 (2008). "If any of these elements cannot be met as a matter of law, summary judgment for the defendant is proper." *Id.* at 553. Negligence is never presumed and one who asserts it has the burden of proving it by substantial evidence. *Wilson v. Stone*, 71 Wn.2d 799, 802 (1967).

Proximate cause consists of two elements: cause-in-fact and legal causation. *Hartley v. State*, 103 Wash.2d 768 (1985). Cause in fact refers to the "but for" consequences of an act—the physical connection between an act and an injury. *Id*. at 777-78. Legal causation evaluates "whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." *Minahan v. W. Wash. Fair Ass'n*, 117 Wash.App. 881, 890 (2003). Proximate cause is established if the cause "in a direct sequence [unbroken by any superseding cause,] produces the [injury] [event] complained of and without which such [injury] [event] would not have happened." Wash. Pattern Jury Instr. Civ. WPI 15.01 (7th ed.)(italics removed.)

Here, Plaintiffs cannot establish cause-in-fact because there is no evidence that any product manufactured by Gatekeeper, or any other action by Gatekeeper, caused Ms. Lubken's fall. Although Ms. Lubken may believe that one of the cart's wheels "locked up," she does not know whether one of the wheels stopped or the entire cart at once. (Pltf. Depo. at 53:14 – 53:20.) In other words, she does not know what caused the cart to stop. There were no witnesses to the fall that can provide additional insight.

Further, neither Ms. Lubken nor any Fred Meyer employee inspected the cart after her fall. The cart was not preserved by Fred Meyer, which had possession of it, and it is unavailable for inspection as part of this litigation. There is thus no physical evidence that any wheel, let alone a wheel manufactured by Gatekeeper, malfunctioned. Nor can such evidence be developed since the cart is unavailable.

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 8
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Under the circumstances, Plaintiffs' allegation that a wheel manufactured by Gatekeeper caused her fall is pure speculation. Such speculation is insufficient to create a triable issue of material fact as to causation.

### 3. Gatekeeper Cannot be Liable Under a Gross Negligence Theory Because there is no Evidence of Serious Negligence

Gross negligence is " 'negligence substantially and appreciably greater than ordinary negligence,' i.e., 'care substantially or appreciably less than the quantum of care inhering in ordinary negligence.'" *Johnson v. Spokane to Sandpoint, LLC*, 176 Wn. App. 453, 460 (2013)(quoting *Nist v. Tudor*, 67 Wn.2d 322, 331, 407 P.2d 798 (1965)). Evidence of negligence is not evidence of gross negligence; to raise an issue of gross negligence, there must be substantial evidence of serious negligence. *Nist,* 67 Wash.2d at 332. "To meet this burden of proof on summary judgment, the plaintiff must offer something more substantial than mere argument that the defendant's breach of care arises to the level of gross negligence." *Johnson v. Spokane to Sandpoint, LLC,* 176 Wn. App. 453, 460, 309 P.3d 528, 533 (2013).

In the instant case, Plaintiffs have not pled, let alone developed, substantial evidence of gross negligence. The complaint does not distinguish between defendants or specify the conduct allegedly supporting Plaintiffs' gross negligence theory. Instead, Plaintiffs broadly allege that defendants provided "unsafe equipment" and "knew or should have known that the anti-theft device was dangerous in that it would unexpectedly lock." (Dkt. No. 1-1 at ¶¶ 6.3, 6.4.) Even if Plaintiffs could prove these allegations (they cannot), they sound in general negligence, not gross negligence. Moreover, there is no evidence of any "serious" negligence by Gatekeeper. Accordingly, as a matter of law, Plaintiffs cannot prevail under a gross negligence theory.

