# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

                    Plaintiffs,

    vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

                    Defendants.

NO. 3:24-CV-05811-JCC

**PLAINTIFFS' MOTION FOR ORDER OF CONTEMPT, SPOLIATION, AND SANCTIONS**

**NOTED FOR HEARING: MAY 22, 2026**



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

# I.    INTRODUCTION

Plaintiffs respectfully move the Court to enter an order finding Defendants Fred Meyer Stores, Inc. and The Kroger Co. (hereinafter "Fred Meyer") in contempt of this Court's March 19, 2026 order on Plaintiffs' Motion to Compel, impose sanctions against Fred Meyer to remedy the prejudice Fred Meyer's recalcitrant conduct has caused Plaintiffs, and to find that Fred Meyer has committed spoliation by failing to preserve the product which injured Plaintiff Jean Lubken.

Fred Meyer concealed over fifty incident reports regarding customers who suffered similar injuries as Plaintiff Jean Lubken when using shopping carts modified with an anti-theft wheel manufactured by Gatekeeper Systems, Inc.  On March 19, 2026, the same day that this Court filed its order granting Plaintiffs' Motion to Compel, Plaintiffs received a batch of incident reports, not from Fred Meyer, but instead from an attorney representing another injured customer who brought similar claims against Fred Meyer and Gatekeeper Systems, Inc. in a case filed in this same district court.  *Larocque v. The Kroger Co., et al.*, W.D. Wash. No. 3:25:cv-05380-MJP.  In *Larocque*, District Court Judge Marsha J. Pechman entered an order in September of 2025 compelling Fred Meyer to identify other customers injured as a result of the deployment of the anti-theft lock and to produce incident reports.[1]  Plaintiffs only recently obtained this batch of incident reports from Larocque's counsel, nearly at the close of discovery in this case and on the same day this Court filed its order compelling Fred Meyer to supplement its discovery responses.

Following this Court's order compelling discovery from Fred Meyer, Plaintiffs' counsel

---

[1] *Larocque v. The Kroger Co., et al.*, W.D. Wash. Cause No. 3:25:cv-05380-MJP, Dkt. 35.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 1  |  No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

requested supplementation from Defendants within approximately a month after this Court's order. Plaintiffs' counsel specifically informed Fred Meyer that Plaintiffs were aware of Fred Meyer producing responsive records in other litigation that was not produced in this case and requested supplementation of the same. Rather than comply with this Court's order or operate cooperatively with Plaintiffs in discovery, counsel for Fred Meyer feigned ignorance about other parallel litigation and requested Plaintiffs to reveal what they knew about what records Fred Meyer has not produced.

On April 13, 2026, Kroger supplemented its discovery responses solely as to providing a description of the basis for its affirmative defenses. Neither Kroger nor Fred Meyer produced the numerous incident reports which Fred Meyer produced in other litigation, nor corrected prior discovery responses to acknowledge its possession of such evidence.

Discovery in this matter closes on May 18, 2026. Fred Meyer has violated this Court's order as well as provided false discovery responses by withholding hundreds of pages of many incident reports documenting many injuries customers have sustained when using the anti-theft device which injured Plaintiff Jean Lubken. Accident history for the subject product at issue in this case as well as Fred Meyer's knowledge of the hazard go to the heart of this case. Plaintiffs have unquestionably been prejudiced by Fred Meyer's fraudulent concealment of this evidence. Had Plaintiffs obtained the concealed evidence, the hundreds of pages of incident reports would have been utilized in Plaintiffs' written discovery as well as the subject of numerous additional depositions taken in this case. Plaintiffs have been deprived of their ability to advance their case due to Fred Meyer's fraudulent concealment of critical evidence as well as complete defiance of this Court's order.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 2 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Given the clear violation of Fed. R. Civ. P. 26(g) and this Court's order, there can be no faith that Fred Meyer has not concealed more evidence responsive to Plaintiffs' discovery requests. Fred Meyer's willful violation of the discovery rules and this Court's order has left Plaintiffs in a position of being completely prejudiced in their ability to prosecute this case. Given that discovery closes in less than three weeks from the date of filing this motion and with trial scheduled on September 14, 2026, there is no lesser remedy available than to find Fred Meyer in default for its brazen violations of the discovery rules, its misrepresentations to this Court and Plaintiffs, and its willful violation of this Court's order compelling discovery. Plaintiffs would also request that the Court instruct the jury to make adverse inferences against Fred Meyer for its concealment of evidence and violation of the rules of discovery.

