Hon. John C. Coughenour

# UNITED STATES DISTRICT COURT

## DISTRICT OF WASHINGTON - WESTERN DIVISION

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiff,

v.

FRED MEYER STORES, INC. an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the state of Washington,

Defendants.

Case No.: 3:24-cv-05811-JCC

**GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

Noted for Consideration: May 12, 2026

ORAL ARGUMENT REQUESTED

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT- PAGE 1

CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

**TABLE OF CONTENTS**

I.   INTRODUCTION................................................................................................1

II.  PLAINTIFFS HAVE THE BURDEN OF PRESENTING EVIDENCE FROM WHICH A RATIONAL TRIER OF FACT COULD FIND IN THEIR FAVOR ...............................1

III. PLAINTIFFS' HAVE NOT AND CANNOT ESTABLISH A TRIABLE ISSUE ON ANY OF THEIR CAUSES OF ACTION ...............................................................................2

   A.  Plaintiff's Theory That the Cart's Gatekeeper Manufactured Anti-Theft Wheel Locked Up Is Pure Speculation....................................................................2

IV.  EVEN IF THEY WERE ADMISSIBLE, DR. KOHLES' OPINIONS DO NOT CREATE A TRIABLE ISSUE OF FACT....................................................................5

   A.  Dr. Kohles Opinions Lack Foundation and are Speculative Because the Subject Cart Was Never Inspected..............................................................................5

   B.  Dr. Kohles Opinions Lack Explanation and are Inconsistent with How the Gatekeeper System Actually Functions.............................................................6

   C.  Dr. Kohles Own Testing Undermines Plaintiffs' Theory................................8

V.   SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS COMMON LAW CLAIMS PLAINTIFF CONCEDES THEY ARE PREEMPTED BY THE WASHINGTON PRODUCTS LIABILITY ACT ......................................................9

VI.  THE COURT SHOULD STRIKE AND DISREGARD PORTIONS OF PLAINTIFFS' EVIDENCE AS INADMISSIBLE ...................................................9

   A.  Unauthenticated Incident Reports from *Other Stores* Should be Stricken....................9

   B.  Plaintiffs' Counsel's Argument Should be Stricken ....................................10

   C.  The Report of Dr. Kohles Should be Excluded in Whole or in Substantial Part.........10

   D.  Hearsay Restatements of Ms. Lubken's Claim that the Wheel Locked Should be Excluded.....................................................................................13

VII. CONCLUSION................................................................................................13

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)........................................................1

*Jahr v. United States*, 259 F.Supp.3d 1158, 1162 (W.D. Wash. 2017)........................ 2, 4, 6, 8

*Macias v. Saberhagen Holdings, Inc.,* 175 Wash.2d 402 (Wash. 2012)...................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) .......................1

*Tidewell v. Carter Prods*., 135 F.3d 1422, 1425 (11th Cir. 1998) ...........................................2

*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).............................1

**Statutes**

Fed. R. Evid. 401 ....................................................................................................................13

Fed. R. Evid. 602, 702 .............................................................................................................12

Fed. R. Evid. 702 .....................................................................................................................12

Fed. R. Evid. 801-803...............................................................................................................13

**Other Authorities**

RCW 7.72.010 ...........................................................................................................................9

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

## I.     **<u>INTRODUCTION</u>**

All of Plaintiffs causes of action against Gatekeeper Systems, Inc. require Plaintiffs to establish causation.  Plaintiffs have not and cannot do so because there is no evidence from which a reasonable jury could conclude that Gatekeeper caused Ms. Lubken's fall.

The dispositive facts are undisputed.  There were no witnesses to Ms. Lubken's fall.  There is no video of Ms. Lubken's fall.  Ms. Lubken herself does not know what caused her fall.  The cart used by Ms. Lubken when she fell was not inspected on the incident date and is now unavailable through no fault of Gatekeeper.

