**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

         Plaintiffs,

   vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

         Defendants.

NO. 3:24-CV-05811-JCC

**PLAINTIFFS' SURREPLY REGARDING DEFENDANT GATEKEEPER, INC.'S MOTION FOR SUMMARY JUDGMENT**

**NOTED FOR HEARING:**
**MAY 12, 2026**

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION FOR
SUMMARY JUDGMENT

No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

**SURREPLY**

Plaintiffs provide the following surreply pursuant to LCR 7(g).  Defendant Gatekeeper Systems, Inc.'s (hereinafter "Gatekeeper") reply requests that the Court strike virtually all evidence based on genetic, blanket objections.  Defendant's objections are frivolous and violate the well-established principle that blanket objections are treated by the Court as waiver.  See *Bess v. Cate*, No. 2:07-CV-1989 JAM JFM, 2008 WL 5100203, at *4 (E.D. Cal. 2008) (citing *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 n. 4 (N.D.Ill.2001) ("As courts have repeatedly pointed out, blanket objections are patently improper, ... [and] we treat [the] general objections as if they were never made.")).

### A.    Incident Reports (Plaintiffs' Exhibit 4)

Gatekeeper alleges that the incident reports are unauthentic, however the documents were produced by Defendant Fred Meyer in response to Request for Production No. 19 in the *Larocque* case, with Fred Meyer specifically identifying the documents in its discovery response.[1]  Documents produced by a party are deemed authentic.  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as ... production of items in response to ... [a] discovery request.").

The Court should overrule Gatekeeper's other boilerplate objections based on relevance, foundation, hearsay, and prejudice.  *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th

---

[1] *See* Ulmer Decl., Dkt. 40, Ex. 5.

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION
FOR SUMMARY JUDGMENT

Page 1  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Cir. 2021) ("objections for relevance are generally unnecessary on summary judgment because they are duplicative of the summary judgment standard itself"); *Sernoffsky v. Novak*, 773 F. Supp. 3d 988, 999 (S.D. Cal. 2025) ("The Court begins with the general position that most, if not all, evidentiary objections are inappropriate at summary judgment… objections such as lack of foundation, speculation, hearsay, relevance, or that evidence is argumentative or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself and unnecessary to consider") (internal quotes and citation omitted).

The Ninth Circuit has held that evidence of "Other Similar Incidents" is not hearsay as they are admissible under the business records exception to the hearsay rule and that they are relevant in product defect cases. *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003) ("[a]s for the customer reports, they were clearly admissible under the business records exception to the hearsay rule to show that Ford had notice of rollaways").

### B.    Statement from Declaration of Andrew S. Ulmer

The declaration from Plaintiffs' counsel merely provides a summary of the information contained in Exhibits 4 and 5. The evidence speaks for itself, however a declaration summarizing the voluminous exhibits was done to assist the Court.

### C.    Opinions of Sean S. Kohles, Ph.D.

A witness is qualified to provide expert testimony on a specific topic under FRE 702 where he possesses "knowledge, skill, experience, training, or education" on the topic. FRE 702; *Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269–70 (9th Cir. 1994). Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the admissibility of expert testimony hinges on

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION
FOR SUMMARY JUDGMENT

Page 2  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

whether the proffered evidence is relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). An expert may proffer her opinion when it reflects: "(1) scientific knowledge," and (2) will help the jury understand or determine an issue of material fact. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir. 1998). The *Daubert* court noted the important inquiry is whether the opinion is (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the witness has applied those principles and methods reliably to the facts. FRE 702.

The test "is not the correctness of the expert's conclusions but the soundness of his methodology," and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony. *Primiano*, 598 F.3d at 564–65. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

The record clearly establishes that Dr. Kohles is sufficiently qualified and that his opinions are based on reliable methods, including performing an inspection of the premises and testing multiple exemplar products of the same type that harmed Ms. Lubken. Defendant Gatekeeper's boilerplate objections to the expert opinions of Dr. Kohles in a reply violates LCR 7(d)(3), which requires all motions to exclude expert testimony under FRE 702/*Daubert* to be noted as a separate motion noted for consideration no earlier than 21 days from the date of filing. The Court should overrule Defendant's objections to Dr. Kohles' opinions for Defendant's failure to comply with this Court's local rules. The purpose of this rule is to provide Plaintiffs the opportunity to fully brief these important issues which is not possible in

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION
FOR SUMMARY JUDGMENT

Page 3 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

a surreply, which is limited to only 1,050 words and where "extraneous argument" is not permitted. LCR 7(g). Should the Court require an additional offer of proof for Dr. Kohles' opinions, Plaintiffs would gladly provide that upon request of the Court.

### D.    Fred Meyer's Incident Report for Ms. Lubken's Fall Indicating That The Wheel Locked (Plaintiffs' Exhibit 3)

As already covered above, incident reports are not hearsay as they fall within the business records exception. *White*, 312 F.3d at 1009; FRE 803(6). Ms. Padilla filled out an incident report regarding Ms. Lubken's fall per the standardized template created by Defendant Fred Meyer to document and record accidents within its premises. This record clearly falls within the hearsay exception and therefore is admissible. Furthermore, Ms. Padilla's deposition testimony regarding her intake and creation of the business record stems from her personal knowledge as the responding employee to the incident and is admissible under FRE 602.

RESPECTFULLY SUBMITTED this 11th day of May, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 1,016 words in compliance with the Local Rules.*

By

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION
FOR SUMMARY JUDGMENT

Page 4 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Andrew S. Ulmer,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

> Jennifer L. Crow
> Ahbra Franco
> Sheer Law, PLLC
> 2101 Fourth Ave, Suite 830
> Seattle, WA 98121
> Jen@scheer.law;          ahbraf@scheer.law;          josephm@sheer.law;
> shiloha@scheer.law
>
> ***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***
>
> Scott La Salle
> The Aguilera Group, APLC
> 1201 Pacific Ave, Suite 600
> Tacoma, WA 98402
> slasalle@aguileragroup.com
>
> ***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 11th day of May, 2026.

/s/ Andrew S. Ulmer
Andrew S. Ulmer

PLAINTIFFS' SURREPLY REGARDING
DEFENDANT GATEKEEPER, INC.'S MOTION
FOR SUMMARY JUDGMENT

Page 5  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654