THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEAN LUBKEN, *et al.*,

               Plaintiffs,

   v.

FRED MEYER STORES, INC., *et al.*,

               Defendants.

CASE NO. C24-5811-JCC

ORDER

This matter comes before the Court on Defendant Gatekeeper Systems, Inc.'s summary judgment motion (Dkt. No. 37). Having thoroughly considered the briefing and record, and finding oral argument unnecessary,[1] the Court DENIES the motion in part and GRANTS the motion in part as described herein.

As previously discussed, this is a slip and fall case. (*See* Dkt. No. 27 at 1.) Plaintiff sued for injuries she incurred from a fall at a Fred Meyer store, when the store's shopping cart theft deterrence system allegedly malfunctioned, causing the cart's wheel to lock up. (*See generally* Dkt. No. 1-1.) Gatekeeper allegedly produced the cart (including its security system). (*See generally id.*) Trial is scheduled for September 14, 2026, with a discovery cut-off on May 18, 2026. (*See* Dkt. No. 21.)

---

[1] Each party has had a full opportunity to brief the issues presented. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

ORDER
C24-5811-JCC
PAGE - 1

In moving for summary judgment, Gatekeeper asks the Court to find that, by failing to marshal physical evidence supporting the cause of the cart's alleged wheel lock up, Plaintiff cannot establish a genuine issue of fact as to the proximate cause of Plaintiff's injuries, namely, the connection between the injuries and the cart's theft deterrence system. (*See generally* Dkt. No. 37.) And without that link, all of Plaintiff's claims against Gatekeeper fail as a matter of law. (*See generally id.*) Alternatively, Gatekeeper seeks judgment as a matter of law that all common law claims against it are preempted by Washington's Products Liability Act ("WPLA"). (*See generally id.*)

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such motions, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).[2] Conversely, if that showing is made, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In response to Gatekeeper's motion, Plaintiff presents significant circumstantial and/or inferential evidence supporting the causal link between her injuries and Gatekeeper's theft deterrence system. (*See, e.g.*, Dkt. Nos. 39, 40, 41, 42.) This is more than enough to establish a

---

[2] However, the nonmovant may not stand on allegations in the complaint, unsupported conjecture, or conclusory statements. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Similarly, uncorroborated, self-serving testimony does not create a factual dispute precluding summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

ORDER
C24-5811-JCC
PAGE - 2

genuine issue of fact as to proximate cause, when viewing Plaintiff's evidence in the light most favorable (as the nonmoving party). *See Anderson*, 477 U.S. at 255. Put simply, there is nothing to Gatekeeper's request for summary judgment as to *all* claims on the issue of proximate cause.

However, as Plaintiff concedes, the WPLA is "the exclusive remedy for product liability claims." (Dkt. No. 38 at 16) (citing, *e.g.*, *Scott v. Amazon.com, Inc.*, 583 P.3d 1155, 1160 (2026)). And all allegations against Gatekeeper sound in product liability. (*See generally* Dkt. No. 1-1.) Thus *common law* claims against Gatekeeper, save loss of consortium, fail as a matter of law. *See Erickson v. Pharmacia LLC*, 578 P.3d 306, 314 (2025), *as amended on denial of reconsideration* (Jan. 21, 2026) (upholding jury verdict for loss of consortium damages in a WPLA case).

For the foregoing reasons, the Court DENIES in part and GRANTS in part Gatekeeper's summary judgment motion (Dkt. No. 37). All common law claims against Gatekeeper, except for loss of consortium, are DISMISSED. The remaining claims survive.

It is so ORDERED this 13th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-5811-JCC
PAGE - 3