Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Scheer.Law PLLC
701 Fifth Avenue, Suite 3860
Seattle, WA 98104
Phone: (503) 446-1767
Fax: (206) 490-0866

*Attorney for Defendants Fred Meyer & The Kroger Co*

UNITED STATES DISTRICT COURT

DISTRICT OF WASHINGTON

WESTERN DIVISION

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,<br><br>Defendants. | NO. 3:24-CV-05811-JCC<br><br>DEFENDANTS FRED MEYER STORES, INC. AND THE KROGER CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF CONTEMPT, SPOLIATION AND SANCTIONS |

## I.     INTRODUCTION

Defendants Fred Meyer Stores, Inc. and The Kroger Co. ("Defendants") respectfully oppose Plaintiffs' Motion for Order of Contempt, Spoliation and Sanctions (Dkt. 43). Plaintiffs ask for an Order for Contempt, Spoliation, and Sanctions on a limited number of issues namely failure to respond to requests for production and spoliation of evidence.  Defendants conducted a reasonable search for documents responsive to Plaintiff's requests, but Defendants were unable to

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

obtain the information for the reasons set forth below.  Furthermore, Defendants disagree there was spoliation of evidence when the store where the incident occurred placed the subject shopping cart back into circulation the same day of the incident.  The disputes that remain do not warrant the relief Plaintiffs seek.

Defendants did not refuse to supplement discovery responses. In fact, Defendants' counsel asked Plaintiff's counsel for information to use to continue their reasonable supplemental search for documents; specifically, the name of a court case in which counsel purported Defendants had previously produced the same or similar documents that Plaintiffs had requested.  Plaintiff's counsel refused to share that information.  Defendants' counsel explained she was conducting a search for responsive documents, and this information could facilitate the search.  Still, counsel refused and instead filed this motion.

Defendants' position regarding spoliation is that the subject shopping cart was placed back into circulation before there was any knowledge that there was to be future litigation and certainly before the lawsuit was filed.

## II.    STATEMENT OF FACTS

This case arises from an incident on December 23, 2023, in which Plaintiff Jean Lubken alleges she was injured by a shopping cart at a Fred Meyer store in Tacoma, Washington. An accident report was completed on the date of the incident.  The subject shopping cart reentered circulation on the date of the incident.

### A.  The Supplementation Dispute

On February 10, 2026, Plaintiff filed a Motion to Compel seeking inter alia supplementation of Defendants allegedly deficient discovery responses. (Dkt. 29). In response to Plaintiff's Motion to Compel, the Court ordered that Fred Meyer conduct a "reasonable supplemental search" for responsive documents to Plaintiff's Requests for Production 5, 10, 11, 13, 28-29, 34, and 39-43. (Dkt. 36).  In the instant motion, Plaintiff's counsel seeks sanctions for Fred Meyer's purposed refusal to produce documents responsive to these requests.  Plaintiff's

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

counsel insists that defense counsel has access to these documents and is willfully withholding them because similar documents purportedly consisting of "hundreds of pages of many incident reports documenting many injuries customers have sustained when using the anti-theft device which injured Plaintiff Jean Lubken" were produced in other litigation. (*See* Dkt. 29 at 2). Plaintiffs' counsel did notify defense counsel of his knowledge of the parallel litigation (of which defense counsel in this matter was unaware), but refused to disclose the case name in which the documents were purportedly produced. *Declaration of Jennifer L. Crow*, ¶ 2. Given that, counsel for Defendants instead did a court docket search throughout the state and federal courts for Washington to determine what Plaintiff could be referring to, and sought contact with counsel in those cases to determine what additional documents may exist and if there were other pending discovery orders in those cases. *Declaration of Jennifer L. Crow*, ¶ 3. Once counsel was able to pinpoint this information, further discussions were had with Defendants and responsive documents were produced. *Declaration of Jennifer L. Crow*, ¶ 4.[1]

**B. The Spoliation Issue**

Plaintiffs allege that they were severely prejudiced because Fred Meyer failed to preserve the cart that allegedly caused Ms. Lubken to fall and instead allowed it to return to circulation within the store. Plaintiffs suggest that if the shopping cart had been set aside, they would be able to "prove definitively that the wheel had locked." (*See* Dkt. 29 at 4). Defendants strongly oppose these allegations for the reasons set forth below.

