## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM
LUBKEN, husband and wife and
their marital community,

              Plaintiffs,

    vs.

FRED MEYER STORES, INC., an
Ohio corporation doing business in the
State of Washington; THE KROGER
CO., an Ohio corporation doing
business in the State of Washington;
GATEKEEPER SYSTEMS, INC., a
California corporation doing business
in the State of Washington,

              Defendants.

NO. 3:24-CV-05811-JCC

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
ORDER OF CONTEMPT,
SPOLIATION, AND SANCTIONS**

**NOTED FOR HEARING:
MAY 22, 2026**

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

# REPLY

### A.    Fred Meyer's Lawyers Blame Fred Meyer for Not Informing Them About Information Responsive to Plaintiffs' Discovery Requests

Rather than denying that Defendant Fred Meyer willfully withheld hundreds of pages of critically relevant responsive documents in discovery, counsel for Defendant tacitly blames their own client, Fred Meyer, for its failure to inform defense counsel what litigation it was actively involved in and what records it had in its possession that was responsive to Plaintiffs' discovery requests.[1]  Fred Meyer's counsel, Jennifer Crow, admits that her client, Fred Meyer, did not inform her about ongoing litigation Fred Meyer was involved in concerning the exact same product.[2]  According to Ms. Crow, she had to run a public docket search to find cases that her client was actively involved in and contact attorneys in those cases to learn what documents her own client produced in that litigation.[3]

This admission confirms that Defendant Fred Meyer has violated its obligations under Fed. R. Civ. P. 26(g) and 37(b)(2).  Based on Ms. Crow's declaration, it is clear that Fred Meyer was not providing *its own counsel* information responsive to Plaintiffs' discovery requests.  It is not Plaintiffs' burden to inform Fred Meyer's counsel of parallel litigation that Fred Meyer is actively involved in, nor is it permissible for Fred Meyer to wait until Plaintiffs discover evidence withheld by Fred Meyer to produce it.

Fred Meyer knew the withheld incident reports were responsive to Plaintiffs' discovery requests as it supplemented the identical incident reports Plaintiffs obtained from plaintiff's

---

[1] Defense counsel indicates that she "had no knowledge of the parallel litigation and wanted to investigate further to help guide supplemental searches and speed up production."  Dkt. 48 at 4.

[2] Crow Decl., Dkt. 48, ¶¶ 2-3.

[3] *Id*.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 1  |  No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

counsel from the *Larocque* case on May 5, 2026, four days ***after*** Plaintiffs filed the underlying Motion for Ordre of Contempt, Spoliation, and Sanctions.[4]  Fred Meyer clearly only produced this evidence because Plaintiffs filed the underlying motion with the Court and not due to any alleged time needed to supplement discovery, given that this withheld evidence had already been produced in other parallel litigation prior to Plaintiffs filing this motion.  Notably, these records only include the reports Plaintiffs obtained from the *Larocque* case.  Fred Meyer continues to withhold reports for injuries from the subject product occurring outside of Washington state in its many other stores,[5] without leave of this Court or any such limitation set forth in Plaintiffs' discovery request.

The Court should find that Fred Meyer's failure to inform its own counsel of relevant, responsive records constitutes a violation of Fed. R. Civ. P. 26(g) and 37(b)(2).

### B.      Plaintiffs Discovered Additional Withholding of Relevant Evidence Even After Filing the Underlying Motion

Fred Meyer's withholding of critical discovery is not limited to incident reports.  On May 18, 2026, ***the date of the discovery cutoff deadline set by this Court***, Fred Meyer produced for the first time an Excel file which contains a chart of over twenty different incidents regarding shopping cart defects and maintenance logs, identifying within the chart multiple witnesses and third party service providers used by Defendant over the course of approximately one year from 2022 through 2023.[6]

---

[4] Supplemental Declaration of Andrew S. Ulmer in Support of Plaintiffs' Motion for Order of Contempt, Spoliation, and Sanctions ("Ulmer Decl."), Ex. A.

[5] Fred Meyer's website identifies approximately fifty other store locations outside of Washington that were not part of the production provided by plaintiff's counsel in the *Larocque* case.  Website address: https://www.fredmeyer.com/stores/grocery (last checked on May 21, 2026).

