THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEAN LUBKEN, *et al.*,

Plaintiffs,

v.

FRED MEYER STORES, INC., *et al.*,

Defendants.

CASE NO. C24-5811-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for a contempt order as to Defendant Fred Meyer Stores, Inc. (Dkt. No. 43). Having thoroughly considered the briefing and record, the Court GRANTS the motion in part as explained herein.

The Court previously discussed the ongoing discovery issues in this slip and fall case. (*See* Dkt. No. 36.) It will not repeat that information here. In now moving for contempt, Plaintiffs point to Fred Meyer's failure to preserve the shopping cart at issue and to provide complete responses to certain requests for production, despite a prior order to do so. (*See generally* Dkt. No. 43.) Based on this conduct, Plaintiffs ask the Court to enter a spoliation finding and "craft a remedy sufficient to address the extreme prejudice" resulting from Fred Meyer's discovery conduct. (*Id.* at 5.)

As to the first deficiency, spoliation, this is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future

ORDER
C24-5811-JCC
PAGE - 1

litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). Plaintiffs contend that, by not preserving the suspect shopping cart for later inspection, testing, and/or analysis, Fred Meyer engaged in spoliation. (*See* Dkt. No. 43 at 14–15.) When this arises, the Court possesses inherent authority to impose sanctions against the prejudiced party. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Remedies vary but can include "instructing the jury that it may infer that the lost evidence would have been unfavorable to the party accused of destroying it." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). Before the Court imposes such a penalty, though, the party seeking the spoliation finding bears the burden of establishing the following:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (citing cases). Here, the record supports a finding in Plaintiffs' favor on each of the above. Plaintiffs present unrebutted evidence that, shortly after Ms. Lubken's fall, multiple Fred Meyer employees were aware that Ms. Lubken was injured, that the shopping cart's theft deterrence system was a possible (and perhaps likely) cause of the fall, and that the incident may (at a minimum) lead to an insurance claim (and possibly litigation). (*See* Dkt. Nos. 40-1 at 11–12, 16–17; 40-2 at 1–5; 40-3 at 6–9, 12, 15.) Nevertheless, a Fred Meyer employee, who was aware of the above and also knew which cart was involved, made no effort to preserve it (instead allowed it to be returned to the queue of carts). (*See id.*) Given the resulting prejudice from this conduct, *e.g.*, Plaintiffs' inability to examine and/or test the cart to provide direct evidence of proximate cause, (*see* Dkt. No. 47), a spoliation finding and a corresponding sanction is warranted.

As to the second identified discovery deficiency—Fred Meyer's inadequate production as to RFPs 5, 28, and 29: Rule 37(b)(2)(A) provides the Court the authority to impose sanctions,

ORDER
C24-5811-JCC
PAGE - 2

*i.e.*, "just orders," when a party fails to obey a discovery order issued pursuant to Rule 37(a). Resulting sanctions may include, but are not limited to, striking pleadings, dismissing the action in whole or in part, or rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Before considering whether to impose a serious Rule 37(b) sanction, though, the Court must find that Fred Meyer willfully failed to comply with the Court's prior order(s). *See, e.g.*, *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (internal citation and quotation marks omitted). And here, Plaintiff has thoroughly demonstrated such disobedience here. (*See generally* Dkt. Nos. 43 at 6–10, 51 at 3–5.) Thus, the Court is left with no choice but to find such disobedience willful. Frankly, the Court takes particular issue with counsel's attempt to shift blame for its noncompliance with circumstances assertedly beyond their control (relying on the breadth and complexity of Fred Meyer's operations), (*see* Dkt. No. 48-1 at 9), and to their opponent's supposed conduct, suggesting that Plaintiff's counsel was *obliged* to guide Fred Meyer's counsel to incident reports *produced by Fred Meyer* in other cases, (*see* Dkt. No. 48 at 4–5). This is a remarkable contention.

In determining a resulting sanction, the Court considers the following: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice [to the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). Like with the spoliation issue above, the record when applied to the Rule 37(b) factors also warrant(s) a sanction upon Fred Meyer, this time for willfully disobeying the Court's prior order(s). All this said, now that Plaintiff's counsel has independently acquired those reports and also been provided limited discovery on this issue from Fred Meyer (understanding the RFPs sought a broader production in temporal and geographic terms), Plaintiff fails to establish *with*

ORDER
C24-5811-JCC
PAGE - 3

*particularity* the prejudice from Fred Meyer's willful disobedience on this issue. (*See generally* Dkt. No. 43 at 12–13.) Thus, the Court seeks supplemental briefing before considering what, if any, remedy is warranted.

Accordingly, the Court GRANTS in part Plaintiffs' contempt motion (Dkt. No. 43) and ORDERS as follows:

1. The Court will instruct the finder of fact that it can infer Fred Meyer's failure to preserve the cart resulted in lost evidence which, if available, would have been unfavorable to Fred Meyer.

2. As to the Rule 37(b) sanction discussed above, Plaintiff shall file a supplemental brief not to exceed 6 pages (excluding caption and certificate of service) explaining in particularized terms the prejudice from Fred Meyer's failure to timely and completely respond to RFPs 5, 28, and 29 (in light of evidence Plaintiff acquired through other means). That brief is due no later than May 29, 2026. Fred Meyer may file a response brief limited to issues raised in Plaintiff's supplemental brief (and also limited to 6 pages) no later than June 5, 2026.

DATED this 22nd day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-5811-JCC
PAGE - 4