# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiffs,

vs.

FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendants.

NO. 3:24-CV-05811-JCC

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION FOR ORDER OF CONTEMPT, SPOLIATION, AND SANCTIONS**

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' MOTION FOR ORDER OF CONTEMPT, SPOLIATION, AND SANCTIONS

No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

On May 22, 2026, the Court entered an order on Plaintiffs' Motion for Order of Contempt, Spoliation, and Sanctions, finding that Defendant Fred Meyer "willfully disobey[ed] the Court's prior order(s)" compelling production, and requesting supplemental briefing from the parties stating with particularity the prejudice caused by Fred Meyer's failure to timely and completely respond to Plaintiffs' Requests for Production Nos. 5, 28, and 29, which sought production of records regarding any complaints that the subject product caused injuries, records pertaining to any defects with the subject product, or records pertaining to the product not working as intended.  Dkt. 53.

As Plaintiffs pointed out in prior briefing, the withholding of evidence was not limited to injury reports but also maintenance records produced on the discovery cutoff date identifying numerous undisclosed third-party service providers used by Fred Meyer to repair defective and broken carts over the course of the year prior to Ms. Lubken's fall.  Dkt. 52, Ex. C.  Fred Meyer to this day has not produced injury reports relating to the subject product from its fifty other stores located outside of Washington.  The Kroger Co., the corporation which owns Fred Meyer, has likewise not produced injury reports caused by the subject product from its 1,230 stores.[1]

As with most discovery violations, the offending party stands to gain tactical advantages at the time of trial by virtue of depriving the requesting party their ability to prepare their case with the benefit of full and complete discovery, as required under the discovery rules.  The withholding of critical evidence up to the discovery cutoff directly impacts Plaintiffs' prosecution of their claims and benefits Fred Meyer.

---

[1] The Kroger Co.'s store count is displayed on its website.  Website address: https://www.kroger.com/stores/grocery (last accessed May 29, 2026).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 1  |  No. 3:24-CV-05811-JCC



**PFAU COCHRAN VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

As this Court knows, Plaintiffs assert claims of negligence, premises liability, and product liability against Fred Meyer.  In a premises liability action involving a business invitee like Ms. Lubken, a property owner owes an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition.  *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 875 P.2d 621 (1994)).  The duty to exercise reasonable care to protect invitees from harm is triggered upon the invitee's showing that the property owner had actual or constructive knowledge of the hazardous condition.  *O'Donnell v. Zupan Enters., Inc.*, 107 Wn. App. 854, 858, 28 P.3d 799, 801 (2001).

The withheld evidence goes directly to Fred Meyer's actual or constructive knowledge regarding a dangerous condition posed by its cart-locking system.  See *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692, 698 (1984) (evidence of similar prior accidents is admissible to show a dangerous condition and notice where the accidents are substantially similar)).  Withholding this evidence until the close of discovery (and only revealing it after caught in the act of concealing critical evidence) rewards Fred Meyer by: preventing Plaintiffs from having deposed Fred Meyer employees with personal knowledge regarding the documented injury incidents; prevented discovery into internal communications within the company regarding reported complaints and whether the store acknowledged the dangerous condition or considered remedies to the hazard posed; and prevented depositions of Fred Meyer's maintenance vendors concerning the nature of the defects being repaired by the vendors.  Fred Meyer's disregard for this Court's prior orders and the obligation imposed by the rules of discovery provides tremendous benefits to it at the expense of the Plaintiffs, which this Court must remedy by fashioning a suitable sanction.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 2  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

The prejudice is equally applicable with respect to Plaintiffs' product claims. Under RCW 7.72.040(1), a product seller is liable to the claimant if the claimant's harm was proximately caused by the negligence of the product seller. Under RCW 7.72.010(1), a "product seller" is "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption" and "includes a manufacturer, wholesaler, distributor, **or retailer of the relevant product**" including "a party who is in the business of **leasing or bailing** such products." (Emphasis added). By definition, "product seller" includes any company that is "in the business of leasing" a product which gives rise to the product liability claim. *Bostwick v. Ballard Marine, Inc.*, 127 Wn. App. 762, 767, 112 P.3d 571, 574 (2005).[2] "A bailment is '[a] delivery of personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose.'" *Smith v. Nsejjere*, 8 Wn. App. 2d 1044, *review denied*, 193 Wn. 2d 1041, 449 P.3d 656 (2019), *and cert. denied*, 140 S. Ct. 1267, 206 L. Ed. 2d 256 (2020) (quoting Black's Law Dictionary (10th ed. 2014)). A bailor-bailee relationship is formed in a variety of instances, including an automobile dealer (bailor) letting a prospective purchaser (bailee) test out a vehicle, *Hamp v. Universal Auto Co.*, 173 Wn. 585, 587, 24 P.2d 77, 78 (1933), or a skiing company renting ski and other recreational equipment to customers, *Lunt v. Mount Spokane Skiing Corp.*, 62 Wn. App. 353, 358, 814 P.2d 1189, 1192 (1991).

