# EXHIBIT "F"

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 14 2025 1:07 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 25-2-07770-1

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| LINDA LAROCQUE,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., a foreign corporation doing business in Washington state; and, FRED MEYER STORES, INC., a foreign corporation doing business in Washington state, a/k/a TACOMA-STEVENS FRED MEYER,<br><br>Defendants. | NO. 25-2-07770-1<br><br>COMPLAINT |

Plaintiff Linda LaRocque alleges the following:

## I. PARTIES

1. Plaintiff Linda LaRocque is a resident of Pierce County, Washington.

2. Defendant The Kroger Co., ("Kroger") is a corporation with headquarters located in Cincinnati, Ohio, but with stores across Washington state, including Fred Meyer.

3. Defendant Fred Meyer Stores., Inc., ("Fred Meyer") is a corporation with headquarters located in Cincinnati, Ohio, but with stores across Washington state,



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

including its store located at 4505 S. 19th Street, Tacoma, WA 98405, also known as the Tacoma-Stevens Fred Meyer.

## II. BACKGROUND

4. On May 6, 2023, at approximately 3:00 p.m., Plaintiff Linda LaRocque and her husband went to Fred Meyer located at 4505 S. 19th Street, Tacoma, WA 98405.

5. Ms. LaRocque retrieved a Fred Meyer shopping cart from the front of the store, inside near the entryway, and used it while shopping in the store.

6. The item Ms. Larocque intended to purchase, a magnesium supplement, was not available. Ms. Larocque and her husband left the store without purchasing any items.

7. Ms. Larocque proceeded to exit the store without passing through the checkout area.

8. Upon exiting through the doors, the anti-theft mechanism on the shopping cart caused the wheels on the cart to lock up.

9. There were no signs warning customers that the shopping carts had an anti-theft mechanism or that the shopping carts wheels would lock up if Ms. Larocque walked through an invisible perimeter.

10. Ms. LaRocque later learned from a store employee that the anti-theft mechanism was triggered because she did not go through the checkout.

11. When the shopping cart wheels locked, the cart suddenly stopped and Ms. LaRocque's left knee struck the back of the cart.

12. Ms. LaRocque had total left knee replacement surgery on February 8, 2023. It was the same knee that struck the back of the shopping cart on May 6, 2023.



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

13. Ms. LaRocque was in constant pain following the injury from the shopping cart. Ms. LaRocque was seen by Alexendria Bones PA-C on May 9, 2023, during which she explained the shopping cart incident and her symptoms.

14. After the appointment, Ms. LaRocque was referred to physical therapy.

15. On June 22, 2023, imaging studies were done on her knee which demonstrated that her patella shifted when her knee came into contact with the shopping cart ,thus requiring a second surgery.

16. Dr. W. Frederick Thompson, MD, the orthopedic surgeon who performed Ms. LaRocque's first total knee replacement, noted during Ms. LaRocque's Pre-Op Evaluation for her second surgery, that Ms. LaRocque had been healing uneventfully, but then the incident with the shopping cart occurred and ruptured her patella tendon..

17. Ms. Larocque underwent a left knee repair of infrapatellar tendon without graft on June 26, 2023 due to the injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

18. Ms. LaRocque underwent a third knee surgery on December 4, 2023, including removal and replacement of the original knee hardware, due to injuries caused by Fred Meyer shopping cart locking up and striking her left knee.

## III. FIRST CAUSE OF ACTION: NEGLIGENCE

19. Defendants had a duty to protect the safety of their customers.

20. Defendants had a duty to inspect and maintain their property to ensure the safety of their customers.

21. Defendants had a duty to warn and give notice of dangerous conditions to customers on their property.



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

22. Defendants had a duty to remedy known dangerous conditions on their property.

23. Defendants breached their duties and their negligence was a cause in fact of Ms. LaRocque's injuries.

24. Defendants had actual and constructive notice of the unsafe condition: that the shopping carts could unexpectedly lock without warning to customers and guests.

*25.* In the alternative, the nature of Defendants' business and its methods of operation are such that the existence of the unsafe condition on its premises was reasonably foreseeable. See *Galassi v. Lowe's Home Centers, LLC,* 565 P.3d 116 (Washington Supreme Court Slip Opinion, March 13, 2025).

26. As a direct and proximate result of Defendants' breach of their duties, Ms. LaRocque suffered damages in an amount to be proven at time of trial.

27. Defendants' wrongful actions are the proximate cause of Ms. LaRocque's damages, including past and future medical bills, wage loss, pain and suffering, disability, disfigurement, loss of enjoyment of life, anxiety, emotional distress, and other damages to be proven at trial.

28. Ms. LaRocque has suffered, and will continue to suffer, economic and emotional harm as a result of Defendants' wrongful actions.

WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

1. That judgment be entered in Plaintiff's favor compensating Plaintiff for her injuries and damages, including both special and general damages.

2. That the judgment includes statutory attorney fees and costs.

3. For prejudgment interest on all liquidated damages.



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

4. For such other relief as may be just and equitable.

Dated this 14th day of April 2025.

GORDON THOMAS HONEYWELL LLP

By ______________________________

Robert C. Wilke, WSBA No. 49937
rwilke@gth-law.com
Ian M. Leifer, WSBA No. 56670
ileifer@gth-law.com
Attorneys for Plaintiff



LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565