**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>FRED MEYER STORES, INC., an Ohio corporation doing business in the State of Washington; THE KROGER CO., an Ohio corporation doing business in the State of Washington; GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,<br><br>Defendants. | NO. 3:24-CV-05811-JCC<br><br>**STIPULATED MOTIONS *IN LIMINE***<br><br>**TRIAL DATE: SEPTEMBER 14, 2026** |

## I. INTRODUCTION

Pursuant to the Civil Trial Scheduling Order and Court's Chambers Procedures, the Parties hereby submit this joint memorandum containing each party's set of stipulated motions *in limine*. The parties shall separately file a contemporaneous set of motions *in limine* containing the parties' disputed sets of motions *in limine*.

## II. STIPULATED MOTIONS *IN LIMINE*

Motions *in limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). This avoids situations in which the bell cannot be "unrung" after jurors have seen or heard inadmissible evidence before it was held to be inadmissible. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir.2003) (quoting *Kelly v. New W. Fed. Sav.*, 49 Cal.App.4th 659, 669, 56 Cal.Rptr.2d 803 (2d Dist. 1996)). Motions *in limine* also save time by allowing the court to rule on evidentiary disputes in advance, which minimizes side-bar conferences and other disruptions at trial. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.2002). Also, motions *in limine* are consistent with FRE 104(c), which requires that preliminary matters be held out of the hearing of the jury.

1. **<u>Preclude opinion and argument that a box protrusion caused the subject fall.</u>**

The parties stipulate that there will be no evidence or argument that a protruding box caused the subject fall.

2. **<u>Evidence regarding any party's financial condition or status.</u>**

The parties stipulate to not discuss any parties' financial status.

3. **<u>Attacks on opposing counsel.</u>**

The parties stipulate to not make any argument or elicit any evidence that attempts to try the lawyers, rather than the facts of the case. This includes the nature of the retention of counsel and any advertising or wealth of the attorneys.

4. **<u>Failure to mitigate damages.</u>**

The parties stipulate to not present evidence or argument that Plaintiffs failed to mitigate their damages.

5. **Settlement negotiations**

The parties stipulate to not present evidence or argument about settlement negotiations or offers of compromise, or reference that any party refused to settle.

6. **Collateral source evidence**

The parties stipulate to not present evidence or argument about collateral sources of payment, including whether insurance, Medicare, or Medicaid paid Plaintiffs' medical bills or whether Plaintiffs receive such benefits.

7. **Effect on insurance or tax rates**

The parties stipulate to not present evidence or argument about whether lawsuits (or this case) impacts insurance premiums or taxes.

8. **Notification to call a witness**

The parties stipulate to notifying the others of witnesses to be called the following day.

9. **Witnesses not called**

The parties stipulate to not present evidence or argument about the fact that a party decided not to call a witness.

10. **Taxation**

The parties stipulate to not present evidence or argument about whether a judgment will be subject to taxation.

**11. Insurance Coverage**

The parties stipulate that they will not present evidence or argument regarding the existence or absence of liability insurance or amounts thereof.

///

///

///

RESPECTFULLY SUBMITTED this 4th day of September, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

By ______________________________
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, **Andrew S. Ulmer,** hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

Jennifer L. Crow
Ahbra Franco
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@sheer.law; shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 4th day of September, 2026.

Andrew S. Ulmer