# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,

Plaintiffs,

vs.

GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,

Defendant.

NO. 3:24-CV-05811-JCC

**PROPOSED JOINT JURY INSTRUCTIONS (SUPPLEMENTAL)**

Plaintiffs submit the following proposed joint instructions to be given to the jury in this matter.

| INSTRUCTION NO. | INSTRUCTION DESCRIPTION | CITATION |
|---|---|---|
| 1. | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Circuit Model Civil Jury Instructions, 1.4. |
| 2. | Claims and Defenses | 9th Circuit Model Civil Jury Instructions, 1.5 (Modified). |
| 3. | Burden of Proof – Preponderance of the Evidence | 9th Circuit Model Civil Jury Instructions, 1.6. |
| 4. | Two or More Parties – Different Legal Rights | 9th Circuit Model Civil Jury Instructions, 1.8. |
| 5. | What is Evidence | 9th Circuit Model Civil Jury Instructions, 1.9. |
| 6. | What is Not Evidence | 9th Circuit Model Civil Jury Instructions, 1.10. |
| 7. | Direct and Circumstantial Evidence | 9th Circuit Model Civil Jury Instructions, 1.12. |
| 8. | Ruling on Objections | 9th Circuit Model Civil Jury Instructions, 1.13. |
| 9. | Credibility of Witnesses | 9th Circuit Model Civil Jury Instructions, 1.14. |
| 10. | Conduct of the Jury | 9th Circuit Model Civil Jury Instructions, 1.15. |
| 11. | Publicity During Trial | 9th Circuit Model Civil Jury Instructions, 1.16. |
| 12. | Expert Opinion | 9th Circuit Model Civil Jury Instructions, 2.13. |
| 13. | Duty to Deliberate | 9th Circuit Model Civil Jury Instructions, 3.1. |
| 14. | Consideration of Evidence – Conduct of the Jury | 9th Circuit Model Civil Jury Instructions, 3.2. |
| 15. | Return of Verdict | 9th Circuit Model Civil Jury Instructions, 3.5. |
| 16. | Corporations and Partnerships – Fair Treatment | 9th Circuit Model Civil Jury Instructions, 4.1. |
| 17. | Liability of Corporations – Scope of Authority Not in Issue | 9th Circuit Model Civil Jury Instructions, 4.2. |
| 18. | Negligence and Ordinary Care – Adult – Definition | WPI 10.01, 10.02. |
| 19. | Proximate Cause—Definition | WPI 15.01. |

| | | |
|---|---|---|
| 20. | Seller – Manufacturer – Defined | WPI 110.04; RCW 7.72.040. |
| 21. | Manufacturer's Duty—Defect in Construction | WPI 10.01. |
| 22. | Manufacturer's Duty—Express Warranties | WPI 110.01.01. |
| 23. | Manufacturer's Duty—Design | WPI 110.02. |
| 24. | Manufacturer's Duty to Provide Warnings or Instructions With Product | WPI 110.03. |
| 25. | Manufacturer's Duty to Provide Warnings or Instructions After the Product Was Manufactured | WPI 110.03.01. |
| 26. | Burden of Proof— Defect in Construction, Warranties, Design, Duty to Provide Warnings With Product, Duty to Provide Warnings After the Product Was Manufactured —No Affirmative Defense | WPI 110.20, 110.20.01, 110.21, 110.21.01, 110.22, 110.22.01. |
| 27. | Assumption of Risk – Contributory Negligence | WPI 110.10. |
| 28. | Duty of Business Proprietor to Customer—Activities or Condition of Premises | WPI 120.06.01. |
| 29. | Business or Public Invitee—Definition | WPI 120.05. |
| 30. | Damages – Proof and Measures of Types of Damages | 9th Circuit Model Civil Jury Instructions, 5.1, 5.2; WPI 32.04. |
| 31. | Damages Arising in the Future – Discount to Present Cash Value | 9th Circuit Model Civil Jury Instructions, 5.4. |

DATED THIS 13th day of September, 2026.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

By */s/ Darrell L. Cochran*
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227

909 A Street, Suite 700
Tacoma, WA 98402
Main: (253) 777-0799
Fax: (253) 627-0654
E-mail: darrell@pcvalaw.com
aulmer@pcvalaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Andrew S. Ulmer, hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via ECF by directing delivery to the following individuals:

Jennifer L. Crow
Sarah Kay Zaleski Campbell
Sheer Law, PLLC
2101 Fourth Ave, Suite 830
Seattle, WA 98121
Jen@scheer.law; ahbraf@scheer.law; josephm@sheer.law; shiloha@scheer.law

***Counsel for Defendant Fred Meyer Stores, Inc. and The Kroger Co.***

Scott La Salle
The Aguilera Group, APLC
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
slasalle@aguileragroup.com

***Counsel for Defendant Gatekeeper Systems, Inc.***

DATED this 13th day of September, 2026.