///

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 9 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

**4. Gatekeeper Cannot Be Found Liable Under a Premises Liability Theory Because it Did not Own, Possess, or Control The Premises**

Under Washington law, a duty to exercise reasonable care to prevent injury to third parties on the property can only be found where the defendant possessed the property. *Saralegui Blanco v. Gonzalez Sandoval*, 197 Wn.2d 553, 559 (2021)("To establish the existence of a duty, a plaintiff must show that the defendant *possessed* the land")(emphasis in original.); See also 65A C.J.S., *Premises Liability* § 381 (2000) (liability for a dangerous condition on property is predicated upon the occupancy, ownership, control, possession, or special use of such premises.)  A possessor of land is a party that occupies and controls the land. *Saralegui Blanco,* 197 Wn.2d at 559.

In the instant case, Kroger and Fred Meyers owned and operated the store where Ms. Lubken fell. (Dkt. No. 1-1 at ¶ 2.2, 2.3, 6.4.)  Gatekeeper has never owned, managed, or controlled the retail store, real property, or any portion of the premises located at 4505 S. 19th Street, Tacoma, Washington, 98405. (Decl. Greenberg, ¶ 4.)  Thus, as a matter of law, Gatekeeper did not owe a duty to Ms. Lubken and cannot be found liable as a matter of law.

**C. Gatekeeper Cannot Be Liable Under Any of Plaintiffs' Products Liability Theories Under RCW 7.72.030 Because Plaintiff Cannot Establish that a Product Manufactured by Gatekeeper Caused Ms. Lubken's Fall**

There are multiple types of product liability theories that can be pursued against a manufacturer under the WPLA.  RCW 7.72.030.  In the instant case, Plaintiffs' product liability claim against Gatekeeper, as a manufacturer, based on defective design, manufacturing defect, and failure to warn. (Dkt. No. 1-1 at ¶ 7.3.)  Each of these theories require proof that the alleged defect proximately caused the plaintiff's injuries. RCW 7.72.030(1), (2); *see also Pickard v. Sears Roebuck & Co.,* 290 Fed. Appx. 975 (9th Cir. 2008)(unreported)(Under Washington law, buyer failed to establish products liability claim

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - PAGE 10
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

against retailer of miter saw, absent showing that alleged design and construction defects in miter saw proximately caused his injury.)

As already discussed above, Plaintiffs' contention that an anti-theft wheel manufactured by Gatekeeper caused her fall is pure speculation. There is no evidence other than Ms. Lubken's "belief" that her fall was caused by a wheel on her shopping cart malfunctioning by locking up. Even if she could establish that a wheel locked up, there is no evidence regarding which wheel purportedly locked up. Thus, Plaintiff cannot establish that any Gatekeeper product malfunctioned, much less that such malfunction caused her fall.

**D. Plaintiffs' Loss of Consortium Claim Fails Because Plaintiffs Cannot Establish that Gatekeeper Committed a Legal Wrong Against Ms. Lubken**

"Damages for loss of consortium are proper when a spouse suffers loss of love, society, care, services, and assistance due to a tort committed against the impaired spouse." *Burchfiel v. Boeing Corp.*, 149 Wn. App. 468, 494 (2009). Washington recognizes loss of consortium as an independent cause of action, however, there can be no claim for loss of consortium if no legal wrong has been committed against the impaired spouse. *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845 (2000), *as amended on reconsideration* (Feb. 29, 2000). Here, Plaintiffs cannot prevail on their loss of consortium claim because, as detailed above, all of their other causes of action fail as a matter of law. Since Plaintiffs cannot prove a legal wrong, they cannot recover loss of consortium damages. To the extent Jean Lubken is claiming loss of consortium, she is the impaired spouse, and is not a proper party to bring a loss of consortium claim.

**IV.    CONCLUSION**

For the foregoing reasons, defendant Gatekeeper Systems, Inc. respectfully requests that this Court enter summary judgment in its favor as to all of Plaintiffs' causes of action against it, or in the alternative, grant partial summary judgment.

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF -
PAGE 11
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Dated:  April 9, 2026

THE AGUILERA LAW GROUP, APLC

Scott LaSalle (WSBA 57862)
The Aguilera Law Group, APLC
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
Telephone: (253) 356-8600
Facsimile: (253) 356-8610
slasalle@aguileragroup.com

GATEKEEPER SYSTEMS, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF -
PAGE 12
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402