In addition to sanctions for Fred Meyer's discovery violations, Plaintiffs also request that the Court enter an order of spoliation. On the date of Jean Lubken's accident, Fred Meyer staff required Ms. Lubken to fill out an accident report. Ms. Lubken communicated that her fall was caused by the wheel of her shopping cart locking up and the same information was recorded in a report which Fred Meyer submitted to its insurance carrier the same day of the incident. Fred Meyer staff testified that they were aware of the shopping cart's connection to Ms. Lubken's fall and that litigation was anticipated thus triggering the insurance claim, yet Fred Meyer failed to preserve the shopping cart or the anti-theft wheel installed on the cart.

Plaintiffs have been prejudiced by Fred Meyer's spoliation of the device which injured Ms. Lubken. By way of example, Gatekeeper Systems, Inc. has filed a motion for summary judgment arguing that Plaintiffs are unable to "prove" definitely that its anti-theft wheel was defective or was the cause of the cart locking up. Had Fred Meyer preserved this critical

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 3  |  No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

evidence, Plaintiffs would be able to prove definitively that the wheel had locked.  Fred Meyer had a duty to preserve the evidence, given that litigation was anticipated with Fred Meyer having tendered an insurance claim immediately after Ms. Lubken's accident.  Plaintiffs should not be the party to suffer the prejudice as a result of Fred Meyer's failure to preserve evidence.

Accordingly, Plaintiffs respectfully request that the Court enter an order of contempt against Fred Meyer, enter a spoliation finding, and craft a remedy sufficient to address the extreme prejudice Fred Meyer has caused.

## II.    RELEVANT FACTS

### A.    Fred Meyer Failed to Preserve the Product Which Caused Plaintiff Jean Lubken's Fall

On December 23, 2023, Ms. Lubken was pushing a shopping cart inside a Fred Meyer store when the wheel of her shopping cart stopped abruptly, causing her to fall.[2]  Ms. Lubken laid on the ground for two minutes until another customer came across her, moved the shopping cart off of her, and went to get Fred Meyer staff.[3]

Fred Meyer home assistant manager Angela Padilla responded to Ms. Lubken's fall. Immediately after the fall incident, Ms. Padilla filled out an incident report with Ms. Lubken and submitted the claim to Sedgwick, Fred Meyer's insurance provider.[4] Ms. Padilla wrote in the incident report to the insurance carrier that Ms. Lubken reported that the shopping cart's wheel had locked up which caused her to be injured.[5]   Ms. Padilla had a phone conversation



[2] Ulmer Decl., Dkt. 40 at Ex. 1 at 53:4-54:20, 54:9-20.

[3] *Id*. at 58:23-59:14.

[4] Ulmer Decl., Dkt. 40 at Ex. 2.

[5] *Id.*



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

with Sedgwick insurance on the day of the incident.[6]  Ms. Padilla testified that the reason she filled out the incident report to send to the insurance carrier on the day of the incident was because litigation was anticipated as soon as the accident occurred.[7]

Despite submitting an insurance claim immediately after the incident and that litigation was anticipated, Fred Meyer failed to preserve the cart.  Ms. Padilla testified that the subject cart was located by Ms. Lubken when she located Ms. Lubken on the floor following her fall.[8]  Ms. Padilla also testified that she was able to identify which cart was used during the incident.[9]  When Mr. Lubken returned to the store the day after Ms. Lubken's fall to request to inspect the cart, Fred Meyer staff indicated that the cart "had been put back into circulation."[10]

**B.**     **Fred Meyer Represented to the Court that It Fully Responded to Discovery in Prior Motion Practice**

On February 10, 2026, Plaintiffs filed a motion to compel Fred Meyer to supplement its discovery responses due to its refusal to respond to basic discovery requests.[11]  As outlined in the prior motion to compel, Fred Meyer refused to produce records responsive to most of Plaintiffs' requests for production, including the following requests:

REQUEST FOR PRODUCTION NO. 5: Please produce all records relating to or mentioning situations where the ANTI-THEFT DEVICE may lock up the wheel when it was not supposed to.

REQUEST FOR PRODUCTION NO. 28: Please produce ALL DOCUMENTS and records regarding any complaints, comments, reports, or other information YOU received that any ANTI-THEFT DEVICE caused injuries.

---

[6] Ulmer Decl., Dkt. 40 at Ex 3 at 53:10-15.

[7] *Id*. at 93:13-94:2.

[8] *Id.* at 49:13-23.

[9] *Id.* at 51:2-5.

[10] Ulmer Decl., Dkt. 40, Ex. 1 at 66:3-9.