Yet, Plaintiffs oppose summary judgment relying heavily on the report of their expert of Sean S. Kohles, Ph.D.  Dr. Kohles does **not** opine that the subject cart stopped abruptly or caused Ms. Lubken's fall.  Rather he offers generalized criticisms of the cart security "system" and overly broad conclusions that have no factual basis or bearing on this case.  Plaintiffs also attempt to manufacture a triable issue by citing unauthenticated incident reports from different Fred Meyer stores with insufficient factual similarity to have any bearing on the instant case.

Ultimately, Plaintiffs' opposition is based on nothing more than speculation and an attempt to confuse and overcomplicate the issues.  Speculation and argument are insufficient to avoid summary judgment.

## II.    **<u>PLAINTIFFS HAVE THE BURDEN OF PRESENTING EVIDENCE FROM WHICH A RATIONAL TRIER OF FACT COULD FIND IN THEIR FAVOR</u>**

Gatekeeper has demonstrated the absence of a genuine issue of material fact and the burden has now shifted to Plaintiffs to demonstrate the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To meet their burden, Plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A mere "scintilla of evidence" is not sufficient to avoid summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 1
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

Rather, there must be "substantial conflict in evidence to support a jury question." *Tidewell v. Carter Prods.*, 135 F.3d 1422, 1425 (11th Cir. 1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Jahr v. United States*, 259 F.Supp.3d 1158, 1162 (W.D. Wash. 2017) (citation omitted.)

## III. PLAINTIFFS' HAVE NOT AND CANNOT ESTABLISH A TRIABLE ISSUE ON ANY OF THEIR CAUSES OF ACTION

Plaintiffs do not refute that all of their causes of action require proof that an act or omission by Gatekeeper caused Plaintiffs' alleged injuries. Plaintiffs have failed to come forward with *evidence* of causation, only speculation.

### A. Plaintiff's Theory That the Cart's Gatekeeper Manufactured Anti-Theft Wheel Locked Up Is Pure Speculation

Plaintiffs speculate that an anti-theft wheel manufactured by Gatekeeper locked up causing Ms. Lubken to fall. However, Plaintiffs have failed to come forward with evidence from which a reasonable jury could agree with their theory.

There is no genuine dispute regarding the dispositive facts. It is beyond refute that there are no known witnesses to Ms. Lubken's fall. Plaintiffs' *argument* that "witnesses have testified that Ms. Lubken's fall was caused by the anti-theft wheel manufactured by Gatekeeper," does not cite any *evidence*. This argument is at best a mistake and at worst an intentional misstatement because **there were no known witnesses to Plaintiff's fall**. (Pltf. Depo. at 58:13 – 58:19; Decl. LaSalle, Ex. B at 36: 4-26:6, 52:8 – 52:13; Decl. La Salle, Ex. C at 23:2 – 23:16.) Further, there is no video of Ms. Lubken's fall.

It is also undisputed that the cart that Ms. Lubken was pushing was not inspected and cannot be inspected because it was not preserved. Plaintiffs complain about *Fred Meyer's* failure to preserve the cart and allude to a missing video of the incident. (Pltf. Oppo. 7:11 - 8:5.) The improper conduct of Fred Meyer, if any, should not be imputed to Gatekeeper. It would be inequitable to penalize Gatekeeper for the conduct of a separate, independent

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 2 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

business with respect to a premises over which Gatekeeper had no control.

Ms. Lubken is the sole source of first-hand knowledge regarding her fall. She testified that the shopping cart she was pushing stopped abruptly which led her foot to contact a wheel and caused her fall. (Decl. LaSalle, Ex. A [Pltf. Depo.] at 53:4 – 53:10.) She testified that she does not know what caused the cart to stop "abruptly." Ms. Lubken testified:

> Q Okay. So when the cart stopped, was it your impression that it had stopped at one of the wheels in the front or the back or it was all together the whole thing?
>
> A **I'm not a person who's designed to know about shopping carts**, but I know that that cart stopped on the spot, and I was jolted.