## III.    ARGUMENT

**A. Counsel Has Conducted a Reasonable Search for Documents**

Defendant has made a reasonable search for documents responsive to Plaintiff's Requests for Production 5, 10, 11, 13, 28-29, 34, and 39-43, and has continued to supplement per discussions with counsel. When Plaintiff's counsel informed defense counsel that responsive documents were produced in parallel litigation, defense counsel immediately asked for the case name to assist with

---

[1] To be clear for the Court, this production included the reports for the last two years as requested, a spreadsheet detailing two additional customer cart lock up complaints, and all Gatekeeper agreements.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

the search for documents. *See Declaration of Jennifer Crow*, ¶ 2. Defense counsel explained that it would help facilitate asking for documents from her client so that they could be produced as soon as possible. *Id.* Defense counsel had no knowledge of the parallel litigation and wanted to investigate further to help guide supplemental searches and speed up production. *Id,* Notably, Plaintiff's counsel refused to share the information about the parallel litigation or the case name, demanded counsel produce the documents (she did not have), and threatened to file a motion if documents were not produced. *Id.* In light of that, the undersigned did a docket search, reached out to counsel in other cases involving Defendants, and used external sources to decipher what case Plaintiff referred to but would not detail. *See Declaration of Jennifer Crow*, ¶ 3. Responsive documents were produced following those efforts. *See Declaration of Jennifer Crow*, ¶ 3.

**B. The Subject Shopping Cart Was Returned to Circulation Prior to Knowledge of Impending Litigation**

Plaintiffs assert Fred Meyer spoliated the shopping cart that Plaintiffs allege caused Ms. Lubken to fall and suffer injuries. Plaintiffs assert that Fred Meyer knew that there would be future litigation and had a duty to preserve the shopping cart evidence instead of allowing the cart to return to circulation. This is not true.

Ms. Lubken filled out an accident report on the date of the incident. As the Court knows, filling out an incident or accident report at a retail store is not equivalent to filing a lawsuit or even issuing a letter for preservation of evidence. Contrary to Plaintiffs' assertions, Fred Meyer was not aware of an impending lawsuit on the date of the incident when the cart was returned to circulation and did not receive notice to preserve the shopping cart. Furthermore, Plaintiffs' conclusion that had the shopping cart been preserved, Plaintiffs would have been able to "prove definitively that the wheel had locked" is purely speculative.

**C. Sanctions Are Not Warranted**

Sanctions are not warranted in this instance for two reasons. First, defense counsel has conducted a "reasonable supplemental search" as ordered by this Court. That search began prior

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

to counsel raising the issue of parallel litigation, and continued after it. Plaintiff's counsel raised an issue with a category of documents based on his personal knowledge of what had been produced in another case pursuant to a broad discovery order (not an order entered in this matter). Defense counsel did not ignore that comment or brush it off, and specifically asked for details to aid in a search. Plaintiff's counsel could have shared information with defense counsel regarding the parallel litigation in which responsive documents were purportedly produced. He declined to do so, as is his right. Defense counsel then took the reasonable and prudent step of docket searches and discussions with counsel in other cases to discern with Defendants if there were additional categories to ask for. Those were located and produced. Defendants are unaware of any contention that this was incomplete or that a further conferral is needed. Although Plaintiff has not contended that this supplemental document discovery necessitates additional deposition testimony, Defendants are agreeable to a further deposition if needed.

Second, Defendants did not intentionally spoliate evidence by returning the shopping cart back to circulation on the date of the incident. When the shopping cart returned to circulation, there was no pending litigation, and Defendants did not anticipate future litigation at that time. There was no request to preserve the shopping cart before the shopping cart was returned to circulation.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1.    Deny Plaintiff's request for an order of spoliation;

2.    Deny Plaintiffs' request for sanctions in its entirety; and

3.    Grant such other relief as the Court deems just and appropriate.

//

//

//

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

SCHEER.LAW PLLC
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

DATED this 15th day of May 2026.

SCHEER.LAW PLLC


/s/ Jennifer L. Crow
Jennifer L. Crow, WSBA No. 43746
jen@scheer.law
Attorney for Defendants Fred Meyer Stores,
Inc., and The Kroger Co.

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS | |
|---|---|---|
| **CO/ Plaintiffs**<br>Darrell L. Cochran<br>Andrew S. Ulmer<br>Alexander G. Dietz<br>Pfau Cochran Vertetis Amala PLLC<br>909 A Street, Suite 700<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>aulmer@pcvalaw.com<br>adietz@pcvalaw.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | |
| **CO/ Plaintiffs**<br>Joseph J.M. Lombino<br>Joseph M. Lombino<br>Lombino Martino PS<br>9315 Gravelly Lake Drive SW, Suite 201<br>Lakewood, WA 98499<br>j.lombino@lombinomartino.com<br>joey.lombino@lombinomartino.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | |
| **CO/ Defendant Gatekeeper System, Inc.**<br>Scott LaSalle<br>Juana Huber<br>The Aguilera Law Group, APLC<br>100 N. Howard Street, #6703<br>Spokane, WA 99201<br>slasalle@aguileragroup.com<br>jhuber@aguileragroup.com | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☒ **Via E-Service**<br>☐ **Via Process Server** | |

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070

DATED this 15th day of May, 2026 at Seattle, Washington.

_/s/ Shiloh Angevine_
Shiloh Angevine, Legal Assistant
shiloha@scheer.law

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER OF
CONTEMPT, SPOLIATION AND SANCTIONS –

**SCHEER.LAW PLLC**
701 FIFTH AVENUE, SUITE 3860
SEATTLE, WA 98104
P: (206) 800-4070