[6] Ulmer Decl., Exs. B and C.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 2  |  No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Plaintiffs are entirely mystified by the untimely production of critical evidence on the last day of discovery.  Defendant Fred Meyer has offered no explanation as to how this chart was created, who created it, the list of all Fred Meyer employees involved in the maintenance issues identified in the chart, the names of the third party maintenance vendors identified in the chart, or the contact information for all of the third party vendors listed in the chart.  Clearly there would be additional documents responsive to Plaintiffs' discovery requests based on this untimely production, including documents generated from maintenance provided by the many listed third-party vendors, internal correspondence about the maintenance issues generated by Fred Meyer employees, and any receipts or work orders concerning the maintenance provided. Plaintiffs have been deprived of any ability to engage in further discovery based on this late production of evidence, nor would a trial continuance be fair to Plaintiffs who have been waiting for a recovery for their substantial injuries for years.[7]

Plaintiffs are at a loss on how to proceed in this case at this point given Fred Meyer's clear indifference to its obligations under the discovery rules and to this Court's order compelling production.  The random and sporadic production of documents produced in the last several days only after Plaintiffs filed the underlying Motion demonstrates Plaintiffs' original point – that Fred Meyer cannot be trusted to have fully provided all responsive evidence requested of it.  Fred Meyer ignored Plaintiffs' discovery requests originally propounded on Fred Meyer over a year ago in January of 2025.[8]  Discovery has now closed and there remains more records Fred Meyer has not produced, in clear defiance of this Court's March 19, 2026

---

[7] A trial continuance permitting additional discovery would serve as a reward to Defendant Fred Meyer, as it allows Defendant additional time to further delay any payment to Ms. Lubken for her injuries.

[8] Ulmer Decl., D.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 3  |  No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

order.

The posture of this case leaves Plaintiffs and the Court in a position where there can be no faith that Fred Meyer has complied with its discovery obligations. The Ninth Circuit holds that "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057–58 (9th Cir. 1998). That principle can be no truer than in the case presented here. Plaintiff Jean Lubken suffered injuries from falling because of a defective and unsafe shopping cart. Plaintiffs bring negligence, premises liability, and product liability claims against Fred Meyer and sought in discovery Fred Meyer's knowledge of the unsafe condition of said product. Fred Meyer withheld the identity of its employees with knowledge of those defects and concealed documents recording its receipt of many complaints concerning this unsafe product. The only reason this evidence came to Plaintiffs' and the Court's attention was out of sheer luck that another victim reached out to Ms. Lubken's counsel to inform her about Fred Meyer's discovery misconduct in the parallel case.

Plaintiffs respectfully request that this Court craft an appropriate remedy that neutralizes the insurmountable harm caused by Fred Meyer's belligerent defiance of this Court's order and the rules of discovery. Where a party shows no remorse or concern for the rules of civil procedure, dispositive relief is more than appropriate.

### C.    A Finding of Spoliation is Also Appropriate

Fred Meyer merely asserts in its response that it did not anticipate litigation and asks this Court to assume that preserving evidence would not have assisted Plaintiffs in this case. Neither uncorroborated statement is true.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 4  |  No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

As Plaintiffs already presented in the underlying motion, which Fred Meyer did not deny, the store manager who filled out the incident report on the day of Ms. Lubken's injury testified clearly and unequivocally that she contacted Fred Meyer's insurance carrier on the same day as Ms. Lubken's fall because she anticipated litigation:

Q. Okay. We received a number of documents and videos in this case produced by counsel for Fred Meyer. Did you yourself play a role in obtaining things to produce in this case?

A. The only thing that I did was at the time of the incident, I had the customer fill out the paperwork, and then I sent it into our insurance, Sedgwick…

[…]

Q. Do you remember calling Sedgwick?

A. Yes.

Q. Okay. Did you make a call to Sedgwick after Jean left the store or while she was there?

A. After she left.

[…]

Q. Okay. Did you call Sedgwick after you made a fax of the incident report or before?

A. Before. That's -- I have to call them before to get the claim number. I can't fax it over until I have a claim number.