Under Washington's Product Liability Act, Fred Meyer is liable for its negligence in the bailment – or in other words the temporary transfer of personal property or goods to

---

[2] See *Samuel Friedland Family Enterprises v. Amoroso*, 630 So.2d 1067 (1994) (business viewed as a lessor where a waterfront hotel rented out space specifically for the purpose of establishing a sailboat rental stand and actively marketed the rentals to guests).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 3 | No. 3:24-CV-05811-JCC

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

customers for use while shopping – of dangerous carts modified with Gatekeeper's cart-locking system, as well as for its negligent maintenance of that system which impacts the performance of the product. The withholding of maintenance records until the final day of discovery precluded Plaintiffs from obtaining further discovery into the defects identified by the numerous vendors hired by Fred Meyer the year prior to Ms. Lubken's fall. There is no question that the withheld evidence would have led to the discovery of admissible evidence relevant to Plaintiffs' product claims had Fred Meyer complied with its discovery obligations. Likewise, had incident reports not been withheld until the close of discovery, Plaintiffs could have deposed employees of the Defendant with firsthand knowledge about the dangerous condition of the product giving rise to the many reported fall incidents.

The relief provided by the Court for Defendant's willful violation of the discovery rules and this Court's orders should serve both to deter future misconduct and remedy the prejudice. The primary purpose of sanctions is to deter subsequent abuses. *Matter of Yagman*, 796 F.2d 1165, 1182 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986). "Overall, sanctions imposed under Rule 37 should deter the [disobedient party's] conduct, and remedy any prejudice it caused the [obedient party]." *S. Cal. Stroke Rehab. Assocs. v. Nautilus*, No. 09cv744 JLS (AJB), 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010) (citing *Pioneer Drive, LLC. v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009)); see also *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (sanctions are available for a court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 4 | No. 3:24-CV-05811-JCC



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Here, the nature of Fred Meyer's past and ongoing violations makes certain that Plaintiffs and the Court can have no faith that there is not more critical evidence yet produced by Defendant. The Ninth Circuit holds that "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057–58 (9th Cir. 1998). The record presented makes such relief appropriate here.

An alternative remedy would be additional adverse-inference jury instruction separate from the spoliation instruction which the Court likewise deemed appropriate based on the record in this case. For example, in *Michael Vandivere, et al. v. Vertical World, Inc. and C3 Manufacturing, LLC*, King County Cause No. 19-2-27385-2 SEA, the undersigned counsel represented a plaintiff injured by a product and subsequently brought claims under the WPLA against a gym and manufacturer. As a result of the manufacturer's concealment of records pertaining to alleged fraud by the manufacturer relating to the subject product, the trial court awarded (in addition to monetary sanctions for the fees and costs incurred) Plaintiffs' request for adverse-inference jury instructions to be provided at the commencement of the trial, to be drafted by Plaintiffs at a later date.[3] The trial court's sanction order was affirmed on appeal. *Vandivere v. Vertical World, Inc.*, 33 Wn. App.2d 1017 (2024).

Both case-dispositive relief and adverse-inference instructions to be provided to the jury (to be offered by Plaintiffs at the time of trial) are appropriate remedies to serve the purpose of deterring future misconduct and to remedy the grave prejudice dealt to Plaintiffs.

//

---

[3] See Ulmer Decl., Ex. 1.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 5 | No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

RESPECTFULLY SUBMITTED this 29th day of May, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

*I certify that this memorandum contains 1,505 words in compliance with the Local Rules.*

By

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 6 | No. 3:24-CV-05811-JCC

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Hannah Grant,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@sheer.law;
shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 29th day of May, 2026.

/s/ Hannah Grant
Hannah Grant

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFFS' MOTION FOR ORDER
OF CONTEMPT, SPOLIATION, AND SANCTIONS

Page 7  |  No. 3:24-CV-05811-JCC



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654