/s/ Andrew S. Ulmer
Andrew S. Ulmer

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JEAN LUBKEN and WILLIAM LUBKEN, husband and wife and their marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>GATEKEEPER SYSTEMS, INC., a California corporation doing business in the State of Washington,<br><br>Defendant. | NO. 3:24-CV-05811-JCC<br><br>**COURT'S INSTRUCTION TO THE JURY** |

The Court provides the following instructions to the jury.

Dated this __day of _______________, 2026.

_________________________________________
THE HONORABLE JOHN C. COUGHENOUR

**Proposed Instruction No. 1**

**Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

9th Circuit Model Civil Jury Instructions, 1.4.

**Proposed Instruction No. 2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that Defendant Gatekeeper Systems, Inc., as a product manufacturer, is liable in one or more of the following respects:

- It failed to supply a product that was reasonably safe in construction;
- It failed to design a product that was reasonably safe as designed;
- It failed to supply a product that was reasonably safe because adequate warnings or instructions were not provided with the product;
- It failed to supply a product that was reasonably safe because adequate warnings were not provided to product users after the product was manufactured.

The plaintiffs claim that the unsafe condition of the defendant's product was a proximate cause of injuries and damage to plaintiffs. The plaintiffs have the burden of proving these claims.

The defendant denies these claims. The defendant further denies the nature and extent of the claimed injuries and damage.

9th Circuit Model Civil Jury Instructions, 1.5 (Modified).

**Proposed Instruction No. 3**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Circuit Model Civil Jury Instructions, 1.6.

**Instruction No. 4**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

9th Circuit Model Civil Jury Instructions, 1.8.

**Proposed Instruction No. 5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

9th Circuit Model Civil Jury Instructions, 1.9.

**Proposed Instruction No. 6**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Circuit Model Civil Jury Instructions, 1.10.

**Proposed Instruction No. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Circuit Model Civil Jury Instructions, 1.12.

**Proposed Instruction No. 8**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

9th Circuit Model Civil Jury Instructions, 1.13.

**Proposed Instruction No. 9**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9th Circuit Model Civil Jury Instructions, 1.14.

**Proposed Instruction No. 10**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries,

searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

9th Circuit Model Civil Jury Instructions, 1.15.

**Proposed Instruction No. 11**

**Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

9th Circuit Model Civil Jury Instructions, 1.16.

**Proposed Instruction No. 12**

**Expert Opinion**

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

9th Circuit Model Civil Jury Instructions, 2.14 (Modified).

**Proposed Instruction No. 13**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Circuit Model Civil Jury Instructions, 3.1.

**Proposed Instruction No. 14**

**Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Circuit Model Civil Jury Instructions, 3.2.

**Proposed Instruction No. 15**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

9th Circuit Model Civil Jury Instructions, 3.5.

## Proposed Instruction No. 16

## Corporations and Partnerships – Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

9th Circuit Model Civil Jury Instructions, 4.1.

**Proposed Instruction No. 17**

**Liability of Corporations – Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

9th Circuit Model Civil Jury Instructions, 4.2.

**Proposed Instruction No. 18**

**Negligence and Ordinary Care – Adult – Definition**

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

WPI 10.01, 10.02.

**Proposed Instruction No. 19**

**Proximate Cause—Definition**

The term "proximate cause" means a cause which in a direct sequence produces the injury or event complained of and without which such injury or event would not have happened.

There may be more than one proximate cause of an injury or event.

WPI 15.01.

**Proposed Instruction No. 20**

**Seller – Manufacturer – Defined**

The defendant Gatekeeper Systems, Inc. is a “manufacturer” and “product seller” of the anti-theft wheel.

A “product seller” is any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use and consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products.

“Manufacturer” includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer. The term also includes a product seller, distributor, or other entity not otherwise a manufacturer who an ordinary, reasonable consumer would understand from the entity's representations was a manufacturer.

A product seller other than a manufacturer is liable to the plaintiffs for product liability only if the plaintiff’s harm was proximately caused by:

(a) The negligence of such product seller; or

(b) Breach of an express warranty made by such product seller; or

(c) The intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.

WPI 110.04; RCW 7.72.040.

**Proposed Instruction No. 21**

**Manufacturer's Duty—Defect in Construction**

A manufacturer has a duty to supply products that are reasonably safe in construction.