[11] Dkt. 29.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 5  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

REQUEST FOR PRODUCTION NO. 29: Please produce ALL DOCUMENTS and records regarding any complaints, comments, reports, or other information YOU received that any ANTI-THEFT DEVICE was defective or that it otherwise did not work as it was supposed to.[12]

In response to Plaintiffs' motion, Fred Meyer made the following representations to the Court:

- "While Plaintiffs paint a picture of wholesale obstruction, the record tells a different story. ***Defendants have consistently cooperated with discovery***…"[13]

- "Defendants did not refuse to comply with their obligations under Rule 26(e). ***No prior response has become incomplete or incorrect such that supplementation is required.*** Defendants' responses reflect the company's position based on the information available…"[14]

As Defendant Fred Meyer refused to produce the sought-for discovery this Court entering its Order Granting Plaintiffs' Motion to Compel on March 19, 2026.[15]  With respect to Plaintiffs' Requests for Production Nos. 5, 10, 11, 13, 28–29, 34, and 39–43, which addressed Plaintiffs' request for all documents regarding reports that any anti-theft device caused injuries, this Court ordered Fred Meyer to "conduct a 'reasonable supplemental search' for responsive documents not yet produced."[16]  This Court gave Fred Meyer a warning that Defendants were ordered to produce responsive records not yet produced, or face sanctions under Rule 37(b):

If Defendants possess unproduced documentation responsive to these requests they must produce it—if they do not, they should state as such with particularity. Now that the Court has so ordered Defendants to do so, if Plaintiffs later

---

[12] Ulmer Decl., Dkt. 30, Ex. 7 at

[13] Dkt. 32 at 1.

[14] Dkt. 32 at 4.

[15] Dkt. 36.

[16] *Id*. at 6.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 6  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

demonstrate that Defendants failed to heed this warning, Plaintiffs may move for Rule 37(b) sanctions.[17]

### C.    Fred Meyer Concealed Hundreds of Pages of Incident Reports

On March 19, 2026, the same date as this Court's order compelling discovery, Plaintiffs were contacted by counsel for plaintiff in the *Larocque* case and informed that Fred Meyer had possession of hundreds of pages of incident reports detailing many injuries that Fred Meyer customers suffered due to the subject anti-theft locking wheel.  Contrary to the representations made to this Court and to Plaintiffs, Fred Meyer in the Larocque case disclosed **82 incidents** of customer injuries as a result of Gatekeeper's anti-theft wheel.[18]  Counsel for Larocque also forwarded over 400 pages of incident reports dated 2020 through 2026 occurring in the Fred Meyer stores located in Washington State, documenting many reported injuries due to Gatekeeper's anti-theft wheel abruptly stopping.[19]  The many reported injuries are consistent with Ms. Lubken's incident, where the shopping cart locked without warning causing bodily injuries to many customers.

Included in the batch of incident reports are numerous incidents which occurred within the Fred Meyers store between the grocery store aisles and not at the exit doors, similar to Ms. Lubken, which involved a cart suddenly stopping and causing injury.[20]  There is likewise an incident report of a customer falling after the cart locked up where the cart, similar to Ms. Lubken's, flipped over.[21]

---

[17] *Id*. at 7.

[18] Ulmer Decl., Dkt. 40, Ex. 5.

[19] Ulmer Decl., Dkt. Nos. 41-42, Ex. 4.

[20] *Id*. at Bates Pages DEF FRED MEYER_000193-199, 327-329.

[21] *Id*. at Bates Pages DEF FRED MEYER_000275-276.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 7  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Notably, these records are only for a limited time frame of 2020 through 2026 and limited to the Washington geographic region.  As Plaintiffs' requests for production were not limited to a timeframe or geographic region, Fred Meyer, which operates nearly one hundred stores across four states, likely has hundreds more incident reports not contained in the file sent by Larocque's counsel.

**D.    Fred Meyer Has Continued to Violate this Court's Order and Conceal Evidence**

On April 7, 2026, Plaintiffs' counsel notified Fred Meyer's counsel that three weeks had lapsed and Defendants had yet to comply with this Court's order.[22]  Plaintiffs requested supplementation of discovery by April 13, 2026.[23]  Counsel for Fred Meyer refused, indicating that it would not be producing records by April 13, stating that this was not a "realistic timeline."[24]  Notably, this statement came weeks after Fred Meyer had already been compelled to produce responsive evidence by Judge Pechman in the *Larocque* case and had already produced hundreds of pages of incident reports to other parties in other cases.