(Decl. LaSalle, Ex. A [Pltf. Depo.] at 53:14 – 53:20)(emphasis added.) Ms. Lubken *speculated* that the cart had malfunctioned, but when asked to elaborate, she clarified that the only basis for this assertion was the fact that the cart stopped:

> A What? The cart did malfunction. The cart did halt. The cart did lock.
>
> Q Other than the cart halting what caused you to believe that the cart malfunctioned?
>
> A **Because it locked, and I couldn't move it**, and then I had the following fall.

(Decl. Ulmer, Ex. A [Pltf. Depo.] at 76:13 – 76:18.)(emphasis added.)

Ms. Lubken subsequently further clarified that **she does not know whether the cart malfunctioned**:

> A Okay. Let's please do. I'm pushing the cart. The cart wheel locked. The cart itself locked. I don't know. **I'm not an engineer as to whether it malfunctioned** or what word you're having trouble with there, but I was in a situation where the cart locked and that is what happened ahead of the fall.

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 3
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

(Decl. LaSalle, Ex. A [Pltf. Depo.] at 78:1 – 78:6.)  Plaintiff then again made clear that her lay belief that the cart's "system locked" was based on the fact that the cart stopped:

> Q Do you know why the cart stopped?
>
> A The system locked.
>
> Q And you checked that?
>
> A I was not in a position to be looking at whether that was the case. I was falling.
>
> Q So how do you know that the system locked?
>
> A It was unable to move, and I was propelled to the ground.

(*Id*. at 78:15 – 78:22.)

Plaintiffs offer no admissible, competent evidence that bridges the gap between Ms. Lubken's testimony and their theory regarding the Gatekeeper wheel.  As discussed further below, Plaintiffs' expert, Dr. Kohles, did not examine the subject cart and thus cannot opine regarding whether there were product defects.  Further, there are numerous issues with his declaration, which are further detailed below.

Additionally, there is no evidence that the cart required unlocking after the accident.  None of the Fred Meyers' employees that were present on the day of the accident testified that the cart had  to be unlocked.  To the contrary, Ms. Padilla testified that the cart was simply "pushed out of the aisle." (Decl. LaSalle, Ex. B [Padilla Depo.] Ex. B at 68:22 – 68:25.)  If a Gatekeeper anti-theft wheel on the subject shipping cart had locked, it would have remained locked until a handheld remote key was used to unlock it. (Decl. Kulaga, ¶ 6.)  Further, not all of the wheels on the shopping carts are Gatekeeper anti-theft wheels. (Decl. LaSalle, Ex. B [Padilla Depo] at 14:4 – 14:17.)

///

///

///

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 4
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

IV.  **EVEN IF THEY WERE ADMISSIBLE, DR. KOHLES' OPINIONS DO NOT CREATE A TRIABLE ISSUE OF FACT**

Plaintiffs rely heavily on their expert Sean S. Kohles, Ph.D.'s report.  As discussed below, most if not all of Dr. Kohles report is inadmissible. Even assuming arguendo its admissibility, it fails to create a triable issue of fact as to the cause of Ms. Lubken's fall.

A.  **Dr. Kohles Opinions Lack Foundation and are Speculative Because the Subject Cart Was Never Inspected**

As has been emphasized: the subject cart was not inspected and has not been preserved.  It is not even conclusively established which style of cart (large or small), Ms. Lubken was using on the day of her fall.  As Gatekeeper's expert Thomas J. Kulaga, P.E. explains "[w]ithout inspection and testing of the actual cart involved in the incident, it is **impossible** to assess the subject cart's condition, configuration, or functional performance at the time of the incident." (Decl. Kulaga, ¶ 4.) (emphasis added.)  Thus, Dr. Kohles cannot determine whether the ***subject cart*** contained any defect, and without such information, it is impossible to determine that a cart defect caused Ms. Lubken's fall.