Q. Okay. So you call Sedgwick, you get a claim number. What other information do you remember relaying in the call?

A. They asked for the basic information from the form.

Q. Okay. And the data -- for your understanding, the -- the date that they inputted in Exhibit 1 here came from information you provided to Sedgwick?

A. Yes.

Q. Okay. And so looking back, page 1, we have the call start date, same date as the incident; right?

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 5 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

A. Yes.

Q. Okay. The claimant, the person, the customer involved in the claim is Jean Lubken; right?

A. Yes.

Q. And you personally spoke with Jean on the day of the incident; correct?

A. Yes.

[…]

Q. Do you know if on that day you were the only person who spoke with a Sedgwick representative?

A. Yes.

[…]

Q. All right. Kind of going down here, it says, "Date reported to Sedgwick: Saturday, December 23, 2023." And so you submitted a personal injury claim the same day; correct?

A. Yes.

[…]

**Q. The reason for notifying Sedgwick of the personal injury claim is anticipation of possible litigation; right?**

**A. Yes.**[9]

The ramifications of the failure to preserve evidence are not "speculative" as suggested

by Fred Meyer as its store manager acknowledged that due to the failure to preserve the cart, it

cannot be proved with certainty whether the wheel was functioning properly:

Q. Okay. And so do you have any idea why the cart or the antilock wheel weren't preserved in addressing Jean's claim?

A. No.

---

[9] Ulmer Decl., Ex. E at 31:12-19, 45:6-46:14, 53:13-15, 59:22-60:2, 93:14-94:2 (emphasis added).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 6 | No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Q. Okay. And the cart she was using or the wheel that may have locked or not, that's gone; right?

A. Yes.

Q. Okay. And so there's no way for any of us to determine if the wheel was functioning properly; right?

A. Right.

Q. Because the wheel is gone; correct?

A. Yes.[10]

Based on the testimony of Fred Meyer's employee who responded to the incident, litigation was anticipated, the evidence was not preserved, and the failure to preserve evidence prevents the parties from determining whether the product was functioning.

"The duty to preserve evidence is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation." *Perez v. Cogburn*, W.D. Wash. No. 2:18-CV-01800-JLR-BAT, 2020 WL 4922219, at *1 (2020) (citing *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011)); see *Silvestri v. General Motors*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."). Courts have found that "gross negligence" to preserve evidence was sufficient to meet the "state of mind" element for a spoliation finding, such as in the case where a court granted a plaintiff's request for an adverse inference instruction where a defendant deleted relevant emails by failing to issue a litigation hold or suspend routine email deletions upon receiving notice of potential

---

[10] *Id*. at 88:19-89:11.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 7  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

litigation. *Perez v. United States Postal Service*, W.D. Wash. No. C12–00315 RSM, 2014 WL 10726125 * 5 (citing *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

Here, there is no question that Fred Meyer (1) had control over the relevant product after Ms. Lubken was injured;[11] (2) anticipated litigation and therefore had an obligation to preserve the evidence; (3) negligently failed to preserve the evidence; and (4) the product was relevant to this product liability case. A finding of spoliation and an adverse inference instruction is warranted, with the specific instructions to be given to be decided at the time of trial.

RESPECTFULLY SUBMITTED this 21st day of May, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 2,087 words in compliance with the Local Rules.*

By _____

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

---

[11] Fred Meyer admits in its response that it decided to place the product back into circulation, presumably after deactivating the wheel lock with the remote control only employees possess, thereby establishing custody over the product. Fred Meyer's employee also testified that she witnessed the cart next to Plaintiff when she responded to the incident. Ulmer Decl., Ex. E at 49:13-23.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 8 | No. 3:24-CV-05811-JCC

**PFAU COCHRAN VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

### CERTIFICATE OF SERVICE

I, **Hannah Grant,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@sheer.law;
shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 21st day of May, 2026.

/s/ Hannah Grant
Hannah Grant

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR ORDER OF CONTEMPT, SPOLIATION, AND
SANCTIONS

Page 9  |  No. 3:24-CV-05811-JCC



**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654