There are two tests for determining whether a product is not reasonably safe in construction. The plaintiff may prove that the product was not reasonably safe in construction using either of these two tests.

The first test is whether, when the product left the control of the manufacturer, the product deviated in some material way from the design specifications or performance standards of the manufacturer, or deviated in some material way from otherwise identical units in the same product line.

The second test is whether the product is unsafe to an extent beyond that which would be contemplated by the ordinary user. In determining what an ordinary user would reasonably expect, you should consider the following:

(1) the relative cost of the product;

(2) the seriousness of the potential harm from the claimed defect;

(3) the cost and feasibility of eliminating or minimizing the risk; and

(4) such other factors as the nature of the product and the claimed defect indicate are appropriate.

If you find that the product was not reasonably safe in construction and this was a proximate cause of the plaintiff's injury or damage , then the manufacturer is subject to liability.

WPI 10.01.

**Proposed Instruction No. 22**

**Manufacturer's Duty—Express Warranties**

A manufacturer has a duty to supply products that are reasonably safe. A product may be not reasonably safe because it does not conform to the manufacturer's express warranty.

A product is not reasonably safe because it did not conform to the manufacturer's express warranty, if:

(1) the warranty is made part of the basis of the bargain;

(2) the warranty relates to a material fact or facts concerning the product; and

(3) the warranty turns out to be untrue.

If you find that the product was not reasonably safe because the product did not conform to the manufacturer's express warranty, and that this was a proximate cause of the plaintiff's injury or damage, then the manufacturer is subject to liability.

WPI 110.01.01.

**Proposed Instruction No. 23**

**Manufacturer's Duty—Design**

A manufacturer has a duty to design products that are reasonably safe as designed.

There are two tests for determining whether a product is not reasonably safe as designed. The plaintiff may prove that the product was not reasonably safe at the time it left the manufacturer's control using either of these two tests.

The first test is a balancing test. Under that test, you should determine whether, at the time the product was manufactured:

the likelihood that the product would cause injury or damage similar to that claimed by the plaintiff, and the seriousness of such injury or damage, was outweighed by the burden on the manufacturer to design a product that would have prevented the injury or damage, and the adverse effect that a practical and feasible alternative design would have on the usefulness of the product.

The second test is whether the product is unsafe to an extent beyond that which would be contemplated by the ordinary user. In determining what an ordinary user would reasonably expect, you should consider the following:

(1) the relative cost of the product;

(2) the seriousness of the potential harm from the claimed defect;

(3) the cost and feasibility of eliminating or minimizing the risk; and

(4) such other factors as the nature of the product and the claimed defect indicate are appropriate.

A product can be “not reasonably safe” even though the risk that it would cause the plaintiff's harm or similar harms was not foreseeable by the manufacturer at the time the product left the manufacturer's control.

If you find that the product was not reasonably safe as designed at the time it left the manufacturer's control and this was a proximate cause of the plaintiff's injury or damage, then the manufacturer is subject to liability.

WPI 110.02.

**Proposed Instruction No. 24**

**Manufacturer's Duty to Provide Warnings or Instructions With Product**

A manufacturer has a duty to supply products that are reasonably safe.

A product may be not reasonably safe because adequate warnings or instructions were not provided with the product.

There are two tests for determining whether a product is not reasonably safe because adequate warnings or instructions were not provided with the product. The plaintiff may prove that the product was not reasonably safe because adequate warnings or instructions were not provided with the product using either of these two tests.

The first test is whether, at the time of manufacture:

(1) the likelihood that the product would cause injury or damage similar to that claimed by the plaintiff, and the seriousness of such injury or damage, rendered the warnings or instructions of the manufacturer inadequate; and

(2) the manufacturer could have provided adequate warning or instructions.

The second test is whether the product is unsafe to an extent beyond that which would be contemplated by an ordinary user. In determining what an ordinary user would reasonably expect, you should consider the following:

(1) the relative cost of the product;

(2) the seriousness of the potential harm from the claimed defect;

(3) the cost and feasibility of eliminating or minimizing the risk; and

(4) such other factors as the nature of the product and the claimed defect indicate are appropriate

A product can be “not reasonably safe” even though the risk that it would cause the plaintiff's harm or similar harms was not foreseeable by the manufacturer at the time the product left the manufacturer's control.

If you find that the product was not reasonably safe because adequate warnings or instructions were not provided with the product and this was a proximate cause of the plaintiff's injury or damage, then the manufacturer is subject to liability.

WPI 110.03.