When Plaintiffs' counsel indicated that they were aware of records which Fred Meyer produced in other litigation which as not produced in this case, counsel for Fred Meyer feigned ignorance, requesting that Plaintiffs' counsel disclose which case Plaintiffs were aware of.[25]  On April 13, 2026, The Kroger Co. supplemented its interrogatory responses solely to detail the affirmative defenses Kroger is asserting.[26]  Neither Kroger nor Fred Meyer supplemented

---

[22] Ulmer Decl., Ex. A.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Ulmer Decl., Ex. B.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 8  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

any other discovery responses or produced any further records requested by Plaintiffs as ordered by this Court.

### III.    EVIDENCE RELIED UPON

This Motion relies upon the Declaration of Andrew S. Ulmer in Support of Plaintiffs' Response in Opposition to Defendant Gatekeeper Systems, Inc.'s Motion for Summary Judgment (Dkt. Nos. 40-42), Declaration of Andrew S. Ulmer in Support of Plaintiffs' Motion to Compel (Dkt. 30), Declaration of Andrew S. Ulmer in Support of Plaintiffs' Motion for Order of Contempt, Spoliation, and Sanctions, as well as the records already on file.

### IV. LEGAL ARGUMENT

**A.    Defendant Fred Meyer Willfully Concealed Responsive and Relevant Evidence, Made False Statements to this Court, Violated this Court's Order Compelling Discovery, and Should be Sanctioned.**

Fed. R. Civ. P. 26(g) provides:

> […] By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (A) with respect to a disclosure, **it is complete and correct as of the time it is made**; and
>
> (B) **with respect to a discovery** request, **response**, or objection, **it is**:
>
> > (i) **consistent with these rules** and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> >
> > (ii) **not interposed for any improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> >
> > […]
>
> (3) Sanction for Improper Certification. **If a certification violates this rule without substantial justification, the court**, on motion or on its own, **must impose an appropriate sanction on the signer, the party on whose behalf**

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 9  |  No. 3:24-CV-05811-JCC

**the signer was acting, or both**. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 37(b)(2) provides:

(b) Failure to Comply with a Court Order.

    (2) Sanctions Sought in the District Where the Action Is Pending.

        (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

            (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

            **(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;**

            […]

            **(vi) rendering a default judgment against the disobedient party; or**

            **(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.**

Civil contempt occurs when a party fails to comply with a court order. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). Failure to comply need not be intentional. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); *Perry*, 759 F.2d at 705.

Here, there is no question that Fred Meyer and its counsel willfully violated Fed. R. Civ. P. 26(g) by representing to the Court that Defendants' discovery responses were complete when

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 10 | No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

this was indeed false as Fred Meyer concealed hundreds of pages of responsive incident reports from Plaintiffs.  There cannot also be no dispute that Fred Meyer violated this Court's order compelling supplementation of discovery, thereby warranting relief to cure the prejudice dealt to Plaintiffs under Fed. R. Civ. P. 37(b)(2).  Given the gravity of the discovery violation and the willfulness of the withholding, Plaintiffs request that the Court grant the relief set forth in Fed. R. Civ. P. 37(b)(2)(a)(ii), (vi), and (vii) by entering an order of default against Fred Meyer as the disobedient party.

The evidence concealed by Fred Meyer was willfully withheld.  Fred Meyer has produced the requested evidence in parallel litigation.  Notably, Fred Meyer's recalcitrance in the parallel litigation likewise required Judge Pechman to enter an order to compel Fred Meyer's compliance with discovery.  Fred Meyer has proven itself to be a party that fails to comply with its discovery obligations before multiple judges of this district court.  Fred Meyer has likewise demonstrated a refusal to respect the order of this Court by withholding hundreds of pages of responsive documents readily available to Fred Meyer to produce in this case which it produced in other litigation.  The withheld evidence is also critical – it documents over sixty injuries sustained by customers within just a five year span of time solely in stores located in Washington State involving the same device at issue in this case prior to and during the time frame that Plaintiff Jean Lubken was injured.  Where Plaintiffs bring negligence and premises liability claims against Fred Meyer and Kroger, their notice of the hazard and failure to respond to said hazard is instrumental to Plaintiffs' claims.  Had Plaintiffs obtained the sought-after evidence, entire new branches of discovery would have been pursued, new witnesses would

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 11 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

have been disclosed and deposed, and additional written discovery requests would have been crafted.