Although it spans 18-pages, Dr. Kohles' report ultimately says very little of substance. As to Gatekeeper, Dr. Kohles' opinion is that "Gatekeeper Systems Inc. designed and manufactured a product with functional flaws which also directly contributed to the hazardous incident."(Decl. Kohles, Ex. 2 [Kohles Report] at p. 7.)  Notably, ***Dr. Kohles does not opine that the subject cart itself was defective***.  He goes on to identify alleged flaws in the cart ***system***:

> Design, manufacturing, and functional flaws within the grocery cart theft-protection **system** included:
> a. Inconsistent wireless signal responsiveness,
> b. Delayed master to slave wheel interactions,
> c. Inconsistent placement of lockable wheels,
> d. Inconsistent permission time periods for cart use,
> e. Differing normal and brake wheel material properties including wear resistance,

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 5 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

f. Lack of weatherproofing of brake wheel hubs

(*Id.* at p. 7)(emphasis added.)  These alleged "flaws" are generalized, unclear criticisms of the overall theft-protection *system*, not critiques of the subject cart.  Because the subject cart was not inspected and is now unavailable, it is impossible to conclude that any of the alleged "flaws" existed on the subject cart.  Further, Dr. Kohles never explains how any of these alleged flaws could have caused the subject cart to abruptly stop, i.e. "lock."

## B. **Dr. Kohles Opinions Lack Explanation and are Inconsistent with How the Gatekeeper System Actually Functions**

The likely reason that Dr. Kohles fails to elaborate on how the alleged system flaws caused Plaintiff's fall is because he cannot.

Plaintiffs' theory depends on the unsupported assumption that a Gatekeeper anti-theft wheel on the cart used by Ms. Lubken spontaneously and abruptly locked.  As Mr. Kulaga's declaration explains, a Gatekeeper wheel ***cannot lock*** without both: (1) a valid lock command; and (2) sufficient battery power to actuate the brake mechanism. (Decl. Kulaga at ¶ 7.)  The wheels receive lock commands in one of two ways: from an inlaid wire loop at store exits or if engaged by a handheld remote key. (*Id.* at ¶ 6; Decl. Kohles, Ex. 2 [Kohles Report] at p. 9, 11)

Importantly, the loss of wireless connection cannot cause inadvertent braking because the wheels are not designed to remain in constant communication with the store system.  (Decl. Kulaga at ¶ 8.)  Rather , the wheel remains free rolling unless and until it receives a lock command. (*Ibid.*)  Similarly, low or lost battery power cannot cause inadvertent braking because the brake mechanism requires power to actuate. (*Id.* at ¶ 9.) If battery power is insufficient, the wheel will not lock. (*Ibid.*)  Thus, the two alleged "flaws" that Dr. Kohles most heavily emphasizes (battery and wireless signal issues), even if they existed, would not cause a Gatekeeper wheel to abruptly lock.

Mr. Kulaga explains how each of the alleged manufacturing, design, and functionality flaws that Dr. Kohles identifies do not support Plaintiffs' theory:

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL
SUMMARY JUDGMENT - PAGE 6
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

| **Alleged Flaw** | **Impact** |
| --- | --- |
| "Inconsistent wireless signal responsiveness" (Kohles Report at p. 7.) | "If the wireless signal is inconsistent, the wheel would occasionally not receive a valid lock command, preventing a valid lock event" (Kulaga, ¶ 12.) |
| "Delayed master to slave wheel interactions" (Kohles Report at p. 7.) | "If there was a delay in braking events between master and slave wheels, the lock event would become more gradual and less abrupt, with the delay causing braking power to be applied over a longer period of time." (Kulaga, ¶ 12.) |
| "Inconsistent placement of lockable wheels" | "The placement of the wheels is entirely unrelated to the transmission and reception of the lock command or the actuation of the brake and has no bearing on the subject incident." (Kulaga, ¶ 12.) |
| "Inconsistent permission time periods for cart use" (Kohles Report at p. 7.) | "Inconsistent permission time periods have no bearing on the subject incident, as Plaintiff had not passed a register and the wheel had no opportunity to receive a permission command." (Kulaga, ¶ 12.) |
| "Differing normal and brake wheel material properties including wear resistance" (Kohles Report at p. 7.) | "Differences in wheel material properties has no bearing on the subject incident as the material condition would only affect coefficients of friction, not the actuation of the brake." (Kulaga, ¶ 12.) |
| "Lack of weatherproofing of brake wheel hubs" (Kohles Report at p. 7.) | "Lack of wheel weatherproofing has no bearing on the subject incident, as no evidence exists to indicate that weather intrusion into the subject wheel had any effect." (Kulaga, ¶ 12.) |