**Proposed Instruction No. 25**

**Manufacturer's Duty to Provide Warnings or Instructions After the Product Was Manufactured**

A manufacturer has a duty to supply products that are reasonably safe.

A product may be not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured.

A product is not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured if:

(1) A manufacturer learned, or if a reasonably prudent manufacturer should have learned, about a danger connected with the product after it was manufactured;

(2) Without adequate warnings or instructions, the product was unsafe to an extent beyond that which would be contemplated by an ordinary user; and

(3) The manufacturer failed to issue warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances.

The duty to issue warnings or instructions is satisfied if the manufacturer exercises reasonable care to inform product users.

In determining whether a product was unsafe to an extent beyond that which would be contemplated by an ordinary user, you should consider the following:

(1) the relative cost of the product;

(2) the seriousness of the potential harm from the claimed defect;

(3) the cost and feasibility of eliminating or minimizing the risk; and

(4) such other factors as the nature of the product and the claimed defect indicate are appropriate.

If you find the product was not reasonably safe because the manufacturer did not provide adequate warnings or instructions after the product was manufactured and this was a proximate cause of the plaintiff's injury or damage, then the manufacturer is subject to liability.

WPI 110.03.01

**Proposed Instruction No. 26**

**Burden of Proof—Defect in Construction, Warranties, Design, Duty to Provide Warnings With Product, Duty to Provide Warnings After the Product Was Manufactured—No Affirmative Defense**

The plaintiffs have the burden of proving each of the following propositions:

First, that defendant Gatekeeper Systems, Inc.:

- supplied a product that was not reasonably safe in construction at the time the product left the defendant's control; or
- supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty; or
- supplied a product that was not reasonably safe as designed at the time the product left the defendant's control; or
- supplied a product that was not reasonably safe because adequate warnings or instructions were not provided with the product; or
- was negligent in that the product was not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured;

Second, that the plaintiff was injured; and

Third, that the unsafe condition of the product was a proximate cause of the plaintiff's injury or damage.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant.

WPI 110.20, 110.20.01, 110.21, 110.21.01, 110.22, 110.22.01.

**Proposed Instruction No. 27**

**Assumption of Risk – Contributory Negligence**

Assumption of risk occurs when a person knows a specific risk associated with using a product, understands the nature of the risk, voluntarily chooses to accept the risk by using the product, and impliedly consents to relieve the defendant a duty of care owed to the person in relation to the specific risk.

Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage complained of.

If you find assumption of risk or contributory fault by the plaintiff Jean Lubken, you must determine the degree, expressed as a percentage, to which plaintiff's assumption or risk and contributory negligence contributed to the claimed injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

WPI 110.10.

**Proposed Instruction No. 28**

**Duty of Business Proprietor to Customer—Activities or Condition of Premises**

The operator of a business owes to a person who has an express or implied invitation to come upon the premises in connection with that business a duty to exercise ordinary care for the person's safety. This includes the exercise of ordinary care to maintain in a reasonably safe condition those portions of the premises that such person is expressly or impliedly invited to use or might reasonably be expected to use.

WPI 120.06.01.

**Proposed Instruction No. 29**

**Business or Public Invitee—Definition**

A business or public invitee is a person who is either expressly or impliedly invited onto the premises of another for some purpose connected with a business interest or business benefit to the owner occupier or for some purpose for which the premises are held open to the public.

WPI 120.05.

**Proposed Instruction No. 30**

**Damages – Proof and Measures of Types of Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant or defendants.

In determining the measure of damages, you should consider the following:

- The nature and extent of the injuries;
- The disability, disfigurement, loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
- The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;
- The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost up to the present time;
- The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities that with reasonable probability will be lost in the future;
- The reasonable value of necessary household help, services other than medical, and expenses required up to the present time;

- The reasonable value of necessary household help, services other than medical, and expenses that with reasonable probability will be required in the future;
- Loss to the plaintiff husband of the consortium of his wife. The term “consortium” means the fellowship of husband and wife and the right of one spouse to the company, cooperation, and aid of the other in the matrimonial relationship. It includes emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from one spouse to the other.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

9th Circuit Model Civil Jury Instructions, 5.1, 5.2; WPI 32.04.

**Proposed Instruction No. 31**

**Damages Arising in the Future – Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability, and disfigurement damages are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

9th Circuit Model Civil Jury Instructions, 5.4.

**Proposed Instruction No. 32**

**Punitive Damages, Burden of Proof – Clear and Convincing Evidence**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

9th Circuit Model Civil Jury Instructions, 5.5, 1.7.