Most concerning, however, is that at this point neither Plaintiffs nor the Court can rely on the veracity of Fred Meyer's discovery responses or representations in this case. Plaintiffs did not bring this motion for sanctions following Fred Meyer's belated production of evidence, but rather only because Plaintiffs were lucky enough to be contacted by a fellow victim who brought a similar lawsuit against Fred Meyer and shared records that another plaintiff possessed which Fred Meyer denied possessing in this case. The Ninth Circuit has held that such conduct warrants case-dispositive relief to the prejudiced party:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. […] There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result. Sometimes, as in *Anheuser–Busch*, a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts[…] Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057–58 (9th Cir. 1998). Similarly here, Fred Meyer has damaged the integrity of the discovery process. Fred Meyer has been recalcitrant throughout discovery in this matter necessitating multiple court interventions, yet continues to dismiss this Court and Plaintiffs' discovery requests. Without question, Fred Meyer is in possession of responsive records it withheld from this Court and Plaintiffs. Additionally, it is all but certain that more responsive evidence is in Fred Meyer's possession which Plaintiffs have not been able to obtain through the lucky happenstance of a fellow victim sharing records she managed to obtain. Plaintiffs have been deprived of a fair trial as a result

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

Page 12 | No. 3:24-CV-05811-JCC

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

of Fred Meyer's violation of the rules of discovery and obstructionist conduct. Discovery will now conclude within a matter of days and Fred Meyer has been proven to have flagrantly violated the rules and this Court's order, and has deprived Plaintiffs of a fair trial. Granting relief set forth in Fed. R. Civ. P. 37(b)(2)(a)(ii), (vi), and (vii) is appropriate and necessary.

**B.    Fred Meyer Has Also Committed Spoliation of Critical Evidence**

This Court recently outlined the requisite showing to support a finding that a party spoliated evidence:

> In evaluating Defendant's spoliation claim, the Court first looks to whether Plaintiff spoliated relevant evidence when it sent the pumps and motors allegedly damaged by All-Trans to be scrapped. District courts possess inherent authority to impose sanctions against a party in response to the party's spoliation of relevant evidence. See *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009).

> The party alleging spoliation must prove:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

> *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (collecting cases).

> "[T]he 'duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation.' " *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011) (quoting *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011)). "Stated differently, the duty to preserve is triggered not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Id*. […] In the Ninth Circuit, a court may impose sanctions on a party for spoliating evidence if the court finds that the party acted with "conscious disregard" of its discovery obligations; generally, a finding of bad faith is not required. See *Apple Inc.*, 888 F. Supp. 2d at 998 (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS


PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

Page 13 | No. 3:24-CV-05811-JCC

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

363, 368 n.2 (9th Cir. 1992)); *Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423, slip op. at 7 (N.D. Cal. 2005) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108) ("[The culpable state of mind] factor is satisfied by showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it], or negligently.' ").

*Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, No. C19-0062-JCC, 2020 WL 1492676, at *3–4 (2020)

Here, Fred Meyer had sole control of the subject device which injured Ms. Lubken. Fred Meyer is the owner and custodian of the shopping cart used by Ms. Lubken. After Ms. Lubken sustained broken bones and was unable to walk, Fred Meyer became the custodian of both Ms. Lubken and the shopping cart that injured her. Fred Meyer staff that first responded to Ms. Lubken testified that litigation was anticipated and that this was the reason Fred Meyer immediately generated an incident report, a claim for their insurance company, and spoke with the insurance company on the same day of the accident. There is no question that the evidence which Fred Meyer failed to preserve was relevant – this was the very device which caused Ms. Lubken's fall. Gatekeeper has filed a motion for summary judgment attempting to take advantage of the failure to preserve evidence by alleging that there is insufficient evidence to find that the anti-lock wheel was actuated and caused the cart to lock. Fred Meyer's failure to preserve evidence has prejudiced Plaintiffs' ability to prosecute her case. Finally, the shopping cart was "destroyed" "knowingly" by virtue of Fred Meyer not preserving the evidence. The destruction of this evidence was not the result of, for example, a standard record retention policy that results in the automatic deletion of certain records generated by a business, but instead by the intentional choices of the employees to not preserve the cart in their possession which injured Ms. Lubken.

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 14 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## V.    CONCLUSION

Based on the foregoing, Plaintiffs request that the Court grant Plaintiffs' motion for contempt, sanctions, and spoliation.

RESPECTFULLY SUBMITTED this 1st day of May, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 4,179 words in compliance with the Local Rules.*

By

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 15  |  No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Andrew S. Ulmer,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law;          ahbraf@scheer.law;          josephm@sheer.law;
shiloha@scheer.law

*Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.*

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

*Counsel for Defendant Gatekeeper Systems, Inc.*

DATED this 1st day of May, 2026.

/s/ Andrew S. Ulmer
Andrew S. Ulmer

PLAINTIFFS' MOTION FOR ORDER OF
CONTEMPT, SPOLIATION, AND SANCTIONS

Page 16 | No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654