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL
SUMMARY JUDGMENT - PAGE 7
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

In sum, "none of these alleged defects will result in an inadvertent actuation of the wheel brake, and no theory of inadvertent actuation failure rooted in the available facts has been presented." (Kulaga, ¶ 12.)

Dr. Kohles' report also offers identifies alleged inspection, repair, and maintenance flaws in the grocery cart theft prevention system including wheel degradation, worn and damages wheels and braking mechanisms, and no "wheel function status inspection." (Decl. Kohles, Ex. 2 [Kohles Report] at p. 6.)  However, these criticisms are directed at The Kroger Co., not Gatekeeper, and accordingly, cannot be relied on to overcome summary judgment. (Id. at p. 7.)(" Further, my opinion is that multiple inspection, repair, and maintenance flaws by The Kroger Co. . . .")  Additionally, "even if these issues could be shown, none would cause inadvertent activation of the anti-theft wheel or wheels on shopping carts." (Decl. Kohles, ¶ 14.)

### C. Dr. Kohles Own Testing Undermines Plaintiffs' Theory

Dr. Kohles own testing undermines Plaintiffs' theory that a Gatekeeper wheel locked and caused the subject cart to abruptly stop.

During a site inspection on March 30, 2026, Dr. Kohles tested three large carts and three small carts. (Decl. Kohles, Ex. 2 [Kohles Report] at p. 9.)  Again, none of these were the subject cart which is unavailable.  Dr. Kohles tested these carts by using a handheld remote key to send a lock command to the cart being tested. (*Id.* at p. 9- 10.)  According to Dr. Kohles own report, after braking was engaged the carts *continued traveling forward.*  (*Id.* at p. 10.)  Small carts continued forward 47 to 53 inches after braking – that's **approximately four feet**! (*Id*. at p. 10.) Larger carts continued forward 34 to 51 inches after braking – that's between approximately three and four feet. (*Id*. at p. 10.)

During testing, none of the carts instantly stopped. (Id. at p. 9 – 10; Decl. Kulaga, ¶ 14.) Further, "none of the testing performed by Dr. Kohles resulted in a wheel that locked without receiving a lock command." (Decl. Kulaga, ¶ 14.)  Thus, Plaintiffs' experts own testing not only fails to support Plaintiffs' theory but affirmatively contradicts it.

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 8 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC 1201 PACIFIC AVE, STE. 600 TACOMA, WA 98402

**V.    SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS COMMON LAW CLAIMS PLAINTIFF CONCEDES THEY ARE PREEMPTED BY THE WASHINGTON PRODUCTS LIABILITY ACT**

As set forth in the underlying motion, Plaintiffs' common law cause of action for "Washington Common Law — Negligence, Gross Negligence, and Premises Liability" is preempted by the Washington Products Liability Act ("WPLA"), RCW 7.72.010, *et. seq.*, which is the exclusive remedy for product liability claims under Washington law. *Macias v. Saberhagen Holdings, Inc.,* 175 Wash.2d 402 (Wash. 2012).

Plaintiffs indeed concede that the "WPLA supplants common law claims" based on harm from a product and that its claims against Gatekeeper based on the WPLA (RCW 7.72.030.) (Pltf. Oppo. at 15:15- 16:3.)  Plaintiffs' suggest that the court merely order that Plaintiffs claims against Gatekeeper are subsumed under the WPLA. (Pltf. Oppo 3:18 - 4:2.)  This is insufficient.  Plaintiffs' complaint purports to bring its Washington common law cause of action as to "Defendants," without carving out Gatekeeper.  Summary judgment should be granted in Gatekeeper's favor on Plaintiffs' common law cause of action.

**VI.    THE COURT SHOULD STRIKE AND DISREGARD PORTIONS OF PLAINTIFFS' EVIDENCE AS INADMISSIBLE**

**A.    Unauthenticated Incident Reports from *Other Stores* Should be Stricken**

**Evidence Objected to:** Plaintiffs' Exhibit 4 (collection of incident reports)

**Objections:** Hearsay (Fed. R. Evid 801 – 802, 805); lacks foundation (Fed. R. Evid. 602); irrelevant (Fed. R. Evid. 401 – 402); lacks proper authentication (Fed. R. Evid. 901); confusion of issues, unfair prejudice outweighs probative value (Fed. R. Evid. 403).

Exhibit 4 purports to be a compilation of incident reports from Fred Meyer stores that Plaintiffs' counsel obtained from a *different* attorney who obtained them in a *different* case. (Decl. Ulmer (Vol II), ¶ 2.)  These reports contain multiple levels of hearsay and are not properly authenticated.

Plaintiffs clearly made no effort to narrow these reports down and it is questionable whether they even reviewed them as there are multiple duplicates.  **None of the reports**

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 9
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

**involve the Fred Meyer Store at issue in the instant case**. Additionally, nearly all of the reports involve incidents that occurred at or immediately adjacent to an entrance or exit. Only a single report involves a cart that allegedly locked up in an aisle and tellingly, that report also includes the assessment "the customer changed her story several time while reporting the incident. . ." (Decl. Ulmer (Vol II), Ex. 4 at p. 129 – 131 of PDF).

### B.  Plaintiffs' Counsel's Argument Should be Stricken

**Evidence Objected to:**  "As Fred Meyer indicates in its pleading, there have been 82 incidents of reported injuries from use of Gatekeeper's product." (Decl. Ulmer (Vol. II), ¶ 2.)

**Objections**: Improper attorney argument not evidence; lack of personal knowledge (Fed. R. Evid. 602); hearsay (Fed. R. Evid. 801, 802, 805.)

Mr. Ulner is counsel not a witness.  He has no personal knowledge regarding the incident reports or underlying incidents.  His statement is argument and as such, not proper for a declaration.

### C.  The Report of Dr. Kohles Should be Excluded in Whole or in Substantial Part

**Evidence Objected to:** Report of Sean S. Kohles, Ph.D., dated April 28, 2026, in its entirety (Decl. Kohles, Ex. 2 [Kohles Report].)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid. 702(d)); confusion of issues outweighs probative value (Fed. R. Evid. 403); irrelevant to facts at issue in many parts. (Fed. R. Evid. 401.)

The subject cart that Ms. Lubken was pushing on the day of her accident is the only relevant cart to this action.  Dr. Kohles never inspected the subject cart and it is impossible for him to opine as to whether it was defective in any way or whether it caused Ms. Lubken's fall.  Indeed, Dr. Kohles does not offer such opinions.  Instead, Dr. Kohles' opinions are generalized critiques of the "cart theft-protection system" as a whole.  These opinions are neither supported by fact nor connected to the subject cart.  Dr. Kohles' opinions only confuse

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 10 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC 1201 PACIFIC AVE, STE. 600 TACOMA, WA 98402

the issues.

Additionally, Dr. Kohles' biomechanical opinions regarding whether Ms. Lubken's fall caused here injuries is irrelevant and a red herring. Unless it is established that an issue with the cart caused by Gatekeeper caused Ms. Lubken's fall whether the fall caused her injuries is not at issue.

Because the report is so permeated with speculation, unsupported conclusions, and opinions that have no bearing on the issues in the instant motion for summary judgment, the report in its entirety should be excluded.

**Evidence Objected to:** "Gatekeeper Systems Inc. designed and manufactured a product with functional flaws which also directly contributed to the hazardous incident. (Decl. Kohles, Ex. 2 [Kohles Report] at p. 7)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid. 702(d))

**Evidence Objected to:** "Design, manufacturing, and functional flaws within the grocery cart theft-protection system included: a. Inconsistent wireless signal responsiveness, b. Delayed master to slave wheel interactions, c. Inconsistent placement of lockable wheels, d. Inconsistent permission time periods for cart use, e. Differing normal and brake wheel material properties including wear resistance, f. Lack of weatherproofing of brake wheel hubs;" (Decl. Kohles, Ex. 2 [Kohles Report] at p. 7.)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid.

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL
SUMMARY JUDGMENT - PAGE 11
CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

702(d)); confusion of issues outweighs probative value (Fed. R. Evid. 403); irrelevant to issues presented in motion for summary judgment (Fed. R. Evid. 401.)

**Evidence Objected to:** "At some point within Aisle #86, the Gateway wheel braking system become engaged." (Decl. Kohles, Ex. 2 [Kohles Report] at p. 5.)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid. 702(d)).  There is no evidence that a Gatekeeper wheel actually engaged during the subject incident.

**Evidence Objected to:** "This overall misleading product gave the plaintiff a false sense of reliability and security during previous uses. Based upon the high volume of similar complaints, the product poses an unreasonable and unsafe hazard to any user." (Decl. Kohles, Ex. 2 [Kohles Report] at p.7.)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid. 702(d)); confusion of issues outweighs probative value (Fed. R. Evid. 403).  As discussed above, the incident reports are not relevant to the case.

**Evidence Objected to:**  All portions of Dr. Kohles report under from the heaer "BODY ANTHROPOMETRICS" through the end of page 16. (Decl. Kohles, Ex. 2 [Kohles Report] at p. 14 – 16.)

**Objections:** Lack of foundation (Fed. R. Evid. 602, 702); speculation (Fed. R. Evid. 702);  expert opinion not based on sufficient facts or data; (Fed. R. Evid. 702(b)); expert opinion does not reflect a reliable application of principles/methods to the facts (Fed. R. Evid.

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 12 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402

702(d)); irrelevant (Fed. R. Evid. 401.)  The biomechanical analysis is irrelevant because it cannot be established that a Gatekeeper product caused Ms. Lubken's fall.

### D. Hearsay Restatements of Ms. Lubken's Claim that the Wheel Locked Should be Excluded

**Evidence Objected to:** "Ms. Padilla wrote in the incident report to the insurance carrier that Ms. Lubken reported that the shopping cart's wheel had locked up which caused her to be injured." (Pltf. Oppo.at 6:4 – 6:7 citing Ulmer Decl., Ex 3 [Padilla Depo] at 53:10-15.)

**Objection:** Hearsay (Fed. R. Evid. 801-803)

Plaintiffs' opposition contends that "Ms. Padilla wrote in the incident report to the insurance carrier that Ms. Lubken reported that the shopping cart's wheel had locked up which caused her to be injured," citing Ms. Padilla's deposition testimony in support. (Pltf. Oppo.at 6:4 – 6:7.)  Ms. Padilla's recounting of a statement by Ms. Lubken is double-hearsay for which there is no exception. Fed. R. Evid. 801 – 803.

## VII.    CONCLUSION

Gatekeeper Systems, Inc. respectfully requests that this Court enter summary judgment in its favor as to all of Plaintiffs' causes of action against it, or in the alternative, grant partial summary judgment in its favor.

Dated:  May 7, 2026              THE AGUILERA LAW GROUP, APLC

I certify that this memorandum contains 3955 words, in compliance with the Local Civil Rules.

_/s/ Scott LaSalle_

Scott LaSalle (WSBA 57862)
The Aguilera Law Group, APLC
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
Telephone: (253) 356-8600
Facsimile: (253) 356-8610
slasalle@aguileragroup.com

GATEKEEPER SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT - PAGE 13 CASE NO. 3:24-cv-05811-JCC

THE AGUILERA LAW GROUP, APLC
1201 PACIFIC AVE, STE. 600
TACOMA, WA 98402